IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:21-cv-1160
L.T. No.: 16-2002-CF-6549

**TAKOYA DOMINIC CRINER,**

       Petitioner,

vs.

**SECRETARY**,
Department of Corrections,
State of Florida,

       Respondent.
_____/

**UNOPPOSED MOTION FOR LEAVE
TO FILE AMENDED HABEAS PETITION**

**COMES NOW**, Petitioner, **TAKOYA CRINER**, by and through undersigned counsel, and pursuant to FRCP 15, moves this Court for leave to file an Amended Petition and Memorandum of Law, and asserts as follows:

1. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year time limit for applications for writ of habeas corpus by a person in custody pursuant to the judgment of state court. 28 U.S.C. § 2244(d)(1).

2. Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 in the United States District Courts. *See* Rules Governing Section 2254 Cases in the United States District Courts. Habeas

petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* R. 12 Rules Governing Section 2254 Cases in the United States District Court (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings).

3. FRCP 15 allows a party to amend a pleading as a matter of course within 21 days after serving it, or if a response is required, within 21 days after a responsive pleading. FRCP 15(a)(1). FRCP 15(a)(2) states that an amendment also may be made at any time with the court's leave, and that the court "should freely give leave when justice so requires."

4. Undersigned filed a habeas petition on November 19, 2021, the day that his postconviction appeal in state court concluded, to attempt to comply with the AEPDA time requirements under 28 U.S.C. 2244 under the doctrine of equitable tolling.

5. A petition for habeas corpus relief filed under 28 USC 2254 must be accompanied by an oath of the petitioner.

6. However, because Mr. Criner's current place of incarceration is located in Lake City, Florida, and counsel currently resides in Geneva, Illinois, counsel was unable to secure Mr. Criner's required oath with sufficient haste to attach

it to the November 19, 2021 habeas petition. Along with his habeas petition, Mr. Criner filed a notice of intent to file an amended habeas petition with Mr. Criner's oath attached.

7. Mr. Criner has now read and approved of the petition, and undersigned counsel received his client's signed oath in the mail over the preceding weekend.

8. Undersigned counsel is filing as an exhibit to this motion the proposed amended petition with the required oath.

9. Undersigned counsel certifies that he has consulted via telephone with the Florida Attorney General's Office, counsel for the Respondent. The Respondent has no objection to the relief request in this motion.

Dated Thursday, December 14, 2021.

Respectfully submitted,

/s/ Joe Hamrick_____
**JOE HAMRICK, ESQ.**
Fla. Bar No. 47049
1999 West Downer Place
Aurora, IL 60134
 (630) 897-8764
jhamrick@dreyerfoote.com
Attorney for Petitioner

3

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I consulted via telephone with the Florida Attorney General's Office, counsel for the Respondent. The Respondent has no objection to the relief request in this motion.

/s/ Joe Hamrick
**ATTORNEY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this motion was e-mailed to the Florida Attorney General's Office at crimapptlh@myfloridalegal.com and electronically filed via CM/ECF on December 14, 2021, effecting service on Respondent's counsel with the Florida Attorney General's Office.

/s/ Joe Hamrick
**ATTORNEY**