**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TAKOYA DOMINIC CRINER,

Petitioner,

V.                                                    CASE NO.: 3:21-cv-1160-TJC-LLL

SEC., FLA. DEPARTMENT
OFCORRECTIONS, (**FDC**),

Respondent.

# FDC EXHIBIT 10

**- ROA - VOL 1 - p. i - thru 134 -**
**- 1D05-3139 -DIRECT APPEAL -**

# IN THE

# DISTRICT COURT OF APPEAL

## OF FLORIDA

# FIRST DISTRICT

TOKOYA DOMINIC CRINER

vs.

Appellant_____

STATE OF FLORIDA

Appellee_____

# RECORD ON APPEAL

## APPEAL NO. 2005-3139   VOLUME I OF XI

Appeal From the Circuit Court
Duval, County, Florida

PETER L. DEARING_____ , Judge,

PUBLIC DEFENDER_____
For Appellant

ATTORNEY GENERAL_____
For Appellee

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

TAKOYA DOMINC CRINER

CASE NO:    16-2002-CF-6549-AXXX-MA
CR-D

vs                                            APPELLANT

APPEAL NO:    2005-3139

STATE OF FLORIDA

APPELLEE

| INSTRUMENT / INDEX | DATE FILED | PAGE |
|---|---|---|

### VOLUME I

| INSTRUMENT | DATE FILED | PAGE |
|---|---|---|
| ARREST AND BOOKING REPORT | 05/27/02 | 0001 – 0004 |
| STATE OF FLORIDA'S MOTION TO SET BOND | 05/28/02 | 0005 |
| FINDING OF PROBABLE CAUSE TO DETAIN | 05/28/02 | 0006 |
| APPLICATION FOR PUBLIC DEFENDER & AFFIDAVID OF INSOLVENCY | 05/28/02 | 0007 |
| DEFT'S INVOCATION OF CONSTITUTIONAL RIGHTS | 05/28/02 | 0008 |
| FELONY INFORMATION SHEET | 06/14/02 | 0009 |
| INFORMATION | 06/14/02 | 0010 – 0011 |
| NOTICE OF DISCOVERY | 06/19/02 | 011A |
| MOTION FOR STATEMENT OF PARTICULARS | 06/19/02 | 0012 |
| MOTION FOR STATEMENT OF PARTICULARS | 07/11/02 | 0013 |
| NOTICE OF DEFT'S INTENT TO PARTICIPATE IN DISCOVERY | 07/11/02 | 0014 – 0017 |
| DEFT'S MOTION TO BE DECLARED PARTIALLY INSOLVENT FOR PURPOSES OF COSTS (GRANTED) | 07/19/02 | 0018 |
| ORDER FOR DEFT. TO BE DECLARED PARTIALLY INSOLVENT FOR PURPOSES OF COST | 07/19/02 | 0019 |
| RESPONSE TO DEMAND & DEMAND FOR RECIPROCAL DISCOVERY | 07/29/02 | 0020 – 0021 |
| INDICTMENT | 09/04/02 | 0022 – 0024 |
| NOTICE OF INTENT TO SEEK DEATH PENALTY & REQUEST FOR STATEMENT OF PARTICULARS OF MENTAL MITIGATION | 09/17/02 | 0025 |
| MOTION TO COMPEL BODY SAMPLES (WITH ORDER – GRANTED) | 09/17/02 | 0026 – 0028 |
| WAIVER OF SPEEDY TRIAL | 09/19/02 | 0029 |
| DEFT'S MOTION FOR CONTINUANCE OF JURY SELECTION SET FOR MAY 5, 2003 (GRANTED – NO ORDER) | 04/30/03 | 0030 – 0031 |
| STATE'S FIRST AMENDED DISCOVERY EXHIBIT | 07/23/04 | 0032 – 0033 |
| STATE'S SECOND AMENDED DISCOVERY EXHIBIT | 07/23/04 | 0034 |
| STATE'S THIRD AMENDED DISCOVERY EXHIBIT | 07/23/04 | 0035 – 0036 |
| STATE'S FOURTH AMENDED DISCOVERY EXHIBIT | 02/09/05 | 0037 – 0038 |
| STATE'S FIRST MOTION IN LIMINE (WITH ORDER – GRANTED) | 05/10/05 | 0039 – 0041 |
| STATE'S SECOND MOTION IN LIMINE (WITH ORDER – GRANTED) | 05/10/05 | 0042 – 0044 |
| STIPULATION AND AGREEMENT | 05/11/05 | 0045 – 0047 |

(PAGE 1 OF 3) (cds)

TAKOYA DOMINIC CRINER ...... ⬤ ...... ⬤ ..........16-2002-CF-6549-AXXX

VS.

STATE OF FLORIDA ................................................................................APP. NO. 2005-3139

---

## VOLUME I (CONTINUED)

JURY INSTRUCTION .................................................................05/14/05 ......... 0048 – 0078

JURY QUESTION .......................................................................05/14/05 ......... 0079 – 0080

VERDICT – COUNT 1 .................................................................05/14/05 ......... 0081 – 0082

VERDICT – COUNT II .................................................................05/14/05 ......... 0083 – 0084

VERDICT – COUNT III .................................................................05/14/05 ......... 0085 – 0086

MOTION FOR NEW TRIAL (WITH ORDER – DENIED) ........................05/24/05 ......... 0087 – 0089

JUDGMENT AND SENTENCE ......................................................06/16/05 ......... 0090 – 0097

SENTENCING GUIDELINES ........................................................06/16/05 ......... 0098 – 0099

JUDGMENT AND RESTITUTION ORDER ........................................06/16/05 ......... 0100 – 0101

JUDGMENT AND RESTITUTION ORDER ........................................06/16/05 ......... 0102 – 0103

JUDGMENT AND RESTITUTION ORDER ........................................06/16/05 ......... 0104 – 0105

ORDER OF INSOLVENCY & ORDER APPOINTING PUBLIC DEFENDER ....06/16/05 ......... 0106

UNIFORM COMMITMENT TO STATE PRISON SENTENCING FORM ........06/17/05 ......... 0107

NOTICE OF APPEAL ..................................................................06/24/05 ......... 0108

STATEMENT OF JUDICIAL ACTS TO BE REVIEWED .........................06/24/05 ......... 0109

DESIGNATION TO COURT REPORTER FOR STENOGRAPHIC NOTES .......06/24/05 ......... 0110 – 0112

PROCEEDINGS TAKEN ON JUNE 16, 2005 ....................................07/29/05 ......... 0113 – 0134

### VOLUME II

PROCEEDINGS TAKEN ON MAY 9TH, 10TH, 11TH, 2005 ......................07/19/05 ......... 0001 – 0200

### VOLUME III

PROCEEDINGS TAKEN ON MAY 9TH, 10TH, 11TH, 2005 ......................07/19/05 ......... 0201 – 0400

### VOLUME IV

PROCEEDINGS TAKEN ON MAY 9TH, 10TH, 11TH, 2005 ......................07/19/05 ......... 0401 – 0600

### VOLUME V

PROCEEDINGS TAKEN ON MAY 9TH, 10TH, 11TH, 2005 ......................07/19/05 ......... 0601 – 0736

### VOLUME VI

PROCEEDINGS TAKEN ON MAY 12, 2005 ......................................07/26/05 ......... 0737 – 0936

### VOLUME VII

PROCEEDINGS TAKEN ON MAY 12, 2005 ......................................07/26/05 ......... 0937 – 1085

### VOLUME VIII

PROCEEDINGS TAKEN ON MAY 13, 2005 ......................................07/27/05 ......... 1086 – 1200

### VOLUME IX

PROCEEDINGS TAKEN ON MAY 13, 2005 ......................................07/27/05 ......... 1201 – 1398

### VOLUME X

PROCEEDINGS TAKEN ON MAY 14, 2005 ......................................0/26/05 ......... 1399 – 1446

TOKOYA DOMINIC CRINER ............................................................................16-2002-CF-6549-AXXX

VS.

STATE OF FLORIDA ...................................................................................APP. NO. 2005-3139

---

## ~~VOLUME XI~~

MASTER VOLUME INDEX OF PROCEEDINGS TAKEN ON
MAY 9TH, 10TH, 11TH, 12TH, 13TH, & 14TH, 2005 ............................................................07/27/05 ......... 0001 – 0014

**END**

Copies of this Record on Appeal provided to 1st District Court of Appeals, Office of Attorney General & Public Defender

(PAGE 3 OF 3)  (cds)

| DATE | ACTION TAKEN |
|---|---|
| 5/28/02 | DEFT. ADJUDGED INSOLVENT<br>PUBLIC DEFENDER APPOINTED<br>PUBLIC DEFENDER APPLICATION FEE PAID / NOT PAID |
| JUN 1 9 2002 | ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| JUL 1 9 2002 | DEFT. ADJUDGED INSOLVENT<br>PUBLIC DEFENDER APPOINTED<br>DEFT. WAIVED READING OF INFOR-<br>MATION AND PLEADING GUILTY<br>PASSED TO _____<br>ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| SEP 5 2002 | ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| SEP 1 3 2002 | ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| SEP 1 9 2002 | WAIVER OF SPEEDY TRIAL FILED<br>ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| 2002 | ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |
| OCT 3 1 2002 | ATTORNEY FOR STATE   ATTORNEY FOR DEFT.<br>PRESENT IN COURT   PRESENT IN COURT |

FELONY CR-D 2002- 06549

| DATE | ACTION TAKEN |
|---|---|
| 183 | |
| NOV 2 5 2002 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO 1-8-03 |
| 227 | |
| JAN 8 2003 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | 2-19-03  PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO |
| | HOM |
| 238 | 5-5-03  J·S |
| | 5-12-03  TS |
| | 3-19-03  TS |
| FEB 1 9 2003 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO 3-11-03 |
| | PT |
| 284 | |
| MAR 1 1 2003 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO  HOM / PT |
| | 3-28-03  PT |
| | 5-5-03  JS |
| | 5-12-03  JS |
| 316 | 5-19-03  JS |
| APR 7 2003 | Judge Watson Presiding  ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO 4-21-03  PT |
| 350 | |
| APR 2 1 2003 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PASSED BY _____ TO 4-30-03  PRESENT IN COURT / PRESENT IN COURT |
| 339 | |
| APR 3 0 2003 | ATTORNEY FOR STATE / ATTORNEY FOR DEFT. |
| | PRESENT IN COURT / PRESENT IN COURT |
| | PASSED BY _____ TO 6-3-03  PT |
| | ORAL MOTION FOR CONTINUANCE _____ |

| DATE | ACTION TAKEN |
|---|---|
| JUN 03 2003 | |
| | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY ___ TO 6-25-03 |
| | P.T |
| JUN 25 2003 | A. Corey |
| | D. Skinner  G. Fallis |
| | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY ___ TO 7-10-03 |
| | P.T |
| JUL 10 2003 | A. Dixon for |
| | D. Skinner  G. Fallis |
| | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY ___ TO 8-7-03 |
| | P T |
| AUG 07 2003 | A. Corey For |
| F. Gay | Deft's Motion For costs  D. Skinner   G. Fallis |
| | of Transcripts - Filed - ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | Granted - order entered  PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY CONS TO 9-3-03 PT |
| SEP 3 2003 | D. Skinner  G. Fallis |
| F. Gay | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | 11-12-03 Hom |
| | PASSED BY CONS TO 12-11-03 PT |
| | 12-15-03 JS |
| NOV 12 2003 | A. Corey for  F. Fallis |
| | D. Skinner  G. Fallis |
| | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY Deft TO 12-15-03 |
| | P T |
| DEC 15 2003 | D. Skinner  G. Fallis |
| | ATTORNEY FOR STATE \| ATTORNEY FOR DEFT. |
| | PRESENT IN COURT \| PRESENT IN COURT |
| | PASSED BY Deft TO 1-14-04  P T |
| | 3-5-14 - Hom |
| | 4-12-04 - JS (1 Wk) |

PSH - 1693

| DATE | ACTION TAKEN | page 4 |
|---|---|---|

**1YR233**
JAN 1 4 2004

*(Skinner)  T Fallis*
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

4 Gay

PASSED TO 3-5-04 FOR Non-evid'H DEFT. PRESENT
3-12-04 Evid. Hng &

**1YR284**
MAR 0 5 2004

*(Skinner  T Fallis*
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

4 Gay

PASSED BY CMS TO 3-18-04 Hrn
(46 FR)

**1YR297**
MAR 1 8 2004

*(Skinner  T Fallis*
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

SHELLI KOZACHENKO

PASSED BY CMS TO 4-1-04 Hrn

**1YR311**
APR 0 1 2004
K. HOWARD CT. RPT.

*(Skinner  T Fallis*
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Joint oral Mtn for
Continuance granted

PASSED BY CMS TO 6-18-04 FR
(68 FR)

| DATE | ACTION TAKEN |
|---|---|

page 5

2yrs 23

JUN 18 2004

7 day
tcf

a Corey
+ O Skinner T Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Grant Oral Motion
for Continuance
granted

PASSED BY Cons TO 7-23-04 PT
(8-24 FM 8-30 US)

58
2 yrs. DeQ

JUL 23 2004

7 day
tcf

PA.
D. SKINNER | T. FALLIS
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

PASSED BY Cons TO 7-30-04 PT

States First Amended Discovery
Exhibit Filed

States Second Amended Discovery
Exhibit Filed

States Third Amended Discovery
Exhibit Filed.

2yrs 65 de

JUL 30 2004

K. HOWARD CT. RPT.

√ EARNEST

PA. G. FALLIS
O Skinner T Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

CANCLD BY CONS TO 8/20/04 PT

PSJ-1893

2002654 MA

| DATE | ACTION TAKEN |
|------|--------------|

Page 6
T G Fallis

2 yrs 86 da
AUG 2 0 2004
HELLI KOZACHENKO

O Skinner T Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Qc   Defts oral Motion
To Continue trial
Granted

Cont Cons to 9-16-04 P-T
(9:28 SPT, 10:4 Qc)

2 yrs 113 da
SEP 1 6 2004

O Skinner   T Fallis +
T Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

T Cay
Qc   PASSED BY Cons To 9-23-04 P-T

2 yrs 120 da
SEP 2 3 2004

Agerey   T Fallis +
for → O Skinner   T Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

T Cay
Qc   PASSED BY Cons To 9-28-04 SPT
29 Qc

Defts Oral Motion to
Continue trial Made:
Ruling deferred

O Skinner   T Fallis +
T Fallis

2 yrs 126 da
SEP 2 9 2004

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

T Cay
Qc   Defts oral Motion
To Continue trial
Granted

PASSED BY Cons To 10-13-04 P-T

PSJ-1693

| DATE | ACTION TAKEN |
|---|---|

Page 7

2 yrs 140 de

OCT 13 2004

O Skinner / G Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

F. Gay
GC P    (2-8 FPT 2-14 JS)    Cons to 2-8-05, Hom
PASSED BY

2 yrs 258

FEB 08 2005

K. HOWARD CT. RPT.

O Skinner / G Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

gc
PASSED BY Cons to 2-11-05 FPT

2 yrs 261

FEB 11 2005

K. HOWARD CT. RPT.
JD

Defts
ORAL MOTION FOR CONTINUANCE-
granted

PASSED BY Cons to 3-3-05 FPT
3-9-05 JS

O Skinner / G Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

2 yrs 344

MAY 08 2005
05

M Jenkins
gc

PASSED BY Cons to 5-9-05 JS

O Skinner | G Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

2 yrs 348

MAY 09 2005

F. Gay
GC + RR

G Myrhss | T Fallis +
O Skinner | G Fallis

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Defts oral mot. in
Limine to exclude admission of video-
denied.

Jury selected + empanelled.

Cons to 5-10-05 trial
@ 10:30.

PSJ-1693

| DATE | ACTION TAKEN | Page 8 |
|---|---|---|

_D. Skinner_ _T. Fallis_
_Y. Mirah_ _G. Fallis_

**2yrs 349**

**MAY 1 0 2005**

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

7 Gay | States First Mot
G-J | in Limine filed and Granted. Order
entered. States Second Motion in
Limine filed and Granted. Order
entered. Jury Sworn and
empaneled. Courts instructions to
Jury. Opening Statements in
full. Evidence to Jury by State
in part.

PASSED BY _CMS_ TO _5-11-05_ _10:30_ trial

---

_D. Skinner_ _T. Fallis_
_Y. Mirah_ _G. Fallis_

**2yrs 350**

**MAY 1 1 2005**

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

7 Gay | Evidence to Jury
G-J | by State in full.
State rests.

Stipulation filed.

PASSED BY _CMS_ TO _5-12-05_ _1930 am_
trial

---

_D. Skinner_ _T. Fallis_
_Y. Mirah_ _G. Fallis_

**2yrs 351**

**MAY 1 2 2005**

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

S. Ferguson | Defense oral motion Deft present
RR | for J.O.A. -denied. Evidence to jury
by defense in part

PASSED BY _CMS_ TO _5-13-05_ Trial @ 8:30 a.m.

PJ-1693

| DATE | ACTION TAKEN | page 9 |
|---|---|---|

2 yrs + 353

MAY 13 2005

F. Gary

RK

D. Skinner   T. Fallis
A. Mizrahi   G. Fallis
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Evidence cont'd to jury by defense in part. / Deft pres.
Defense oral motion for mistrial - denied. Evidence cont'd to jury by defense in full. Defense Rests. States Rebuttal case to jury in full. Defense renews oral motion for J.O.A. - Ruling Reserved. Charge Conference held in full. Defense Renewed oral motion for J.O.A. - denied. Closing Arguments made in full.

CONTINUED TO Cont'd 5-14-05 trial.

2 yrs + 353

MAY 14 2005

M. Simpkins

RK

D. Skinner   / G. Fallis
A. Mizrahi   T. Fallis
ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Charge to Jury.
Alt. Juror Discharged.          Deft pres.
Jury in: 10:40 am. Jury Question: 1:25 pm
Jury Out: 4:15 pm
Verdict: Guilty as charged as to Cts 1, 2 + 3.
Bond Revoked / Deft Remanded.
PSI ordered. (ordered 5/16 @ 12:30)

SENTENCE DEFERRED TO 6-16-05
Verdict forms (3) - Filed
Clerks memo - filed.
Clerks exh. memo - filed
juror question - filed
Jury instructions - filed.

PSJ-1693

| DATE | ACTION TAKEN |
|------|--------------|
| | *Page 10* |

*10300x-CF-*
*6549 ALK, FLA*

3yrs 2ida
JUN 16 2005

O'Kinnu Pat. Falls

ATTORNEY FOR STATE | ATTORNEY FOR DEFT.
PRESENT IN COURT | PRESENT IN COURT

Dunne Defts oral Motion
& to Continue denied.

Defts Motion for New trial
denied without Prejudice

DISP. ENTERED
M. M.

Counts 1, 2 + 3

ADJUDGED GUILTY - FINGERPRINTS TAKEN

SENT. *LIFE* FLA. STATE PRISON, WITH

CREDIT FOR *314* DAYS IN JAIL TIME

concurch ct

25 yrs min mand

as to cts 1, 2 + 3

Conc

PAY CJTF ~~$43~~    ~~$3.00~~
C.C.T. FUND       $50.00
FELONY COST      $200.00
CSTF              $20.00
~~CRLE CLTR~~      ~~$100.00~~

Just 65°
Pursuant to
FS 939.185.

DEFT. ADJUDGED INSOLVENT
PUBLIC DEFENDER APPOINTED   for

3   J & R ORDER ENTERED

Purpose of appeal

SENTENCING GUIDELINES FILED

PSJ-1693



**FELONY**   **CLERK COPY**

| First Appearance: | Continued: | Continued: | Continued: | Continued: |
|---|---|---|---|---|
| Continued: | Continued: | Continued: | Continued: | Continued: |

### Arrest And Booking Report
Jacksonville Sheriff's Office
Jacksonville Florida

### ADULT

| | |
|---|---|
| Yr: **2002** | Incident #**450186** | Amend # |
| Jail # **02-018375-3**   5/27/2002 17:13 | File Direct: **YES** |
| JSO ID # | Court: **Circuit** |
| SSN **459774445**   OBTS # | |

Arresting Agency: **Jacksonville Sheriff's Office**

Day/Date/Time Arrested: **Monday 5/27/2002 01:15**

Name: **CRINER, TAKOYA DOMINC**

Sub-Sector of Arrest: **C3**

Aliases:

Nickname(s): **KOYA**

Subject's Home Address: **2698** **LANTANA LAKES** DR E   Apt./Lot #:

Sub-Sector of Residence: **E3**

City: **JACKSONVILLE**   State: **FLORIDA**   Zip: **32246**

OC deployed prior to/during Arrest: **NO**

Race: **BLACK**   Sex: **Male**   DOB: **10/13/1982**   Age: **19**   Eye Color: **BROWN**

Hair Color: **BLACK**   Complexion: **MEDIUM**   Height: **5' 11"**   Weight: **200**   Build: **Muscular**

Drivers License # **NONE**   State:   Subject's Resident Type: **CITY**

How long in Jax. *19 YRS*

Hm Phone # **891-8618**   Bus. Phone # **UK**

Arrest Made On: **OV**

Subject's Residence Status: **RESIDENT**   Armed With: **HANDGUN**

Distinguishing Marks: **GOATEE**   *TAT' BOTH ARMS*

**ORIGINAL**

Employer: **UPS**   Place of Birth: **WICHITA FALLS TEXAS**

School Last Attended: **TERRY PARKER**

US Citizen: **YES**

| Domestic Violence Involved: **NO**   Children under 18 Present:   If No is it Domestic Related: **NO** |

Day/Date/Time of Incident-From: **Monday 5/27/2002 00:20**   Day/Date/Time of Incident-To: **Monday 5/27/2002 00:20**

Incident Address: **2508 TOWNSQUARE DR**   Apt./Lot #:

Offense Location Type: **Residence-Home**   Interviewed by: **J. E. DAVIS 7165**   MAY 28 2002

Where Arrested: **900 CARROLTON RD**   Apt./Lot #:

Involved in Traffic Accident: **NO**   Injuries from Accident:   Is Incident Gang Related: **NO**   Is Arrestee a Gang member? **NO**

### Statute or Ordinance Number(s):

**#1**   Statute No: **S782.04**   Degree: **CF**   UCR Code: **090A**   Attempt Code: **Commit** **MURDER**   91/53/8852 -

| Citation # | SA# | Warrant Type: **Not Applicable** |
|---|---|---|
| Capias/Warrant # | Case # | No. of Counts: |

Jurisdiction:   CT. Location/Div.:

Bond Amount: **$**   Date of Issue:   Date of Return:   Judge:

Disposition:   Disposition Date:

**#2**   Statute No: **S782.04**   Degree: **CF**   UCR Code: **090A**   Attempt Code: **Commit** **MURDER**   91/53/8852 -

| Citation # | SA# | Warrant Type: **Not Applicable** |
|---|---|---|
| Capias/Warrant # | Case # | No. of Counts: |

Jurisdiction:   CT. Location/Div.:

Bond Amount: **$**   Date of Issue:   Date of Return:   Judge:

Disposition:   Disposition Date:



**FILED**

JUN 14 2002

CLERK CIRCUIT COURT

**FILED**

JUN 14 2002

00001   **ORIGINAL**

**#3** Statute No: **S782.051(2)** Degree: ___ CR Code: **130A** Attempt Code: **Commit** 91/53/8852-
ATT. FELONY MURDER/PERPETRATES ANY OTHER FELONY W/O CAUSING DEATH

| Citation # | | SA# | | Warrant Type: **Not Applicable** |
| Capias/Warrant # | | Case # | | No. of Counts: |

Jurisdiction: ___ CT. Location/Div.: ___

Bond Amount: $ **none**   Date of Issue: ___ Date of Return: ___ Judge: ___

Disposition: ___ Disposition Date: ___

## Blanket Bond:

**ADDITIONAL INFORMATION** 1   Reporting Officer: **J.E.DAVIS 7165**

ON 05-27-02 POLICE WERE SUMMONED TO 2508 TOWNSQUARE DR. IN REFERENCE TO A SHOOTING.  UPON ARRIVAL PATROL FOUND TWO DECEASED GUNSHOT VICTIMS AND A THIRD VICTIM WAS TRANSPORTED TO SHANDS HOSPITAL WITH LIFE THREATENING GUNSHOTS WOUNDS.

AS PATROL SUPERVISOR, SGT. A. K. O'NEAL #6435, WAS APPROACHING THE AREA HE OBSERVED A VEHICLE LEAVING AT A HIGH RATE OF SPEED.  THE VEHICLE WAS OCCUPIED BY THREE BLACK MALES.  SGT. O'NEAL STAYED BEHIND THE VEHICLE UNTIL A DESCRIPTION OF THE SUSPECT WAS KNOWN.  THE SUSPECT DESCRIPTION WAS A BLACK MALE WITH DREDLOCKS.  SGT. O'NEAL OBSERVED TWO BLACK MALES IN THE VEHICLE WITH DREDLOCKS (THE DRIVER AND THE BACK SEAT PASSENGER).

A VEHICLE STOP WAS CONDUCTED AND THE BACK SEAT PASSENGER, SUSPECT, FLED ON FOOT FROM THE VEHICLE.  AFTER A SHORT FOOT CHASE THIS SUSPECT WAS APPREHENDED BY POLICE K-9 OFFICER CHIP WILLIAMS AND HIS DOG.

THE SUSPECT WAS POSITIVELY IDENTIFIED BY AN EYEWITNESS AS THE SUSPECT WHO HAD BEEN AT THE RESIDENCE AND WAS SEEN LEAVING THE RESIDENCE WITH A FIREARM AFTER THE SHOOTING.  THE WITNESS IDENTIFIED THE SUSPECT AS A KNOWN ASSOCIATE OF THE LIVING VICTIM.

THE LIVING VICTIM WAS LATER INTERVIEWED AT THE HOSPITAL AND HE POSITIVELY IDENTIFIED THE SUSPECT AS THE PERSON WHO SHOT ALL THREE VICTIMS.

THE SUSPECT WAS TRANSPORTED TO THE HOMICIDE OFFICE AND POST MIRANDA WAS QUESTIONED.  THE SUSPECT ADMITTED TO BEING AT THE SCENE AND BEING RESPONSIBLE FOR THE SHOOTING DEATHS OF THE TWO VICTIMS AND THE GUNSHOT WOUNDS TO THE THIRD VICTIM.  THE VICTIM ADMITTED TO DISCHARGING A FIREARM DURING THE INCIDENT.  THE SUSPECT WAS BOOKED INTO THE PTDF.

Transported By: **J.E.DAVIS  #7165**   Approving Supervisor: **R.S.MCLEOD #5959**
Arresting Officer(s) #1: **J.E.DAVIS  #7165**   #2: **#0**
Div/Zone or Unit: **DETECTIVE ZONE 2**   # of Cases Cleared:

State of Florida, County of Duval   Arresting / Transporting Officer's Signature: **J.E. Davis 7165**

Sworn to (or affirmed) and subscribed before me this **27** day of **May**, 20 **02** by

Personally Known **X** or Produced Identification ___ Type of Identification produced: ___

**R. D. WALLIS** # **7717**   *(signature)*
Print, Type, or Stamp, Commissioned name of Notary Public   Signature of Notary - State of Florida Certified Law Enforcement Officer or Corrections Officer

Drug Activity: **NOT APPLICABLE**   Drug Type: **NOT APPLICABLE**
Alcohol Related: **UNKNOWN (OR N/A)**   Drug Related: **UNKNOWN (OR N/A)**

**VICTIM: #1** Relationship to Suspect: **RELATIONSHIP UNKNOWN**   Race: **B** Sex: **Male** DOB: **12/11/1980** Age: **21**
Name: **BROWN IKE E. JR.**
Address: **501 BAY ST E**  Apt./Lot #:
City: **JACKSONVILLE** State: **FLORIDA** Zip: **32202**   Home Phone # **999-9999** Bus. Phone # **999-9999**

**VICTIM: #2** Relationship to Suspect: **RELATIONSHIP UNKNOWN**   Race: **W** Sex: **Male** DOB: **3/2/1981** Age: **21**
Name: **HICKS JEFFREY MARTIN**
Address: **2256 LEON RD**  Apt./Lot #:

00002

  

*City:* JACKSONVILLE *State:* FLORIDA *Zip:* 32216    Home Phone # **999-9999** *Bus. Phone #* **999-9999**

*VICTIM: #3*  *Relationship to Suspect:* RELATIONSHIP UNKNOWN              *Race:* **B** *Sex:* **Male** *DOB:* **11/27/1979** *Age:* ▲
*Name:* **BERRY GAVIN D**
*Address:* **2508 TOWNSQUARE DR**  *Apt./Lot #:*
*City:* JACKSONVILLE *State:* FLORIDA *Zip:* 32216    Home Phone # **999-9999** *Bus. Phone #* **999-9999**

*Jail Information (Back Door)*                    *Date and Time Admited:* **5/27/2002 17:13**
*Jail #* **02-018375-3**                            *Juvenile/Court Clerk #*

| | *Part II of Arrest And Booking Report:* | | |
|---|---|---|---|

*Arrestee Personal Information:*

*Special Needs:*

| | |
|---|---|
| *SOCIAL SECURITY #* | *OBTS #* |
| *Corrected Name of Suspect:* | *Corrected DOB:* |
| *Place of Birth:* | *Religion:* Baptist |
| *Height:* | *Weight:* | *Build:* | *Defense Attorney:* |
| *Marital Status:* | *Length of Present Emploment:* Yrs.    Months |
| *Education (# of years)* 12yrs | *Occupation:* Loader |
| *Employer:* UPS | *How long in Jax.*    *Local Prior Arrests:* YES |
| *Employer Address:* Pritchard RD | |
| *Next of Kin, Name:* | *Relationship:* |
| *Next of Kin Address & Ph # :* | |

| *Admission Officer ID #:* **R.D.WALLIS  #7717** | *Searching Officer ID #:* |
|---|---|
| *Property Officer ID #:* 6227 | *Fingerprinting Officer ID #:* |
| *Booking Officer ID #:* | *Date &Time Booked:* 1950 |
| *Arraignment:* | *Trial:* |
| *Date Exp. Sentence:*    *Gain Time:* | *Bond Hearing:* |
| *Blanket Bond:*    *Court Cost:*    *Reduced Bond:*    *By:* | |
| *How Prisoner Released:* | *ROR or Bonded by:* |
| *Releasing Officer ID#:* | *Release Date & Time:* |
| *Releasing Sergeant ID#:* | |

| *Continued:* | *Continued:* | *Continued:* | *Continued:* |
|---|---|---|---|

| Continued: | Continued: | Continued: | Continued: |
|---|---|---|---|
| Continued: | Continued: | Continued: | Continued: |
| Continued: | Continued: | Continued: | Continued: |

| Jail Remarks: | Chemical Test Data |
|---|---|

| Specimen: | | | | |
|---|---|---|---|---|
| Blood | Breath | Urine | Unable | None |

| Analysis Results: | | | | Refused: |
|---|---|---|---|---|
| 1st | g/210L | TIME: | Blood: | |
| 2nd | g/210L | TIME: | Urine: | |
| 3rd | g/210L | TIME: | Breath: | |

| Breath Test Instrument: | |
|---|---|
| Type: | Machine # |
| Operator Name and I.D.# | Date: |

## DETAINER/HOLD FOR:

AGENCY:

LOCATION:

CHARGES:

BOND:

JUDGE:

REMARKS:

Verfication By: _____



**Right Thumb Print**

## 00004

Case 3:21-cv-01160-TJC-LLL   Document 110   Filed 08/19/22   Page 20 of 152 PageID 707

IN THE COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY,
FLORIDA

STATE OF FLORIDA

CASE NO.:

vs.

DIVISION: **K**

Criner, Takoka

CURRENT
CHARGES: Murder ; Murder ; Attempted Murder

## STATE OF FLORIDA'S MOTION TO SET BOND

I, the undersigned Assistant State Attorney, am familiar with the facts of this case and the defendant's criminal record, which shows:

[   ] The defendant has no local record.

_____ Felony convictions

[   ] The defendant is eligible to be classified as a Habitual Violent Felony Offender/Habitual Felony Offender.

_____ Misdemeanor convictions

_____ Arrests

_____ Failures to appear in Court

[   ] The defendant is on active _____ probation or parole.
                              (Fel/Mis)

[   ] The defendant is charged with a drug offense, or has a history of drug use, or there reasonably appears to be drug involvement.

[   ] The defendant's record was unavailable at the first appearance hearing.

[   ] OTHER: _____

## BOND RECOMMENDATION

To ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant, in accordance with the provisions of Florida Statutes, Chapter 903, and Florida Rules of Criminal Procedure, Rule 3.131, I hereby request the Honorable **JUDGE SHARON H. TANNER** to set bond in the amount of $ _____.

This motion filed in Jacksonville, Florida, this _____ day of _____ **MAY    2002**

**CYRUS P. ZOMORODIAN**
_____
Assistant State Attorney
Bar Number: _____

This bond recommendation is based on a review of the information available at the defendant's first appearance hearing and does not reflect any prior dispositions outside of this jurisdiction.

MI/9

00005

IN THE COUNTY COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA.

DOCKET NUMBER: 02-018375-3

STATE OF FLORIDA

-v-

Takoya D. Criner

**FINDING OF PROBABLE CAUSE
TO DETAIN**

Pursuant to Florida Rules of Criminal Procedure 3.131, this Court, having heard the evidence and having been fully advised in the premises, hereby determines that there _____IS_____ probable cause to detain the above-named defendant pending further proceedings.

Dated at Jacksonville, Duval County, Florida, this _____ day __MAY 2 8 2002_____, 19 ___.

_____
JUDGE

**FILED**

MAY 2 8 2002

CLERK CIRCUIT COURT

000C6



PSJ-1138

STATE OF FLORIDA

vs.

*Takoya Con___*

**F I L E D**

MAY 2 8 2002

_Jim Fuller_
CLERK · CIRCUIT · COURT

IN THE CIRCUIT OR COUNTY COURT,
FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

DIVISION: K

CASE NO.: *02-018375-3*

## APPLICATION FOR PUBLIC DEFENDER AND AFFIDAVIT OF INSOLVENCY

If you wish to have an attorney represent you and you cannot afford to hire an attorney at this time please read and complete this form. There is a **$40.00 APPLICATION FEE** which shall be paid at first appearance or at a later time as ordered by the Judge in your case. At the end of your case the Court shall impose a lien against any and all property, real and personal, which you own or may acquire.

- What is your weekly income after taxes and support payments? _300 CC_
- What other benefits do you receive (welfare, pension, social security, AFDC)? _0_
- What other property do you own (cash, stocks, bonds, cars, trucks, boats, campers)? _18,000_
- How many people do you support at home (include yourself)? _1_

### AFFIDAVIT

Affiant being first duly sworn on oath deposes and says that he/she is totally insolvent and unable to pay the charges, costs or fees in this case. Affiant further says that the information contained in this application and affidavit, under penalty of perjury, is true and correct to the best of his/her knowledge, and that he/she has not in any way hidden assets or divested himself/herself of assets of any kind in order to qualify for the services of the Public Defender or of the Court. If there is any change in this case, I agree to keep the Court and or Indigency Examiner informed of my financial situation.

_____
**DEFENDANT'S SIGNATURE**

☐ **PUBLIC DEFENDER NOT APPOINTED BY JUDGE**

### ORDER DETERMINING ELIGIBILITY FOR COURT-APPOINTED COUNSEL

The above-named defendant appearing before the Court, and said defendant having executed an affidavit of insolvency and financial statement, testimony having been taken by the Court, and the Court being otherwise fully advised in the premises, it is, thereupon,

✓ **ORDERED AND ADJUDGED** that the defendant be declared indigent and that the Office of the Public Defender for the Fourth Judicial Circuit of Florida is hereby appointed to represent said defendant;

✓ **ORDERED AND ADJUDGED** that the defendant shall pay an application fee in the amount of $40.00 to the Clerk of the Circuit Court in Room M-106 for misdemeanor cases and Room M-101 for felony cases, Duval County Courthouse, 330 E. Bay Street, Jacksonville, Florida 32202 no later than seven days from the date of this order. If the fee is not paid by that date, the Court will inquire of the defendant concerning the circumstances of the nonpayment. The Court may then order the fee to be paid forthwith or include the fee in any lien subsequently filed in this case.

_____ **ORDERED AND ADJUDGED** that pursuant to section 27.512, Florida Statutes, the defendant is charged with a violation of a municipal ordinance or a misdemeanor, the defendant will not be imprisoned if convicted in this case; and, there being no legal requirement for the appointment of counsel, the said defendant has been advised that he/she may proceed without counsel or with retained counsel of the defendant's choice.

_____ **ORDERED AND ADJUDGED** the Office of the Public Defender is provisionally appointed pending a final determination by the Indigency Examiner in this case.

**DONE AND ORDERED** this _20_ day of _May_ 20_02_

00007

_____
CIRCUIT/COUNTY JUDGE

THIS INSTRUMENT
IS COMPUTED

WHITE COPY - CLERK   YELLOW COPY - INDIGENCE EXAMINER   PINK COPY - PUBLIC DEFENDER   GOLDENROD COPY - DEFENDANT

PS-4122

STATE OF FLORIDA

IN THE CIRCUIT AND/OR COUNTY COURTS
OF THE FOURTH JUDICIAL CIRCUIT

vs.

DOCKET NO.: 02-01832S-3

Takoya Crine

## DEFENDANT'S INVOCATION OF CONSTITUTIONAL RIGHTS

1.  The Undersigned, having been advised that I have been arrested and charged with a crime, do hereby invoke my **RIGHT TO REMAIN SILENT** under the 5th Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution.

2.  Furthermore, I do hereby invoke my **RIGHT TO COUNSEL** guaranteed by Article I, Sections 2, 9, and 16 of the Florida Constitution; Rule 3.130, Florida Rules of Criminal Procedure; and the 5th and 6th Amendments to the United States Constitution, as interpreted by the United States Supreme Court in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981); <u>McNeil v. Wisconsin</u>, 501 U.S. 171 (1991); and <u>Arizona v. Roberson</u>, 486 U.S. 675 (1988); and the Florida Supreme Court in <u>Traylor v. State of Florida</u>, 596 So. 2d 957 (1992).

3.  By invocation of my foregoing **RIGHT TO COUNSEL**, I intend this to be an absolute expression of my desire for the assistance of an attorney in dealing with any custodial interrogation by law enforcement about this arrest or any other crime or criminal activity under investigation, whether I am a suspect or witness.

4.  Therefore, I demand that no local, State or Federal police or prosecution personnel (including jail inmates acting at the request or direction of such personnel) attempt to engage me in any conversation whatsoever, concerning any crime or criminal activity, whether presently charged or not, without first providing me an attorney and having that attorney present.  Any person connected with law enforcement who allows a violation of these rights to occur shall be viewed as interfering with my attorney/client relationship as protected by the Florida and United States Constitution and by the Rules of Professional Conduct for attorneys.

5.  This Invocation of Rights shall not be deemed to have been waived by me unless an attorney has been provided to me (either retained or appointed), and I execute a written waiver of these rights, signed by myself and my attorney in open court.  Anyone violating this **INVOCATION OF CONSTITUTIONAL RIGHTS** will be subject to legal action for sanctions and/or damages.

6.  I further demand that the original of this Invocation of Rights be filed in the Court having jurisdiction of this cause and that my attorney serve a copy on the State Attorney and on the Sheriff's Office for placement in my jail file so that anyone wishing to question me will be on notice that I have invoked my rights.

Defendant

I HEREBY CERTIFY that a copy hereof has been furnished to the Office of the State Attorney and to the Sheriff's Office, by hand, this _21_ day of _May_, A.D., _2002_.

Respectfully submitted,

LOUIS O. FROST, JR.
PUBLIC DEFENDER

Original - Clerk's File Copy
Yellow  - Sheriff's Copy
Pink    - State Attorney Copy
Gold    - Defendant File Copy

STATE ATTORNEY'S OFFICE
**FELONY INFORMATION SHEET**

TO:    Chief, Duval County Jail                     DATE:  June 13, 2002

~~This is your authority to make necessary changes or corrections, if any, to the Booking Report of the below~~ named defendant.

| | | |
|---|---|---|
| DIVISION: | CR-D | DATE ARRESTED:  May 27, 2002 |
| DEFENDANT'S NAME: | TAKOYA DOMINIC CRINER | ARRGN DATE:  June 19, 2002 |
| DOCKET NO: | 2002-18375-3 | CASE NUMBER: |
| S.A. NO: | 2002-7395 | EXTRADITION CODE:  O |

| ARREST CHARGE / MCL # | FILED CHARGE / MCL # | CHARGE DECISION CODE |
|---|---|---|
| B196C<br>SECOND DEGREE MURDER<br>S782.04(2), S775.087(2)(A)3, LI | SAME | 1  -  Filed as Charged |
| B196C<br>SECOND DEGREE MURDER<br>S782.04(2), S775.087(2)(A)3, LI | SAME | 1  -  Filed as Charged |
| B195C<br>ATTEMPTED FIRST DEGREE<br>MURDER<br>S782.04(1)(A), S775.087(2)(A)3,<br>S777.04(1), LI | SAME | 1  -  Filed as Charged |

DANIEL E. SKINNER

Daniel E. Skinner
Assistant State Attorney

MCL NO(S):    S782.04(2), S775.087(2)(A)3, LI; S782.04(2), S775.087(2)(A)3, LI; S782.04(1)(A), S775.087(2)(A)3, S777.04(1), LI

Copies to:         _____    Clerk
                   _____    File

DES/cd



FILED
JUN 1 4 2002
CLERK CIRCUIT COURT



DF4                                       00009

S.A. NO.:   2002-7395

CASE NO. **02 - 06549 - CF**
DIVISION:   CR-D

IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

Spring Term, in the year two thousand two

STATE OF FLORIDA                                    INFORMATION FOR

    vs.

TAKOYA DOMINIC CRINER                          SECOND DEGREE MURDER (TWO COUNTS)
                                           and ATTEMPTED FIRST DEGREE MURDER

IN THE NAME OF AND BY AUTHORITY OF THE STATE OF FLORIDA

      HARRY L. SHORSTEIN, State Attorney for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, charges that TAKOYA DOMINIC CRINER on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, did unlawfully and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, kill Isaac Eugene Brown, Jr., a human being, by shooting the said Isaac Eugene Brown, Jr., and during the commission of the aforementioned Second Degree Murder, the said TAKOYA DOMINIC CRINER did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Section 782.04(2) and 775.087, Florida Statutes.

### SECOND COUNT

      And for the second count of this information, your informant further charges that TAKOYA DOMINIC CRINER on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, did unlawfully and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, kill Jeffrey Martin Hicks, a human being, by shooting the said Jeffrey Martin Hicks, and during the commission of the aforementioned Second Degree Murder, the said TAKOYA DOMINIC CRINER did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Section 782.04(2) and 775.087, Florida Statutes.

### THIRD COUNT

      And for the third count of this information, your informant further charges that TAKOYA DOMINIC CRINER on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, did attempt to unlawfully kill Gavin Derick Berry, a human being, by shooting the said Gavin Derick Berry, with a pistol, with a premeditated design to effect the death of Gavin Derick Berry, a human being, and during the commission of the aforementioned Attempted First Degree Murder the said TAKOYA DOMINIC CRINER did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Sections 782.04(1)(a), 777.04(1) and 775.087, Florida Statutes.

HARRY L. SHORSTEIN, STATE ATTORNEY

By: _____
Assistant State Attorney
Fourth Judicial Circuit of Florida, in and for
Duval County

00019

STATE OF FLORIDA      )
COUNTY OF DUVAL      )

DANIEL E. SKINNER

Personally appeared before me _____, Assistant State Attorney for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, who is personally known to me, and who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged, and that this prosecution is instituted in good faith, and hereby certifies that testimony under oath has been received from the material witness(es) for the offense.

Sworn to and subscribed before me this _13th_ day of June, 2002.

By: _____

Tina G. Rees
MY COMMISSION # CC982096 EXPIRES
December 15, 2004
BONDED THRU TROY FAIN INSURANCE, INC.

JIM FULLER, Clerk of the Circuit Court, Fourth Judicial Circuit of Florida, In and For Duval County, and Clerk of the County Court, In and For Duval County, Florida.

FILED THIS    JUN 1 4 2002              BY DEPUTY CLERK: _____

| Dkt   2002-18375-3 | AD    June 19, 2002 | CAPIAS         NO |
|---|---|---|
| Bond | Ext.   O | S/W _____ |
| Race   Black | Sex    Male | DOB   10/13/82 |
| SSN   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 | | |

DES/cd

MCL NO.(S)   S782.04(2), S775.087(2)(A)3, LI; S782.04(2), S775.087(2)(A)3, LI; S782.04(1)(A), S775.087(2)(A)3, S777.04(1), LI

00011

2002-7395 - Page 2

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA.

CASE NO.: 2002-6549 CF

DIVISION: CR-D

STATE OF FLORIDA

VS.

TAKOYA CRINER

FILED
IN COMPUTER
R. D.

FILED
JUN 1 9 2002
Jim Fuller
CLERK CIRCUIT COURT

## NOTICE OF DISCOVERY

Pursuant to Rule 3.220(a), Florida Rules of Criminal Procedure, Defendant hereby gives notice that he intends to participate in discovery and requests that all information, statements, evidence or other matters encompassed by Rule 3.220(b) and (j) be provided to Defendant by the State within 15 days of this Notice.

I HEREBY CERTIFY that a copy of the foregoing "Notice of Discovery" has been furnished to the Office of the State Attorney, by hand delivery, this __19th__ day of June, 2002.

Respectfully submitted,

LOUIS O. FROST, JR.
PUBLIC DEFENDER

BY: _Alan Chipperfield_
ALAN CHIPPERFIELD #217786
Assistant Public Defender

AC/mse

(D-01)

11A

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2002-6549 CF

DIVISION: CR-D

STATE OF FLORIDA

VS.

TAKOYA CRINER

FILED
IN COMPUTER
R. D.

FILED
JUN 1 9 2002

CLERK CIRCUIT COURT

## MOTION FOR STATEMENT OF PARTICULARS

    Defendant, TAKOYA CRINER, by and through the undersigned attorney, the Public Defender for the Fourth Judicial Circuit of Florida, pursuant to Rule 3.140(n), Florida Rules of Criminal Procedure, respectfully moves this Honorable Court to order the State of Florida to file a written statement of particulars with the Court specifying as definitely as possible the place, date and time of the offense(s) charged in the Information(s).

    I HEREBY CERTIFY that a copy of the above and foregoing Motion for Statement of Particulars has been furnished to the Office of the State Attorney, by hand, this ___19th___ day of June, 2002.

Respectfully submitted,

LOUIS O. FROST, JR.
PUBLIC DEFENDER

BY: _Alan Chipperfield_

ALAN CHIPPERFIELD #217786
Assistant Public Defender

AC/mse

(D-02)

00012

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

**FILED**

JUL 1 1 2002

*Jim Fuller*

CLERK CIRCUIT COURT

STATE OF FLORIDA

vs.

**TAKOYA CRINER,**

Defendant.

_____/

CASE NO.:   2002-6549-CFA

S. A. NO.:

DIVISION:   CR-D

## MOTION FOR STATEMENT OF PARTICULARS

Defendant, **TAKOYA CRINER,** by and through his/her undersigned attorney,

**GEORGE T. FALLIS, ESQ., OF THE LAW OFFICE OF THOMAS G. FALLIS,** pursuant

to Rule 3.140(n), Florida Rules of Criminal Procedure, respectfully moves this Honorable Court

to order the State of Florida to file a written statement of particulars with the Court specifying as

definitely as possible the place, date and time of the offense(s) charged in the Information(s).

**DATED** this ____ day of July, 2002.

**I HEREBY CERTIFY** that a copy of the foregoing Motion For Statement Of Particulars

has been furnished by hand, and/or mail delivery to the State Attorney's Office, this ____ day of

July, 2002.

LAW OFFICES OF
THOMAS G. FALLIS, P.A.

_____
**GEORGE T. FALLIS, ESQUIRE**
Florida Bar No.: 0122033
233 East Bay Street, Ste. 601
Jacksonville, Florida 32202
(904) 356-6440

00013



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

**FILED**

JUL 1 1 2002

Jim Fuller

CLERK CIRCUIT COURT

STATE OF FLORIDA
vs.
TAKOYA CRINER,
            Defendant.
_____/

CASE NO.: 2002-6549-CFA
S A. NO.:
DIVISION:   CR-D



FILED
IN COMPUTER
R. D.

## NOTICE OF DEFENDANT'S INTENT TO
## PARTICIPATE IN DISCOVERY

COMES NOW the Defendant, **TAKOYA CRINER**, by and through his undersigned

attorney, **GEORGE T. FALLIS, ESQ., OF THE LAW OFFICE OF THOMAS G. FALLIS**

**P.A.,** pursuant to Rule 3.220(b)(1) of the Florida Rules of Criminal Procedure (as amended July

1, 1989), and hereby serves notice of his intent to participate in discovery and requests the

following information to be provided by the prosecution for inspection, copying, testing or

photographing:

      1.      The names and addresses of all persons known to the prosecutor to have

information which may be relevant to the offense charged, and to any defense with respect

thereto.

      2.      The statement of any person whose name is furnished in compliance with the

preceding paragraph.  The term "statement" as used herein means a written statement made by

said person and signed, otherwise, adopted or approved by him and also includes any statements

of any kind or manner made by such person, written or recorded, or summarized in any writing or

recording.  The term "statements" is specifically intended to include all police and investigative

reports of any kind prepared for, or in connection with the case.

      3.      Any and all records of the Federal Bureau of Investigation, Jacksonville Sheriff's

00014

Office, Florida Department of Criminal Law Enforcement, or any other agency known to the State, which records reflect or purport to reflect the criminal history, including arrests, dispositions, or inquiries of the Defendant in this cause, and those persons shown as material witnesses in response to item number "1" above.

4.    Any written or recorded statements and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement.

5.    Any written or recorded statement and the substance of any oral statements made by a co-defendant if the trial is to be a joint one.

6.    Those portions of recorded grand jury minutes that contain testimony of the accused.

7.    Any tangible papers or objects which were obtained from or belong to the accused.

8.    Whether the State has any material or information which has been provided by a confidential informant.

9.    Whether there has been any electronic surveillance, including wiretapping, of the premises of the accused, or of conversation to which the accused was a party; and, any documents relating thereto.

10.    Whether there has been any search or seizure and any documents relating thereto.

11.    Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

12.    Any tangible papers or objects which the prosecuting attorney intends to use in the

hearing or trial and which were not obtained from or belong to the accused.

13.   Any evidence or information within the State's possession, control or knowledge

which is exculpatory or favorable to the Defendant with respect to the offense charged.  Said

evidence or information should include, but not be limited to, those matters described as follows:

(a)   Any statement given or made by any person shown in response to item number "1" hereof which is inconsistent with any other statement made by such witness.  Such inconsistent statements should include   any and all oral or written statements by such witnesses.

(b)   Any promises of immunity, leniency or recommendation  of specific sentence made to any witness shown in response to item number "1" hereof, or any attorney or representative on his behalf.

(c)   Any and all offers for delivery, or expressed or implied agreements for future delivery, of a reward or compensation of any kind or description to any person shown in response to item number "1" hereof as payment or in return for his/her participation, cooperation, or testimony in this cause.  This request is to be construed as requiring disclosure of any such reward or compensation in addition to or in excess of statutory witness fees or regular salary compensation to sworn law enforcement officers.

(d)   Any and all threats to prosecute any witness shown in response to item number "1" hereof, when such threats were made by the prosecutor or any other agent of the State of Florida or of the United States of America.

(e)   Any and all prior or pending criminal charges against any persons shown in response to item numbered "1"hereof.

(f)   Information as to any eyewitness identification made by any person, including but not limited to, those witnesses shown in response to item number "1" hereof, which have identified a person other than the accused as being the perpetrator of the offense charged.

(g)   Information or evidence as to any description of the alleged perpetrator of the offense charged by any persons who purport to be eyewitnesses to the charge, which in some material aspect, do not match the physical description of the accused.

(h)   The results of fingerprint analysis performed on any physical exhibits relating

00016

hereto which has shown such prints to be those of some person or persons, known or unknown, other than the Defendant.

The undersigned certifies that this **NOTICE** is filed in good faith pursuant to Rule 3.220(n)(3) of the Florida Rules of Criminal Procedure (as amended July 1, 1989).

**WHEREFORE**, the Defendant, by and through undersigned counsel respectfully requests the prosecution to provide the above information pursuant to Rule 3.220(b)(1) (1989) in a manner mutually agreeable to State and defense, or provide notice that a court order needs to be sought in accordance with Rule 3.220(b)(3), Florida Rules of Criminal Procedure (1989).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Office of the State Attorney, by hand and/or U.S. Mail, this ____8____ day of July, 2002.

THE LAW OFFICE OF
THOMAS G. FALLIS, P.A.

**GEORGE T FALLIS, ESQUIRE**
Florida Bar No.: 0122033
233 East Bay Street, Ste. 601
Jacksonville, FL 32202
(904) 356-6440
Attorney for Defendant

00017

FILED

JUL 1 9 2002

*Jim Fuller*

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

STATE OF FLORIDA

vs.

**TAKOYA CRINER,**
Defendant.

_____/

CASE NO.: 2002-6549-CFA

S. A. NO.: 2002-7395

DIVISION: CR-D

FILED
IN COMPUTER
R. D.

### DEFENDANT'S MOTION TO BE DECLARED PARTIALLY INSOLVENT FOR PURPOSES OF COSTS

Defendant, **TAKOYA CRINER**, by and through his undersigned counsel, hereby files his

Motion requesting that the Court declare him partially insolvent for purposes of costs pursuant to Florida

Rule of Criminal Procedure 3.111 (b)(4) and in support thereof alleges the following:

1.  Defendant does not earn sufficient monies with which to pay for costs herein. He is presently charged with Two Counts Murder in the Second Degree, and One Count Attempted Murder in the First Degree, and is facing potentially serious consequences.

2.  Defendant is unable to pay for a proper defense and, as such is requesting an adjudication declaring him partially insolvent so that he has the assistance necessary to defend himself. Due process dictates that he be allowed sufficient monies with which to establish a defense.

3.  Defendant specifically requests that the Order adjudicating him partially insolvent include the costs of per diem court reporter expenses, transcripts, the issuance of subpoenas and the cost of services of process, investigative costs, psychiatric evaluations, lie detector tests.

**WHEREFORE**, for good cause shown, Defendant requests that this Motion be granted and that

the relief requested herein be afforded to him.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the State Attorney's

Office by hand or mail this _18_ day of July, 2002.

Law Office of
Thomas G. Fallis. P.A.

_____
Thomas G. Fallis, Esquire
Florida Bar No.: 0699233
233 East Bay Street, Suite 601
Jacksonville, Florida 32202
(904) 356-6440

00018



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

STATE OF FLORIDA

vs.

TAKOYA CRINER,

          Defendant.

_____/

CASE NO.: 2002-6549-CFA
S. A. NO.: 2002-7395
DIVISION: CR-D

## ORDER FOR DEFENDANT TO BE DECLARED PARTIALLY INSOLVENT FOR PURPOSES OF COST

     This cause having come to be heard and duly considered upon the Defendant's Motion for declaration of partial insolvency for purposes of costs incurred on be half of the defense of above Defendant, it is hereby

     **ORDERED AND ADJUDGED**, that Defendant, Takoya Criner be adjudicated partially insolvent for the purposes of costs to include court reporter per diem expenses, transcripts, the issuance of subpoenas and the cost of services of process, investigative costs, psychiatric evaluations and lie detector tests, if necessary.

     **DONE AND ORDERED** at Jacksonville, Duval County Florida, the 15th day of July, 2002.

                                     Circuit Court Judge

CC:
Thomas G. Fallis, P.A.
State Attorney Office
Court Administration

00019

9/5/02
STATE ATTORNEY NO.:   02-7395

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:   02-6549 CF

DIVISION:   CR-D



STATE OF FLORIDA

vs.

TAKOYA DOMINIC CRANER

**FILED**

JUL 2 9 2002

CLERK CIRCUIT COURT

RESPONSE TO DEMAND AND
DEMAND FOR RECIPROCAL DISCOVERY

FILED
IN COMPUTER
R. D.

This response meets the requirements of Rule 3.220(b), Florida Rules of Criminal Procedure, and provides answers in the same order as required by the Rule.  The State demands reciprocal discovery as required by Rule 3.220(d), Florida Rules of Criminal Procedure.

1.   All court reporters used in depositions and prior sworn statements in this cause, and all witnesses whose names are brought out in depositions.

Category A:

Detective J.Davis #7165 JSO
Detective L. Mills #5443 JSO
Detective C. Ford #6848 JSO
Sgt. A.K. Oneil #6435 JSO
Harold Telfair - 3312 Plum St. Jacksonville, FL 322
Tiffany Heggs - 2508 Town Square Drive, Jacksonville, FL 32216
Christopher Prater - 953 Aries Rd. W., Jacksonville, FL 32216
Gavin Berry - 2508 Town Square Drive, Jacksonville, FL 32216
R.L. Davidson #7237 JSO (E.T.)
G.N. Price #6194 JSO (E.T.)
J.K. Kayter #6842 JSO (E.T.)
D.W. Obryant #5313 JSO (E.T.)
 B.R. Smith #5800 JSO (initial responding officer)
MEO (name to be provided)

Category B:

Sgt. Riggs #   JSO
T. Howell #6648 JSO (fingerprint analyst)
Lt. G. Dubberly #6906 JSO
Sgt. R.E. Dowling #6353 JSO
Sgt. G.H. Davis #5044 JSO (E.T. sgt.)
M.E. Moore, MEO investigator, MEO, (removed bodies)
R.E. Espisito #6019 JSO (collected a handgun)
S. Falcon #5583 JSO property room custodian

2. All statements brought out at depositions. Any statements contained on the arrest docket and all police reports.   Sworn statements by H. Telfair, C. Prater, and T. Heggs.

*3. All statements brought out at depositions.  Any statements by accused on the arrest docket and all police reports.  Numerous, please see homicide supplement report (to be provided).  Videotape of tape of Defendant with counsel taking police to location of gun (and all statements on videotape).

4. None known to the State at this time.

5. None known to the State at this time.

*6. Clothing - white tank top and blue jeans.

7. None known to the State at this time.

8. None known to the State at this time.

*9. Yes, no documents.

*10. Any statements brought out at depositions.

*11. Photos, maps, charts, diagrams, rights form, court records and supporting documents. Six .380 shell casings. Mossberg shotgun. Chair. Blood swabs and control swabs. Cameras  Gun clip. 9 mm live rounds. Two 9 mm pistols. Shoes. Newport cigarrettes. Cigar box with cigars. Sony game control.  Cuttings from couch as well as control cuttings. Paper towel with blood. T-shirt with blood. Cuttings from carpet as well as control cuttings. Blood scrapings. 45 caliber live rounds. 12 gauge shotgun and rounds. 9 mm rifle with strap. 9 mm rifle. 223 caliber rifle with strap. 7.62 mm live rounds. 9m clips. 45 caliber clips. 223 caliber clips. Projectiles. Cannabis. U.S. Currency. 9 mm magazine. 45 caliber pistol and magazine. Two vehicles. Beer bottles.

12. None known to the State at this time.

* Defense may inspect, copy, test or photograph items contained in these paragraphs by appointment.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished by _Mail_, to George Fallis, Esq., this _26_ day of _July_, 2002.

HARRY L. SHORSTEIN
STATE ATTORNEY

By: _____
Daniel E. Skinner

00021

TAKOYA DOMINIC CRINER, 02-7395 - Page 2

STATE ATTORNEY NO        2002 0540 CF
                                         NO        2002 0540 CF
                                         DIVISION   CR-D

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR DUVAL COUNTY,
SPRING TERM, IN THE YEAR TWO THOUSAND TWO

STATE OF FLORIDA                    INDICTMENT FOR:

     vs.

TAKOYA DOMINIC CRINER               FIRST DEGREE MURDER (TWO COUNTS)
                                    and ATTEMPTED FIRST DEGREE
-------------------------------------------------   MURDER

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

     The Grand Jurors of the State of Florida and County of Duval, empaneled and sworn to inquire and true presentment make in and for the body of the County of Duval, upon their oaths, do present and charge that TAKOYA DOMINIC CRINER, on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, unlawfully and from a premeditated design to effect the death of Isaac Eugene Brown, Jr., did then and there kill the said Isaac Eugene Brown, Jr., a human being, by shooting the said Isaac Eugene Brown, Jr. and during the commission of the aforementioned Murder in the First Degree, the said TAKOYA DOMINIC CRINER, did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Section(s) 782.04(1)(a) and 775.087, Florida Statutes.

<u>SECOND COUNT</u>

     The Grand Jurors of the State of Florida and County of Duval, empaneled and sworn to inquire and true presentment make in and for the body of the County of Duval, upon their oaths, do present and charge that TAKOYA DOMINIC CRINER, on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, unlawfully and from a premeditated design to effect the death of Jeffrey Martin Hicks, did then and there kill the said Jeffrey Martin Hicks, a human being, by shooting the said Jeffrey Martin Hicks and during the commission of the aforementioned Murder in the First Degree, the said TAKOYA DOMINIC CRINER, did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Section(s) 782.04(1)(a) and 775.087, Florida Statutes.

## THIRD COUNT

The Grand Jurors of the State of Florida and County of Duval, empaneled and sworn to inquire and true presentment make in and for the body of the County of Duval, upon their oaths, do present and charge that TAKOYA DOMINIC CRINER on or between the 26th day of May, 2002 and the 27th day of May, 2002, in the County of Duval and the State of Florida, did attempt to unlawfully kill Gavin Derrick Berry, a human being, by shooting the said Gavin Derick Berry, with a pistol, with a premeditated design to effect the death of Gavin Derick Berry, a human being, and during the commission of the aforementioned Attempted First Degree Murder the said TAKOYA DOMINIC CRINER did discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon any person, contrary to the provisions of Sections 782.04(1)(a), 777.04(1) and 775.087, Florida Statutes.

_____
Foreperson of the Duval County Grand Jury

_____
Daniel E. Skinner
Bar Number 0108324
Assistant State Attorney
Fourth Judicial Circuit in and for Duval
County, Florida,
Prosecuting for said State

I, Daniel E. Skinner, Assistant State Attorney for the Fourth Judicial Circuit of Florida, in and for Duval County, hereby certify that I, as such Prosecuting Officer and as authorized and required by law, have advised the Grand Jury which returned this Indictment this 5th day of September, 2002.

_____
Daniel E. Skinner
Bar Number 0108324
Assistant State Attorney

Race:  Black          Sex:   Male          DOB:   10/13/82          SSN:   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

DES/bas

Custody:   X  Yes   _____ No          Bond   $_____          X  None

Capias:   _____ (If not in custody)          Arraignment Date   9/17/02

Juvenile:   _____ Yes   X  No          Sealed _____ Yes   X  No

Receiving Judge:   _____

MCL NO:   S782.04(1)(A), S775.087; S782.04(1)(A), S775.087; S782.04(1)(A), S775.087(2)(A)3, S777.04(1), LI4

00023

CASE NO. <u>2002-6549-CF-A</u>

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR
<u>DUVAL</u> COUNTY, <u>SPRING</u> TERM, 20<u>02</u>.

---

**THE STATE OF FLORIDA**

**vs.**

TAKOYA DOMINIC CRINER

---

**INDICTMENT FOR**

FIRST DEGREE MURDER (TWO COUNTS)
and ATTEMPTED FIRST DEGREE MURDER

---

**A TRUE BILL**

Foreperson of the Grand Jury

---

**WITNESS FOR THE STATE**

DET. JIM DAVIS, #7165, JSO

---

Presented in open Court by the Grand Jury and filed
this <u>4th</u> day of <u>September</u>, 20<u>02</u>.

**JIM FULLER**

**Clerk Circuit Court**

By Nancy K. Pritchard

**Deputy Clerk**

**HARRY L. SHORSTEIN
STATE ATTORNEY**

C0024

STATE ATTORNEY NO.:        2-7395           IN THE CIRCU     URT OF THE FOURTH JUDICIAL
                                            CIRCUIT, IN A     OR DUVAL COUNTY, FLORIDA

                                            CASE NO.:      2002-6549-CFA

                                            DIVISION:      CR-D

---

STATE OF FLORIDA

         vs.

TAKOYA DOMINIC CRINER

----------------------------------------------------

**FILED**

SEP 1 7 2002

CLERK CIRCUIT COURT

### NOTICE OF INTENT TO SEEK DEATH PENALTY AND
### REQUEST FOR STATEMENT OF PARTICULARS OF MENTAL MITIGATION

         The State of Florida, by and through the undersigned Assistant State Attorney, does hereby give notice to the Defendant in this case, pursuant to Rule 3.202, Florida Rules of Criminal Procedure, that the State of Florida intends to seek the death penalty for the First Degree Murder(s) charged in this case.

         The State of Florida requests that the Defendant provide the State of Florida with a statement of particulars listing the statutory and non-statutory mental mitigating circumstances the Defendant expects to establish through expert testimony and the names and addresses of the mental health experts by whom the Defendant expects to establish these mitigating circumstances.

### CERTIFICATE OF SERVICE

         I HEREBY CERTIFY that a copy of the foregoing motion has been furnished by ___hand___, to Tom Fallis, Esquire, 233 East Bay Street, Suite 601, Jacksonville, Florida 32202, this ___17___ day of September, 2002.

                                        HARRY L. SHORSTEIN
                                        STATE ATTORNEY

                                        By:_____
                                            Daniel E. Skinner
                                            Bar Number 0108324
                                            Assistant State Attorney

TL/ph

00025

2002-7395L.A84

STATE ATTORNEY NO.: ____395

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 02-6549 CF

STATE OF FLORIDA

DIVISION: CR-D

vs.

TAKOYA DOMINIC CRINER

FILED IN COMPUTER R. D.

FILED
SEP 1 7 2002

CLERK CIRCUIT COURT

## MOTION TO COMPEL BODY SAMPLES

The State of Florida, by and through the undersigned Assistant State Attorney, pursuant to Rule 3.220(c), Florida Rules of Criminal Procedure, requests that the Court order the Defendant in the above-styled cause to appear before _____TBA_____ and provide any and all samples of his blood, saliva, and hair as deemed necessary by said officer / official. Reasonable notice of the time and place for the taking of said samples will be provided to defense counsel.

As grounds therefore, the State would show as follows:

1. The crime scene where the homicides occurred contained blood samples that were collected by evidence technicians of the Jacksonville Sheriff's Office.

2. The blood collected needs to be compared to the victim(s) as well as the Defendant to determine the origin of the blood.

3. The crime scene and the evidence therein is critical and goes to material issues in the case.

WHEREFORE, the State respectfully requests that this Court grant its Motion.

02-7395

00026

<u>CERTIFICATE OF SERVICE</u>

George    I HEREBY CERTIFY that a copy of the foregoing has been furnished by ___hand___, to Thomas Fallis, Esq.the Office of the Public Defender, 25 North Market Street, Jacksonville, Florida 32202, this ___17___ day of ___September___, 2002.

HARRY L. SHORSTEIN
STATE ATTORNEY

By:_____
    Daniel E. Skinner
    Bar Number:   0108324
    Assistant State Attorney

/des

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: _____ 02-6549 CF _____
DIVISION: _____ CR-D _____

STATE OF FLORIDA

-VS-

TAKOYA DOMINIC CRINER
_____

_____

_____

_____

FILED
IN COMPUTER
R. D.

FILED
SEP 1 9 2002
_____
CLERK CIRCUIT COURT

**ORDER**

THIS CAUSE COMING ON BEFORE THE COURT UPON THE (DEFENDANT'S)

(STATE'S) MOTION TO COMPEL BODY SAMPLES _____

_____

_____

_____

_____

FILED HEREIN ON THE __17TH__ DAY OF __SEPTEMBER__ __2002__ AND THE COURT

HAVING HEARD ARGUMENTS OF THE STATE'S ATTORNEY AND OF COUNSEL FOR

DEFENSE, AND BEING FULLY ADVISED IN THE PREMISES, IT IS THEREUPON

**ORDERED AND ADJUDGED** THAT THE AFORESAID MOTION SHALL BE

AND THE SAME IS HEREBY  *Granted.*

**DONE AND ORDERED** IN OPEN COURT AT JACKSONVILLE, DUVAL COUNTY,

FLORIDA, THIS _19t_ DAY OF _Sept_ _2002_

_____
CIRCUIT JUDGE

00028

STATE OF FLORIDA

**FILED**

SEP 1 9 2002

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

v.

CASE NO. 2002-6549-CF-A

Tanoya Criner

DIVISION D

## WAIVER OF SPEEDY TRIAL

FILED
ON COMPUTER
R. D.

Comes now the defendent - together with attorney - and hereby waives the right of speedy trial as provided by the Constitution of the United States and the State of Florida, Florida Statute 918.015, Rule 3.191 of the Florida Rules of Criminal Procedure and other applicable provisions of the Florida Statutes and F.R.C.P.

This Waiver of Speedy Trial is freely and voluntarily made for the reason that it is considered to be in the best interest of the defendant.

☒  This is an unlimited waiver of speedy trial in this case.

☐  This is a limited waiver of speedy trial for the period of _____

_____

_____

_____

My attorney and I have signed this waiver of speedy trial in Jacksonville, Duval County, Florida, on _____Sept 19, 2002_____.

_____
Attorney for Defendant

_____
Defendant

_____
CIRCUIT JUDGE

My signature as Circuit Judge is certification that the waiver of speedy trial was freely, voluntarily and knowingly made - and it is hereby approved and accepted.

(Hudson Olliff, Circuit Judge, 4th revised Form #12 (10-90), filed with Florida Bar Center)

00029

PSS-3819

FILED
APR 30 2003

*[signature]*

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

STATE OF FLORIDA,
V.
TAKOYA CRINER,
      Defendant.

CASE NO.: 2002-6549-CF
DIVISION: CR-D
S. A. NO.: 2002-7395

*granted [handwritten]*

FILED
IN COMPUTER
CR. D.

## DEFENDANT'S MOTION FOR CONTINUANCE OF JURY SELECTION SET FOR MAY 5, 2003

**COMES NOW** Defendant, Takoya Criner, by and through his undersigned attorney, **THOMAS G. FALLIS, P.A.**, moves this Honorable Court to grant a Continuance of Jury Selection scheduled for May 5, 2003, and as grounds states the following:

1. This case is scheduled for jury selection on May 5, 2003.

2. Although diligent efforts have been made, discovery has not been completed.

3. There are depositions that need to be completed.

4. Additionally, the State Attorney has indicated that they are still waiting on some results from the Florida Department of Law Enforcement.

5. There is no objection by the State to this continuance.

**WHEREFORE**, Defendant moves this Honorable Court to grant this Motion for Continuance of Jury Selection scheduled for May 5, 2003.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the Office of the State Attorney by fax, this 28 day of April, 2002.

THOMAS G. FALLIS, P.A.

*[signature]*

THOMAS G. FALLIS
Florida Bar No.: 0699233
233 East Bay Street, Ste. 601
Jacksonville, Florida 32202
(904) 356-6440

00030

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that a copy of the foregoing is filed in good faith and not for purposes of delay.

_____
A T T O R N E Y

00031

04/01/04
STATE ATTORNEY NO.:   02-7395

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR CLAY
COUNTY, FLORIDA

CASE NO.:   ~~02-6549 CF~~   2002 CF 549 A XXX MA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA CRINER

FILED
IN COMPUTER
K. H.

FILED

JUL 2 3 2004

CLERK CIRCUIT COURT

STATE'S FIRST
AMENDED DISCOVERY EXHIBIT

A.   Category B:

FDLE expert (firearms, bullet identification)(name to be provided)

Category C:

Greg Scott - 8774 Ivy Road Jacksonville Fl 32216
Adrienne Brooks - 8774 Ivy Road Jacksonville Fl 32216
Renee Hayes - 8774 Ivy Road Jacksonville Fl 32216
Loree Furr - 2513 Townsquare Dr. Jacksonville, FL 32216
Brenda Haynes - 2524 Townsquare Dr. Jacksonville, FL 32216
Cindy Newton - 2516 Townsquare Dr. Jacksonville, FL 32216
Roger Freeman - 2500 Townsquare Dr. Jacksonville, FL 32216

J.   FDLE report (projectiles)(to be provided)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by _hand_, to Tom Fallis, Esquire, 233 E. Bay Street, Suite 601, Jacksonville, FL 32202, this _29th_ day of _March_, 2004.

HARRY L. SHORSTEIN
STATE ATTORNEY

By: _____
Daniel E. Skinner
Bar Number:  0108324
Assistant State Attorney

/des

00033

TAKOYA CRINER, 02-7395 - Page 2

04/01/04
STATE ATTORNEY NO.:    02-7395

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR CLAY
COUNTY, FLORIDA

CASE NO.:    02-6549 CF

DIVISION:    CR-D

STATE OF FLORIDA

vs.

TAKOYA CRINER

FILED
IN COMPUTER
K. H.

FILED

JUL 2 3 2004

CLERK CIRCUIT COURT

STATE'S SECOND
AMENDED DISCOVERY EXHIBIT

A.   Category A:

Dr. M. Arruza, Medical Examiner's Office

Category B:

K. Welch #6723 JSO (E.T. - took photos of Def's injuries at jail)
M.S. Allen #7288 JSO (E.T. - vehicle search)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by _hand_, to Tom Fallis,
Esquire, 233 E. Bay Street, Suite 601, Jacksonville, FL 32202, this ___29___ day of
_____March_____, 2004.

HARRY L. SHORSTEIN
STATE ATTORNEY

By: _____

Daniel E. Skinner
Bar Number:  0108324
Assistant State Attorney

/des

00034

04/01/04

STATE ATTORNEY NO.:   02-7395

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR CLAY COUNTY, FLORIDA

CASE NO.:   ~~02-6549-CF~~ 02-6549A XXX MA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA CRINER





### STATE'S THIRD
### AMENDED DISCOVERY EXHIBIT

A.   Category A:

  Tiffany Heggs - new address (c/o State Attorney's Office)
  Gavin Berry - new address (c/o State Attorneys' Office)

Category B:

  Det. R. Booker #6081 JSO
  J.C. Williams #7063 JSO (K9 officer)
  C.W. Wilkie #6052 JSO (K9 officer)
  E.D. Krawczyk #6246 JSO (K9 officer)
  Shirley Dixon - 804 Gardenia Lane, Jacksonville, FL
  David Canup - 804 Gardenia Lane, Jacksonville, FL (mowed lawn, gun not found)

Category C:

  J.M. Milford #6278 JSO (perimeter officer at shooting scene)
  M.A. Zona #7088 JSO (perimeter officer at shooting scene)
  J.K. Hortsmanshof #6002 (officer at end of chase scene)
  E.D. Wilson Jr. #7191 JSO (officer at end of chase scene)
  M.A. Bowles #6469 JSO (officer at end of chase scene)
  M.L. Doherty #5437 JSO (officer at end of chase scene and participated in show of Defendant to
    T. Heggs)
  Manning McKinney - 4554 Monument Point Dr., Jacksonville, FL
  Jahdiel Williams - 253 Maplewood Dr. Jacksonville, FL
  Bob Roberson - (unknown address)

00035

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by ___hand___, to Tom Fallis, Esquire, 233 E. Bay Street, Suite 601, Jacksonville, FL 32202, this ___24___ day of ___March___, 2004.

HARRY L. SHORSTEIN
STATE ATTORNEY

By:_____
Daniel E. Skinner
Bar Number:  0108324
Assistant State Attorney

/des

00036

TAKOYA CRINER, 02-7395 - Page 2

02/08/05
STATE ATTORNEY NO.:   02 - 7395

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:   02 - 6549 CF

DIVISION: CR-G

STATE OF FLORIDA

   vs.

TAKOYA CRINER

-----------------------------------------------------

FILED

FEB 09 2005

CLERK CIRCUIT COURT

FILED
IN COMPUTER

### STATE'S FOURTH
### AMENDED DISCOVERY EXHIBIT

A.   Category B:

   Gabe Caceras - FDLE, 921 North Davis Street, Building E, Jacksonville, FL 32209
   Dr. Martin Tracy - (address to be provided)
   David Warniment (previously listed in State's First Amended Discovery Exhibit, name being
   provided) - FDLE, 921 N. Davis St., Building E, Jacksonville, FL 32209
   Deborah Lightfoot - FDLE, 500 W. Robinson St., Orlando, FL 32801

F.   GSR kit examined by Deborah Lightfoot

J.   Gabe Caceras' report (previously listed without name)
   Dave Warniment's report (previously listed without name)
   Deborah Lightfoot's report

K.   Jersey.  Lift cards (16).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by _____m6i_____, to Mr. Tom Fallis, Esquire, 233 East Bay Street, Suite 601, Jacksonville, FL 32202, this _____2nd_____ day of _____February_____, 2005.

HARRY L. SHORSTEIN
STATE ATTORNEY

By:_____

Daniel E. Skinner
Bar Number:  0108324
Assistant State Attorney

/des

00038

STATE ATTORNEY NO.: ██02 - 7395

IN THE ██CUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2002-CF-654█ AXXXMA

STATE OF FLORIDA

vs.

TAKOYA CRINER

DIVISION: CF-D



FILED
IN COMPUTER
M. M.

FILED
MAY 1 0 2005
CLERK CIRCUIT COURT

## STATE'S FIRST MOTION IN LIMINE

The State of Florida, by and through the undersigned Assistant State Attorney, files this Motion in Limine and requests this Honorable Court to prohibit any and all argument, testimony or evidence regarding the State's failure to call any witness, unless and until it is determined that such witness is peculiarly within the State's power to call and that such witness's testimony would elucidate the transaction. In support thereof, the State would allege as follows:

1.      The case has been set for trial.

2.      The State believes that, at the trial, the defendant will attempt to introduce evidence, make reference to, argue, or otherwise imply that the State has failed to call a witness because the testimony of such witness would be unfavorable to the State.

3.      The prejudicial effect of such evidence or inference outweighs its probative value.

4.      It is contrary to the rules and laws governing the courts of the State of Florida to permit such evidence or inference and would be highly prejudicial to the State in the minds of the jury in that unless it is determined that any such witness is peculiarly available to the State and has direct, relevant and material evidence to give, such arguments would seriously mislead the jury.

5.      An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove such a prejudicial effect from the jury.

6.      In support of this motion the State would cite Haliburton v. State, 561 So.2d 248 (Fla. 1990); State v. Michaels, 454 So.2d 560 (Fla. 1984); Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985); Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985), reversed on other grounds, 517 So.2d 678 (Fla. 1988).

WHEREFORE, the State prays this Honorable Court will grant the State's Motion in Limine.

00039

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished by ___hand___ to Thomas G. Fallis, Esquire, 233 East Bay Street, Suite 601, Jacksonville, FL 32202 , this ___ ___ day of May, 2005.

Respectfully submitted,

HARRY L. SHORSTEIN
STATE ATTORNEY

By:_____
Daniel E. Skinner
Bar Number:   0108324
Assistant State Attorney

/des

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: _2002_ CR _6549A_ XXX MA

DIVISION: _____CR-D_____

STATE OF FLORIDA

-VS-  *TaKorya Griner*

**FILED
IN COMPUTER
M. M.**

**FILED
MAY 1 0 2005
_____
CLERK CIRCUIT COURT**

**ORDER**

THIS CAUSE COMING ON BEFORE THE COURT UPON THE (DEFENDANTS)

(STATE'S) *First Motion in Limine*

FILED HEREIN ON THE _10_ DAY OF *May 2005* AND THE COURT

HAVING HEARD ARGUMENTS OF THE STATE'S ATTORNEY AND OF COUNSEL FOR

DEFENSE, AND BEING FULLY ADVISED IN THE PREMISES, IT IS THEREUPON

**ORDERED AND ADJUDGED** THAT THE AFORESAID MOTION SHALL BE

AND THE SAME IS HEREBY *Granted* .

**DONE AND ORDERED** IN OPEN COURT AT JACKSONVILLE, DUVAL COUNTY,

FLORIDA, THIS _10_ DAY OF *May 2005*

_____
CIRCUIT JUDGE

00041

STATE ATTORNEY NO.: ⬤2 - 7395        IN THE ⬤CUIT COURT OF THE
                                     FOURTH JUDICIAL CIRCUIT, IN AND
                                     FOR DUVAL COUNTY, FLORIDA

                                     CASE NO.: 16-2002-CF-6540 AXXXMA

STATE OF FLORIDA                     DIVISION:  CR-D

    vs.

TAKOYA CRINER

---------------------------------------------------

FILED

MAY 1 0 2005

CLERK CIRCUIT COURT

### STATE'S SECOND MOTION IN LIMINE

Comes now the State of Florida, by and through the undersigned Assistant State Attorney, and moves this Honorable Court to prohibit the defendant from questioning any State witness about exculpatory statements made by the defendant. As grounds for this motion, the State maintains that:

1.    The case has been set for trial.

2.    The State believes that, at the trial, the defendant will attempt to question witnesses other than the defendant regarding exculpatory statements made by the defendant.

3.    Such testimony is hearsay and prohibited under Sections 90.801(1)(b) and (c), Florida Statutes.

4.    Such testimony is self-serving and therefore is inadmissible.

5.    An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, would create prejudice against the State by emphasizing otherwise inadmissible testimony.

6.    In support of this motion the State would cite Overton v. State, 429 So.2d 722 (Fla. 1st DCA 1983), Pet. for rev. den. 440 So.2d 352 (Fla. 1983); Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983); Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981).

WHEREFORE, the State prays this Honorable Court will grant the State's Motion in Limine.

00042

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished by __hand__ to Thomas G. Fallis, Esquire, 233 East Bay Street, Suite 601, Jacskonville, FL 32202, this ___10___ day of May , 2005.

Respectfully submitted,

HARRY L. SHORSTEIN
STATE ATTORNEY

By:_____

Daniel E. Skinner
Bar Number: 0108324
Assistant State Attorney

/des

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: _2022_ CR _2549_ A XXX MA

DIVISION: _____ CR-D _____

STATE OF FLORIDA

-VS-

_Takija Criner_

**FILED**

MAY 1 0 2005

_Jim Fuller_
CLERK CIRCUIT COURT

FiLED
IN COMPUTER
M. M.

**ORDER**

THIS CAUSE COMING ON BEFORE THE COURT UPON THE (DEFENDANT'S)

(STATE'S) _Second Motion in Limine_

FILED HEREIN ON THE _10_ DAY OF _May_ _2005_ AND THE COURT

HAVING HEARD ARGUMENTS OF THE STATE'S ATTORNEY AND OF COUNSEL FOR

DEFENSE, AND BEING FULLY ADVISED IN THE PREMISES, IT IS THEREUPON

**ORDERED AND ADJUDGED** THAT THE AFORESAID MOTION SHALL BE

AND THE SAME IS HEREBY _Granted._

**DONE AND ORDERED** IN OPEN COURT AT JACKSONVILLE, DUVAL COUNTY,

FLORIDA, THIS _10_ DAY OF _May_ _2005_

_____
CIRCUIT JUDGE

00044

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2002-CF-6540 AXXXMA

STATE OF FLORIDA

vs.

TAKOYA CRINER

----------------------------------------------------

DIVISION: CR-D

FILED
IN COMPUTER
M. M.

**FILED**

MAY 1 1 2005

_Lin Fuller_
CLERK CIRCUIT COURT

## STIPULATION and AGREEMENT

NOW, THEREFORE, in consideration of the understanding and agreement of the Defendant, Takoya Criner, and of the State of Florida, the parties do stipulate and agree as follows with respect to the DNA testing and results in this cause produced by Gabe Caceras of the Florida Department of Law Enforcement:

1. Three cuttings from the jersey worn by the Defendant during the incident, identified as State's JJJJ and entered into evidence as State's Exhibit ___79___, produced blood, all which belonged to Gavin Berry.

2. The debris recovered from the chair where Isaac Brown was found deceased, identified as State's XXXX and entered into evidence as State's Exhibit ___38___, produced results which showed the debris to be Isaac Brown's DNA.

3. A cushion cutting from the couch, identified as State's XXX and entered into evidence as State's Exhibit ___46___, contains the blood DNA profile of Isaac Brown.

4. A cushion cutting from the couch, identified as State's YYY and entered into evidence as State's Exhibit ___47___, contains the blood DNA profile of Isaac Brown.

5. A cutting from the carpet, identified as State's BBBB and entered into evidence as State's Exhibit ___55___, contains the blood DNA profile of Gavin Berry.

6. A cutting from the carpet, identified as State's ZZZ and entered into evidence as State's Exhibit ___53___, contains the blood DNA profile of Isaac Brown.

7. A cutting from the carpet, identified as State's YYYY and entered into evidence as State's Exhibit ___50___, contains the blood DNA profile of Jeffery Hicks.

stipcriner.wpd

00045

8.  Blood scrapings taken from the scene, identified as State's DDDD and entered into evidence as State's Exhibit __57__, contains the blood DNA profile of Gavin Berry.

9.  Blood scrapings taken from the scene, identified as State's EEEE and entered into evidence as State's Exhibit __61__, contains the blood DNA profile of Gavin Berry.

10.  Blood scrapings taken from the scene, identified as State's FFFF and entered into evidence as State's Exhibit __62__, contains the blood DNA profile of Gavin Berry.

11.  Blood scrapings taken from the scene, identified as State's CCCC and entered into evidence as State's Exhibit __67__, contains the blood DNA profile of Gavin Berry.

12.  Blood scrapings taken from the scene, identified as State's HHHH and entered into evidence as State's Exhibit __58__, contains the blood DNA profile of Isaac Brown.

13.  Blood scrapings taken from the scene, identified as State's GGGG and entered into evidence as State's Exhibit __63__, contains the blood DNA profile of Isaac Brown.

14. A paper towel found underneath the body of Jeffery Hicks, identified as State's ZZZZ and entered into evidence as State's Exhibit __51__, contained the blood DNA profile of Jeffery Hicks.

15. A bloody T-shirt found on the floor of the scene, identified as State's IIII and entered into evidence as State's Exhibit __41__, matches the DNA profile of Gavin Berry.

EXECUTED this __11th__ day of May, 2005.

I hereby consent to the entry of this Stipulation and Agreement and I hereby certify that I have fully explained the content and consequences of this document to my client.

_____

Defendant

_____

Attorney for Defendant

_____

Daniel E. Skinner
Assistant State Attorney

/des


IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:   162002CF006549AXXXMA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA DOMINIC CRINER

FILED
IN COMPUTER
M. M.

**FILED**

MAY 1 4 2005

*Jim Fuller*
CLERK CIRCUIT COURT

Instructions read to jury by The Honorable Peter L. Dearing, Circuit Judge.

DATED at Jacksonville, Florida on *May 14* _____, 2005.

_____
CIRCUIT JUDGE

/ph/cd

00048

Members of the Jury, thank you for your attention during the trial.

Please pay attention to the instructions I am about to give you.

## STATEMENT OF CHARGE

TAKOYA DOMINIC CRINER, the defendant in this case, has been accused of the crimes of: Count I, First Degree Murder, Count II, First Degree Murder, and Count III, Attempted First Degree Murder.

## INTRODUCTION TO HOMICIDE

In this case TAKOYA DOMINIC CRINER is accused of two counts of First Degree Murder.

---

Murder in the First Degree includes the lesser crimes of Murder in the Second Degree and Manslaughter, all of which are unlawful.

A killing that is excusable or was committed by the use of justifiable deadly force is lawful.

If you find that as to Count I, Isaac Eugene Brown, Jr. and as to Count II, Jeffrey Martin Hicks were killed by TAKOYA DOMINIC CRINER, you will then consider the circumstances surrounding the killings in deciding if the killings were Murder in the First Degree, or was Murder in the Second Degree, or was Manslaughter, or whether the killings were excusable or resulted from justifiable use of deadly force.

## JUSTIFIABLE HOMICIDE

The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit aggravated assault with a deadly weapon upon the defendant.

An aggravated assault with a deadly weapon occurs when a person intentionally and unlawfully threatens, either by word or act, to do violence to another person at a time when the person making the threat appears to have the ability to carry out the threat and when the threat creates in the mind of a potential victim a well-founded fear that the violence is about to take place, and when that assault is made with a deadly weapon.

A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.

## EXCUSABLE HOMICIDE

The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:

1.   When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent;

<u>OR</u>

2.   When the killing occurs by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation;

<u>OR</u>

3.   When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.

"Dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.

I now instruct you on the circumstances that must be proved before TAKOYA DOMINIC CRINER may be found guilty of Murder in the First Degree or any lesser included crime.

TCRINER.JI  /arc/ph/cd

-5-
00052

## MURDER IN THE FIRST DEGREE

To prove the crime of First-Degree Premeditated Murder as to Counts I and II, the State must prove the following three elements beyond a reasonable doubt:

1. As to Count I, Isaac Eugene Brown, Jr. is dead and as to Count II, Jeffrey Martin Hicks is dead.

2. The death(s) was caused by the criminal act of TAKOYA DOMINIC CRINER.

3. As to Count I, there was a premeditated killing of Isaac Eugene Brown, Jr. and as to Count II, there was a premeditated killing of Jeffrey Martin Hicks.

An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

"Killing with Premeditation" is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.

The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.

If a person has a premeditated design to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.

TCRINER.JI /arc/ph/cd

<u>WHEN THERE ARE LESSER INCLUDED CRIMES OR ATTEMPTS</u>

In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime(s) for which he is accused, there may be evidence that he committed other acts that would constitute (a) lesser included crime(s).  Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.  The lesser crimes indicated in the definition of Murder in the First Degree are:

SECOND DEGREE MURDER

MANSLAUGHTER

## MURDER IN THE SECOND DEGREE

To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:

1.   As to Count I, Isaac Eugene Brown, Jr. is dead and as to Count II, Jeffrey Martin Hicks is dead.

2.   The death was caused by the criminal act of TAKOYA DOMINIC CRINER.

3.   There was an unlawful killing of Isaac Eugene Brown, Jr. as to Count I and Jeffrey Martin Hicks as to Count II by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.

An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:

1.   A person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and

2.   Is done from ill will, hatred, spite or an evil intent, and

3.   Is of such a nature that the act itself indicates an indifference to human life.

In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.

If you find the defendant committed Murder in the Second Degree, you will next need to find if during the commission of the crime, the defendant did discharge a firearm and as a result of the discharge, whether death or great bodily harm was inflicted upon any person, or whether the defendant did discharge a firearm, or whether the defendant did actually possess a firearm.  If you find one of these elements has been proven, you should check the appropriate boxes on the verdict form which I will discuss with you later.

TCRINER.JI  /arc/ph/cd

00055

A "firearm" is legally defined as any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.

### MANSLAUGHTER

To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:

1.   As to Count I, Isaac Eugene Brown, Jr. is dead and as to Count II, Jeffrey Martin Hicks is dead.

2. a.   TAKOYA DOMINIC CRINER intentionally caused the death(s) of Isaac Eugene Brown, Jr. as to Count I and Jeffrey Martin Hicks as to Count II.

OR

   b.   The death of Isaac Eugene Brown, Jr. as to Count I and Jeffrey Martin Hicks as to Count II was caused by the culpable negligence of TAKOYA DOMINIC CRINER.

However, the defendant cannot be guilty of Manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.

I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.

The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.

In order to convict of Manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.

TCRINER.JI /arc/ph/cd

If you find the defendant committed Manslaughter, you will next need to find if during the commission of the crime, the defendant did carry, display, use, threaten to use, or attempt to use any weapon or firearm. If you find this element has been proven, you should check the appropriate boxes on the verdict form which I will discuss with you later in these instructions.

A "firearm" is legally defined as any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.

INTRODUCTION TO ATTEMPTED HOMICIDE

~~As to Count III, in this case TAKOYA DOMINIC CRINER is accused of Attempted First Degree~~ ~~Murder of Gavin Derick Berry.~~

Attempted Murder in the First Degree includes the lesser crimes of Attempted Murder in the Second Degree, and Attempted Voluntary Manslaughter, all of which are unlawful.

An attempted killing that is excusable or was committed by the use of justifiable deadly force is lawful.

If you find that there was an attempted killing of Gavin Derick Berry by TAKOYA DOMINIC CRINER, you will then consider the circumstances surrounding the attempted killing in deciding if it was Attempted First Degree Murder, or Attempted Second Degree Murder, or Attempted Voluntary Manslaughter, or whether the attempted killing was excusable or resulted from justifiable use of force.

## JUSTIFIABLE ATTEMPTED HOMICIDE

The attempted killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit an aggravated assault with a deadly weapon upon the defendant.

An aggravated assault with a deadly weapon occurs when a person intentionally and unlawfully threatens, either by word or act, to do violence to another person at a time when the person making the threat appears to have the ability to carry out the threat and when the threat creates in the mind of a potential victim a well-founded fear that the violence is about to take place, and when that assault is made with a deadly weapon.

A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.

## EXCUSABLE ATTEMPTED HOMICIDE

The attempted killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:

TCRINER.JI  /arc/ph/cd

-12-

00059

1.   When the attempted killing is committed by accident or misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or

2.   When the attempted killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or

3.   When the attempted killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the attempted killing is not done in a cruel and unusual manner.

"Dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.

I now instruct you on the circumstances that must be proved before TAKOYA DOMINIC CRINER may be found guilty of Attempted First Degree Murder or any lesser included crime.

## ATTEMPTED MURDER - FIRST DEGREE (PREMEDITATED)

To prove the crime of Attempted First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:

1. TAKOYA DOMINIC CRINER did some act intended to cause the death of Gavin Derick Berry that went beyond just thinking or talking about it.

2. TAKOYA DOMINIC CRINER acted with a premeditated design to kill Gavin Derick Berry.

3. The act would have resulted in the death of Gavin Derick Berry except that someone prevented TAKOYA DOMINIC CRINER from killing Gavin Derick Berry or he failed to do so.

A premeditated design to kill means that there was a conscious decision to kill. The decision must be present in the mind at the time the act was committed. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the act. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the act was committed.

The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the attempted killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the attempted killing.

It is not an attempt to commit first degree premeditated murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.

If you find the defendant committed Attempted Murder in the First Degree, you will next need to find if during the commission of the crime, the defendant did discharge a firearm and as a result of the discharge, whether death or great bodily harm was inflicted upon any person, or whether the defendant did discharge a firearm, or whether the defendant did actually possess a firearm. If you find one of these elements have been proven, you should check the appropriate boxes on the verdict form which I will discuss with you later in these instructions.

TCRINER.JI   /arc/ph/cd

-14-

00061

A "firearm" is legally defined as any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.

WHEN TH█ ARE LESSER INCLUDED CRIME█ █ ATTEMPTS

In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime for which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime. Therefore, if you decide that the main accusation has not been proven beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime. The lesser crimes indicated in the definition of Attempted Murder in the First Degree are:

ATTEMPTED SECOND DEGREE MURDER

ATTEMPTED VOLUNTARY MANSLAUGHTER

## ATTEMPTED SECOND DEGREE MURDER

To prove the crime of Attempted Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:

1.  TAKOYA DOMINIC CRINER intentionally committed an act which would have resulted in the death of Gavin Derick Berry except that someone prevented TAKOYA DOMINIC CRINER from killing Gavin Derick Berry or he failed to do so.

2.  The act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.

An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:

1.  a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and

2.  is done from ill will, hatred, spite or an evil intent, and

3.  is of such a nature that the act itself indicates an indifference to human life.

In order to convict of Attempted Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.

It is not an attempt to commit second degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.

If you find the defendant committed Attempted Murder in the Second Degree, you will next need to find if during the commission of the crime, the defendant did discharge a firearm and as a result of the discharge, whether death or great bodily harm was inflicted upon any person, or whether the

defendant did discharge a firearm, or whether the defendant did actually possess a firearm.  If you find one of these elements have been proven, you should check the appropriate boxes on the verdict form which I will discuss with you later in these instructions.

ATTEMPTED VOLUNTARY MANSLAUGHTER

To prove the crime of Attempted Voluntary Manslaughter, the State must prove the following element beyond a reasonable doubt:

TAKOYA DOMINIC CRINER committed an act which was intended to cause the death of Gavin Derick Berry and would have resulted in the death of Gavin Derick Berry except that someone prevented TAKOYA DOMINIC CRINER from killing Gavin Derick Berry or he failed to do so.

However, the defendant cannot be guilty of Attempted Voluntary Manslaughter if the attempted killing was either excusable or justifiable as I have previously explained those terms.

It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.

In order to convict of Attempted Voluntary Manslaughter it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.

If you find the defendant committed Attempted Voluntary Manslaughter, you will next need to find if during the commission of the crime, the defendant did carry, display, use, threaten to use, or attempt to use any weapon or firearm.   If you find this element has been proven, you should check the appropriate boxes on the verdict form which I will discuss with you later in these instructions.

A "firearm" is legally defined as any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.

JUSTIFIABLE USE OF DEADLY FOR⬤

An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which TAKOYA DOMINIC CRINER is charged if the death(s) of Isaac Eugene Brown, Jr. and Jeffrey Martin Hicks and Gavin Derick Berry resulted from the justifiable use of force likely to cause death or great bodily harm. *the injuries to*

The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:

1.  another's attempt to murder him, or

2.  any attempt to commit an aggravated assault with a deadly weapon.

A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent:

1.  imminent death or great bodily harm to himself or another, or

2.  the imminent commission of an aggravated assault with a deadly weapon against himself or another.

However, the use of force likely to cause death or great bodily harm is not justifiable if you find:

1.  TAKOYA DOMINIC CRINER initially provoked the use of force against himself, unless:

    a.  The force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger, other than using force likely to cause death or great bodily harm to others.

In deciding whether defendant was justified in the use of force likely to cause death or great bodily harm, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of

TCRINER.JI /arc/ph/cd

force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was real.

The defendant cannot justify the use of force likely to cause death or great bodily harm unless he used every reasonable means within his power and consistent with his own safety to avoid the danger before resorting to that force.

The fact that the defendant was wrongfully attacked cannot justify his use of force likely to cause death or great bodily harm if by retreating he could have avoided the need to use that force. However, if the defendant was placed in a position of imminent danger of death or great bodily harm and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.

In considering the issue of self-defense, you may take into account the relative physical abilities and capacities of the defendant and Isaac Eugene Brown, Jr. and Jeffrey Martin Hicks and Gavin Derick Berry.

If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether the defendant was justified in the use of force likely to cause death or great bodily harm, you should find the defendant not guilty.

However, if from the evidence you are convinced that the defendant was not justified in the use of force likely to cause death or great bodily harm, you should find him guilty if all the elements of the charge have been proved.

## DATE OF CRIME

The State must prove that the crime was committed on or between the 26th day of May, 2002, and the 27th day of May, 2002.

## VENUE

It must be proved, only to a reasonable certainty, that the alleged crime was committed in Duval County, Florida.

## PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF

___The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the Indictment through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.

To overcome the defendant's presumption of innocence the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.

The defendant is not required to present evidence or prove anything.

Whenever the words "reasonable doubt" are used you must consider the following:

A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.

It is to the evidence introduced in this trial, and to it alone, that you are to look for that proof.

A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.

If you have a reasonable doubt, you should find the defendant not guilty.  If you have no reasonable doubt, you should find the defendant guilty.

## WEIGHING THE EVIDENCE

It is up to you to decide what evidence is reliable.  You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict.  You may find some of the evidence not reliable, or less reliable than other evidence.

You should consider how the witnesses acted, as well as what they said.  Some things you should consider are:

1.    Did the witness seem to have an opportunity to see and know the things about which the witness testified?

2.    Did the witness seem to have an accurate memory?

3.    Was the witness honest and straightforward in answering the attorneys' questions?

4.    Did the witness have some interest in how the case should be decided?

5.    Does the witness' testimony agree with the other testimony and other evidence in the case?

6.    Had any pressure or threat been used against the witness that affected the truth of the witness' testimony?

7.    Did the witness at some other time make a statement that is inconsistent with the testimony he or she gave in court?

You may rely upon your own conclusion about the witness.  A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.

## EXPERT WITNESSES

Expert witnesses are like other witnesses, with one exception - the law permits an expert witness to give his opinion.

However, an expert's opinion is only reliable when given on a subject about which you believe him or her to be an expert.

Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.

<u>DEFENDANT TESTIFYING</u>

The defendant in this case has become a witness. You should apply the same rules to consideration of his testimony that you apply to the testimony of the other witnesses.

## DEFENDANT'S STATEMENTS

A statement claimed to have been made by the defendant outside of court has been placed before you. Such a statement should always be considered with caution and be weighed with great care to make certain it was freely and voluntarily made.

Therefore, you must determine from the evidence that the defendant's alleged statement was knowingly, voluntarily and freely made.

In making this determination, you should consider the total circumstances, including but not limited to:

1.    Whether, when the defendant made the statement, he had been threatened in order to get him to make it, and

2.    Whether anyone had promised him anything in order to get him to make it.

If you conclude the defendant's out of court statement was not freely and voluntarily made, you should disregard it.

## RULES FOR DELIBERATION

These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:

1. You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.

2. This case must be decided only upon the evidence that you have heard from the testimony of the witnesses and have seen in the form of the exhibits in evidence and these instructions.

3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.

4. Remember, the lawyers are not on trial. Your feelings about them should not influence your decision in this case.

5. Your duty is to determine if the defendant has been proven guilty or not, in accord with the law. It is the Judge's job to determine a proper sentence if the defendant is found guilty.

6. Whatever verdict you render must be unanimous, that is, each juror must agree to the same verdict.

7. It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his testimony.

8. Your verdict should not be influenced by feelings of prejudice, bias or sympathy. Your verdict must be based on the evidence, and on the law contained in these instructions.

<u>CAUTIONARY INSTRUCTION</u>

Deciding a verdict is exclusively your job. I cannot participate in that decision in any way. Please disregard anything I may have said or done that made you think I preferred one verdict over another.

## VERDICT

You may find the defendant guilty as charged in the Indictment or guilty of such lesser included crime as the evidence may justify or not guilty.

If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt.  If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty.

Only one verdict may be returned as to each crime charged.  This verdict must be unanimous, that is all of you must agree to the same verdict.  The verdict must be in writing and for your convenience the necessary forms of verdict have been prepared for you.  They are as follows:

SINGLE DEFENDANT, MULTIPLE COUNTS

A separate crime is charged in each count of the Indictment and while they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each.  A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged.

SUBMITTING THE CASE TO THE JURY

—In just a few moments you will be taken to the jury room by the Bailiff. The first thing you should do is elect a foreperson who will preside over your deliberations, like a chairperson of a meeting. It is the foreperson's job to sign and date the verdict form when all of you have agreed on a verdict in this case and to bring the verdict back to the courtroom when you return.

Your verdict finding the defendant either guilty or not guilty must be unanimous. The verdict must be the verdict of each juror, as well as of the jury as a whole.

In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.





16-02-CF-6549-AXXX
CRiner, Takoya Dominic

Juror Question

FILED

MAY 14 2005

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:   162002CF006549AXXXMA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA DOMINIC CRINER

FILED
IN COMPUTER
M. M.

**FILED**

MAY 1 4 2005

CLERK CIRCUIT COURT

## VERDICT - COUNT I

1. ✓    WE, THE JURY, FIND THE DEFENDANT GUILTY OF FIRST DEGREE MURDER,
   AS CHARGED IN THE INDICTMENT.

2. _____ WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER INCLUDED
   OFFENSE OF SECOND DEGREE MURDER.

   IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER INCLUDED OFFENSE,
   YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

   _____ WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM,
   CAUSING GREAT BODILY HARM OR DEATH TO ANOTHER DURING
   THE COMMISSION OF THE OFFENSE.

   _____ WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM
   DURING THE COMMISSION OF THE OFFENSE.

   _____ WE FIND THAT THE DEFENDANT ACTUALLY POSSESSED A
   FIREARM AND DID NOT DISCHARGE IT DURING THE COMMISSION
   OF THE CRIME.

   _____ WE FIND THAT THE DEFENDANT DID NOT ACTUALLY POSSESS
   OR DISCHARGE A FIREARM DURING THE COMMISSION OF THE
   CRIME.

3. _____ WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER-INCLUDED
   OFFENSE OF MANSLAUGHTER.

   IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER-INCLUDED OFFENSE,
   YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

   _____ WE FIND THAT THE DEFENDANT ACTUALLY CARRIED,
   DISPLAYED, USED, OR THREATENED TO USE A FIREARM DURING
   THE COMMISSION OF THE CRIME.

   _____ WE FIND THAT THE DEFENDANT DID NOT ACTUALLY CARRY,
   DISPLAY, USE, OR THREATEN TO USE A FIREARM DURING THE
   COMMISSION OF THE CRIME.

TCRINER.VF

00081

4. _____   WE, THE JURY, FIND THE DEFENDANT NOT GUILTY.

SO SAY WE ALL. _____

DONE AT JACKSONVILLE, DUVAL COUNTY, FLORIDA.

_____
FOREPERSON

5-14-05
_____
DATE

/dd/cd

00082

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:   162002CF006549AXXXMA

DIVISION:   CR-D

STATE OF FLORIDA

VS.

TAKOYA DOMINIC CRINER

_____

F I L E D
IN COMPUTER.
M. M.

**FILED**

MAY 1 4 2005

*Jim Fuller*

CLERK CIRCUIT COURT

## <u>VERDICT - COUNT II</u>

1.  _____   WE, THE JURY, FIND THE DEFENDANT GUILTY OF FIRST DEGREE MURDER, AS CHARGED IN THE INDICTMENT.

2.  _____   WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER.

    IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER INCLUDED OFFENSE, YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

    _____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM, CAUSING GREAT BODILY HARM OR DEATH TO ANOTHER DURING THE COMMISSION OF THE OFFENSE.

    _____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM DURING THE COMMISSION OF THE OFFENSE.

    _____   WE FIND THAT THE DEFENDANT ACTUALLY POSSESSED AND DID NOT DISCHARGE IT DURING THE COMMISSION OF THE OFFENSE.

    _____   WE FIND THAT THE DEFENDANT DID NOT ACTUALLY POSSESS OR DISCHARGE A FIREARM DURING THE COMMISSION OF THE CRIME.

3.  _____   WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER INCLUDED OFFENSE OF MANSLAUGHTER.

    IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER INCLUDED OFFENSE, YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

    _____   WE FIND THAT THE DEFENDANT ACTUALLY CARRIED, DISPLAYED, USED, OR THREATENED TO USE A FIREARM DURING THE COMMISSION OF THE CRIME.

    _____   WE FIND THAT THE DEFENDANT DID NOT ACTUALLY CARRY, DISPLAY, USE, OR THREATEN TO USE A FIREARM DURING THE COMMISSION OF THE CRIME.

TCRINER.VF

00083

4.    _____    WE, THE JURY, FIND THE DEFENDANT NOT GUILTY.

SO SAY WE ALL.

DONE at Jacksonville, Duval County, Florida.

FOREPERSON _____

5-14-05

DATE _____

/dd/cd

TCRINER.VF

00084

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:    162002CF006549AXXXMA

DIVISION:    CR-D

STATE OF FLORIDA

VS.

TAKOYA DOMINIC CRINER

FILED
IN COMPUTER
M. M.

**FILED**

MAY 1 4 2005

*Jim Fuller*

CLERK CIRCUIT COURT

VERDICT - COUNT III

1. _____   WE, THE JURY, FIND THE DEFENDANT GUILTY OF ATTEMPTED FIRST
DEGREE MURDER, AS CHARGED IN THE INDICTMENT.

IF YOU FIND THE DEFENDANT GUILTY OF THIS OFFENSE, YOU MUST
CHOOSE ONE OF THE FOLLOWING FINDINGS:

_____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM,
CAUSING GREAT BODILY HARM TO ANOTHER DURING THE
COMMISSION OF THE OFFENSE.

_____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM
DURING THE COMMISSION OF THE OFFENSE.

_____   WE FIND THAT THE DEFENDANT ACTUALLY POSSESSED A
FIREARM AND DID NOT DISCHARGE IT DURING THE
COMMISSION OF THE CRIME.

_____   WE FIND THAT THE DEFENDANT DID NOT ACTUALLY
POSSESS OR DISCHARGE A FIREARM DURING THE
COMMISSION OF THE OFFENSE.

2. _____   WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER INCLUDED
OFFENSE OF ATTEMPTED SECOND DEGREE MURDER.

IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER INCLUDED OFFENSE,
YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

_____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM,
CAUSING GREAT BODILY HARM OR DEATH TO ANOTHER DURING
THE COMMISSION OF THE OFFENSE.

_____   WE FIND THAT THE DEFENDANT DISCHARGED A FIREARM
DURING THE COMMISSION OF THE OFFENSE.

_____   WE FIND THAT THE DEFENDANT ACTUALLY POSSESSED AND DID
NOT DISCHARGE IT DURING THE COMMISSION OF THE OFFENSE.

TCRINER.VF

WE FIND THAT THE DEFENDANT DID NOT ACTUALLY POSSESS OR DISCHARGE A FIREARM DURING THE COMMISSION OF THE CRIME.

3. _____   _____ WE, THE JURY, FIND THE DEFENDANT GUILTY OF THE LESSER INCLUDED OFFENSE OF ATTEMPTED VOLUNTARY MANSLAUGHTER.

IF YOU FIND THE DEFENDANT GUILTY OF THIS LESSER INCLUDED OFFENSE, YOU MUST CHOOSE ONE OF THE FOLLOWING FINDINGS:

_____   WE FIND THAT THE DEFENDANT ACTUALLY CARRIED, DISPLAYED, USED, OR THREATENED TO USE A FIREARM DURING THE COMMISSION OF THE CRIME.

_____   WE FIND THAT THE DEFENDANT DID NOT ACTUALLY CARRY, DISPLAY, USE, OR THREATEN TO USE A FIREARM DURING THE COMMISSION OF THE CRIME.

4. _____   WE, THE JURY, FIND THE DEFENDANT NOT GUILTY.

SO SAY WE ALL.

DONE at Jacksonville, Duval County, Florida.

_____
FOREPERSON

_____
DATE

/ph/cd

TCRINER.VF

S. A. NO.: 2002 CF 0073

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

~~STATE OF FLORIDA~~                    ~~CASE NO.: 16-2002-CF-006549AXXXMA~~

v.

**TAKOYA CRINER,**                    **DIVISION: CR-D**
    **Defendant**

FILED
IN COMPUTER
M.A.

FILED
MAY 24 2005
CLERK CIRCUIT COURT

## MOTION FOR NEW TRIAL

Defendant, **TAKOYA CRINER**, by and through his undersigned attorney, George T.
Fallis of The Law Office of Thomas G. Fallis, pursuant to Rules 3.580, 3.590, and 3.600, Florida
Rules of Criminal Procedure, respectfully requests this Honorable Court to grant a new trial in
the above-styled cause.  Defendant states the following grounds for this motion:

1.     This Court erred in not granting Defendant's Motion for Judgment of Acquittal
made at the close of the State's case.

2.     This Court Erred in not granting Defendant's Motion for Judgment of Acquittal
made at the close of all the evidence.

3.     This verdict is contrary to the weight of the evidence.

4.     This verdict is contrary to the law.

5.     This Court erred by not granting Defendant's oral motion to tell the voire dire
panel the penalties, if the Defendant was convicted, since the Court on its own
told the panel it was a First Degree Murder, but not a Death Penalty Case.

6.     This Court erred by allowing the Prosecutor's argumentative opening statement
classifying this case as an "intentional killing."

8.     This Court erred by not allowing Defense Counsel to proffer the firearms expert
when said expert gave his opinion on the trajectory of bullets.

9.     This Court erred by granting the State's numerous hearsay objections against
Defendant, when matters weren't being offered for the truth of the matter asserted.

    **WHEREFORE,** Defendant respectfully request this Honorable Court to grant a new trial
for the reasons cited herein.

    **I HEREBY CERTIFY** that a copy of the foregoing Motion for New Trial has been
furnished to the Office of the State Attorney, by mail, by fax, or by hand this 24ᵗʰ day of
May, 2005.

1.

Respectfully submitted,

THOMAS G. FALLIS, P.A

**George T. Fallis, Esquire**
Florida Bar No.: 0122033
233 East Bay Street, Suite 601
Jacksonville, Florida 32202
Attorneys for Defendant
Tel. 904-356-6440
Fax. 904-356-0508

2.

00088

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2002-CF-6549-AXXX
DIVISION: CR-D

STATE OF FLORIDA

-VS-

TAKOYA CRINER

FILED
IN COMPUTER
M. M.

FILED
JUN 1 5 2005
CLERK CIRCUIT COURT

ORDER

THIS CAUSE COMING ON BEFORE THE COURT UPON THE (DEFENDANT'S)

(STATE'S) MOTION FOR NEW TRIAL

FILED HEREIN ON THE __24TH__ DAY OF _____MAY_____ __2005__ AND THE COURT

HAVING HEARD ARGUMENTS OF THE STATE'S ATTORNEY AND OF COUNSEL FOR

DEFENSE, AND BEING FULLY ADVISED IN THE PREMISES, IT IS THEREUPON

**ORDERED AND ADJUDGED** THAT THE AFORESAID MOTION SHALL BE

AND THE SAME IS HEREBY *Denied. without prejudice to amend within 10 days*

**DONE AND ORDERED** IN OPEN COURT AT JACKSONVILLE, DUVAL COUNTY,

FLORIDA, THIS _16_ DAY OF _June_ _2005_

_____
CIRCUIT JUDGE

00089

In and for Duval County, Florida

Division   CR-D

Case Number   16-2002-CF-  6549-AXXX-MA

_____   Probation Violator
_____   Community Control Violator
_____   Retrial
_____   Resentence

**FILED**

**JUN 16 2005**

*Jim Fuller*
CLERK CIRCUIT COURT

Doc # 2005233582, OR BK 12573 Page 1152,
Number Pages: 8
Filed & Recorded 06/24/2005 at 04:05 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNT

State of Florida
v   TAKOYA DOMINIC CRINER

Defendant

## JUDGMENT

The defendant, ___TAKOYA DOMINIC CRINER___ , being personally before this court
represented by ___T FALLIS___ , the attorney of record, and the state
represented by ___D. SKINNER___ , and having

☑ been tried and found guilty by jury/by court of the following crime(s)

____ entered a plea of guilty to the following crime(s)

____ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|---|---|---|---|---|---|
| 1 | First Degree Murder | 782.04(1)(A) 775.087 | CAP | | |
| 2 | First Degree Murder | 782.04(1)(A) 775.087 | CAP | | |
| 3 | Attempted First Degree Murder | 782.04(1)(A) 775.087(2)(A)3 777.04(1) | 1° PBL | | |
| | | | | | |
| | | | | | |

☑ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that
the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

____ and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty,
regardless of adjudication, to attempts or offenses relating to sexual battery (ch. 794), lewd and
lascivious conduct (ch. 800), or murder (s. 782.04), aggravated battery (s. 784.045), burglary (s. 810.02),
carjacking (s. 812.133), home invasion robbery (s. 812.135), robbery (s. 812.13), or robbery by sudden
snatching (s. 812.131), chapter 787 kidnapping, false imprisonment, luring or enticing a child, and
interference with custody; or any other offense specified in section 943.325, the defendant shall be required
to submit blood specimens or other approved biological specimens.

____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page ___1___ of ___8___

Form CCFM06

00090

State of Florida
v.

TAKOYA DOMINIC CRINER

Case Number  16-2002-CF-  6549-AXXX-MA

Defendant

---

| Imposition of Sentence _____ Stayed and Withheld *(Check if Applicable)* | The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant on probation/community control for a period of_____ under the supervision of the Department of Corrections (conditions of probation/community control set forth in separate order.) |
|---|---|

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by: _D. FLORES #9271_____   _BAILIFF___
                          Name                              Title

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the
defendant,            TAKOYA DOMINIC CRINER            , and that they were placed thereon by the defendant
in my presence in open court this date.

DONE AND ORDERED in open court in Jacksonville, Duval County, Florida,
this __16 TH__ day of __JUNE_____, 2005.

00091

_____
                              Judge

Page  2  of  8

STATE OF FLORIDA

v

In the Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida
Division CR-D

_____
TAKOYA DOMINIC CRINER

Case Number 16-2002-CF- 6549-AXXX-MA

Defendant
_____

## CHARGES/COSTS/FEES

The defendant is hereby ordered to pay the following sums if checked:

✔ $50.00 pursuant to section 938.03, Florida Statutes (Crimes Compensation Trust Fund).

✔ $3.00 as a court cost pursuant to section 938.01(1), Florida Statutes (Additional Court Cost Clearing Trust Fund).

___ $2.00 as a court cost pursuant to section 938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties).

___ A fine in the sum of $ _____ pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as a part of a sentence to section 775.083, Florida Statutes are to be recorded on the sentence page(s).)

___ $20.00 pursuant to section 938.09, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

___ A 10% surcharge in the sum of $ _____ pursuant to section 938.11, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

___ A sum of $ _____ pursuant to section 938.27, Florida Statutes (Prosecution/Investigative Costs).

___ A sum of $ _____ pursuant to section 938.29, Florida Statutes (Public Defender Fees).

✔ $15.00 pursuant to 938.13, Florida Statutes, Misd. convictions involving drugs or alcohol.

✔ $200.00 pursuant to section 938.05, Florida Statutes (Local Government Criminal Justice Trust Fund).

___ A sum of $ _____ pursuant to 938.04, Florida Statutes (additional cost - 5% of fine).

___ $135.00 pursuant to section 938.07, Florida Statutes (EMS - DUI cases).

___ $100.00 pursuant to section 938.25, Florida Statutes, (FDLE Operating Trust Fund).

___ A sum of $ _____ pursuant to 938.23, Florida Statutes, (Grants For Alcohol & Other Drug Abuse Program - Drug Abuse Trust Fund).

___ A sum of $ _____ pursuant to 939.18, Florida Statutes, (Assessment of Additional Court Costs for Court Facilities - not to exceed $150.00.

✔ Restitution in accordance with attached order S, .

✔ A sum of $20 pursuant to 938.06, Florida Statutes, (Assessment of Additional Court Costs for Crime Stoppers Trust Fund - not to exceed $500.00.

___ A sum of $3.00 pursuant to 938.19, Florida Statutes, (Assessment of Additional Court Costs - Duval County Teen Court Trust Fund).

___ A sum of $201.00 (Domestic Battery surcharge)

___ A sum of $151.00 pursuant to 938.085, Florida Statutes (Rape Crisis Trust Fund).

✔ A sum of $ 65.00 pursuant to 939.185, Florida Statutes, (Assessment of Additional Court Costs to be used for innovations, legal aid, law library, teen court programs - not to exceed $65.00).

___ Other _____

DONE AND ORDERED in open court in Jacksonville, Duval County, Florida, this _____ 16 _____

day of _____ June _____ 2005.

_____
Judge

00092

Page __3__ of __8__

## SENTENCE

(As to Count _____1_____ )

The defendant *being* personally before this court, accompanied by the defendant's attorney of record
_____*PACLIS*_____ , and having been adjudicated guilty herein, and the court
having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show
cause why the defendant should not be sentenced as provided by law, and no cause being shown.

(Check one if applicable.)

☑ and the court having on ___5-14-05___ deferred imposition of sentence until this date.
                              (date)

____ and the court having previously entered a judgment in this case on _____ now
resentences the defendant                                                      (date)

____ and the court having placed the defendant on probation/community control and having subsequently
revoked the defendant's probation/community control.

**It Is The Sentence Of The Court That:**

____ The defendant pay a fine of $ _____ , pursuant to section 775.083, Florida Statutes plus
$ _____ as the 5% surcharge required by 938.04, Florida Statutes.

☑ The defendant is hereby committed to the custody of the Department of Corrections.

____ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.

____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

____ For a term of natural life.

☑ For a term of ___LIFE___ .

____ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this
order.

If "split" sentence, complete the appropriate paragraph.

____ Followed by a period of _____ on probation/community control under the supervision of the
Department of Corrections according to the terms and conditions of supervision set forth in a separate
order entered herein.

____ However, after serving a period of _____ imprisonment in _____ , the balance
of the sentence shall be suspended and the defendant shall be placed on probation/community control
for a period of _____ under supervision of the Department of Corrections
according to the terms and conditions of probation/community control set forth in a separate order entered
herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be
satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

| | |
|---|---|
| **Retention of Jurisdiction** | ____ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes. |
| **Jail Credit** | ☑ It is further ordered that the defendant shall be allowed a total of _3 years_ _21_ days as credit for time incarcerated before imposition of this sentence. |
| **Prison Credit** | ____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing. |
| **Consecutive/ Concurrent As To Other Counts** | ____ It is further ordered that the sentence imposed for this count shall run (check one) _____ consecutive to _____ concurrent with the sentence set forth in count _____ of this case. |

00093

Page ___4___ of ___8___

Form CCFM0C

## SENTENCE

(As to Count _____2_____ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record _JITAILEIS_ , and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown.

(Check one if applicable.)

✓ and the court having on **5-14-05** (date) deferred imposition of sentence until this date.

____ and the court having previously entered a judgment in this case on _____ (date) now resentences the defendant

____ and the court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control.

### It Is The Sentence Of The Court That:

____ The defendant pay a fine of $ _____ , pursuant to section 775.083, Florida Statutes plus $ _____ as the 5% surcharge required by 938.04, Florida Statutes.

✓ The defendant is hereby committed to the custody of the Department of Corrections.

____ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.

____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

### To be Imprisoned (Check one; unmarked sections are inapplicable):

✓ For a term of natural life.

____ For a term of _____ .

____ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.

____ Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

____ However, after serving a period of _____ imprisonment in _____ , the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

| | |
|---|---|
| Retention of Jurisdiction | ____ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes. **3 years** |
| Jail Credit | ✓ It is further ordered that the defendant shall be allowed a total of **21** days as credit for time incarcerated before imposition of this sentence. |
| Prison Credit | ____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing. |
| Consecutive/ Concurrent As To Other Counts | ✓ It is further ordered that the sentence imposed for this count shall run (check one) _____ consecutive to _____ / concurrent with the sentence set forth in count _____ of this case. |

00094

Page _____5_____ of _____8_____

Form CCFM8C

## SENTENCE

(As to Count _____3_____ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record
____ *T. FALLIS* ____ , and having been adjudicated guilty herein, and the court
having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show
cause why the defendant should not be sentenced as provided by law, and no cause being shown.

(Check one if applicable.)

_✓_ and the court having on *5-14-05* deferred imposition of sentence until this date.
            (date)

_____ and the court having previously entered a judgment in this case on _____ now
                                                                    (date)
resentences the defendant

_____ and the court having placed the defendant on probation/community control and having subsequently
revoked the defendant's probation/community control.

**It Is The Sentence Of The Court That:**

_____ The defendant pay a fine of $ _____ , pursuant to section 775.083, Florida Statutes plus
       $ _____ as the 5% surcharge required by 938.04, Florida Statutes.

_✓_ The defendant is hereby committed to the custody of the Department of Corrections.

_____ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.

_____ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

_✓_ For a term of natural life.

_____ For a term of _____ .

_____ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this
       order.

If "split" sentence, complete the appropriate paragraph.

_____ Followed by a period of _____ on probation/community control under the supervision of the
       Department of Corrections according to the terms and conditions of supervision set forth in a separate
       order entered herein.

_____ However, after serving a period of _____ imprisonment in _____ , the balance
       of the sentence shall be suspended and the defendant shall be placed on probation/community control
       for a period of _____ under supervision of the Department of Corrections
       according to the terms and conditions of probation/community control set forth in a separate order entered
       herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be
satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

**Retention of**
**Jurisdiction**
_____ The court retains jurisdiction over the defendant pursuant to section
947.16(4), Florida Statutes.                                        *3years*

**Jail Credit**
_✓_ It is further ordered that the defendant shall be allowed a total of *21* days
       as credit for time incarcerated before imposition of this sentence.

**Prison Credit**
_____ It is further ordered that the defendant be allowed credit for all time
       previously served on this count in the Department of Corrections prior
       to resentencing.

**Consecutive/**
**Concurrent**
**As To Other**
**Counts**
_✓_ It is further ordered that the sentence imposed for this count shall run
       (check one)_____ consecutive to _✓_ concurrent
       with the sentence set forth in count _____ of this case.

00095

Defendant *TAKOYA DOMINIK CRINIQE*      Case Number

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed:

### Mandatory/Minimum Provisions:

**Firearm** ✓   It is further ordered that the *25 YEARS* minimum imprisonment provisions of section 775.087, Florida Statutes, is hereby imposed for the sentence specified in this count. *AS TO COUNTS 1, 2 & 3 CONCURRENT*

**Drug Trafficking** \_\_\_\_ It is further ordered that the _____ mandatory minimum imprisonment provisions of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.

**Controlled Substance Within 1,000 Feet of School** \_\_\_\_ It is further ordered that the 3-year minimum imprisonment provisions of section 893.13(1)(c)1, Florida Statutes, is hereby imposed for the sentence specified in this count.

**Habitual Felony Offender** \_\_\_\_ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**Habitual Violent Felony Offender** \_\_\_\_ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.

**Violent Career Criminal** \_\_\_\_ The Defendant is adjudicated a violent career criminal and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(c), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.

**Prison Releasee Re-Offender** \_\_\_\_ The Defendant is adjudicated a prison releasee re-offender in accordance with the provisions of section 775.082(8), and must serve 100 percent of the court imposed sentence.

**Law Enforcement Protection Act** \_\_\_\_ It is further ordered that the defendant shall serve a minimum of \_\_\_\_ years before release in accordance with section 775.0823, Florida Statutes.

**Capital Offense** \_\_\_\_ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes.

**Short-Barreled Rifle, Shotgun, Machine Gun** \_\_\_\_ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count.

**Continuing Criminal Enterprise** \_\_\_\_ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count.

00096

Page \_\_\_7\_\_\_ of \_\_8\_\_

Form CCFM0D

Defendant      TAKOYA DOMINIC CR____        Case Number  1___02-CF-  6549-AXXX-MA

## OTHER PROVISIONS

**Consecutive/**          ____   It is further ordered that the composite term of all sentences imposed for the counts
**Concurrent**                   specified in this order shall run
**As To Other**                  (check one) ____  consecutive to ____  concurrent
**Convictions**                  with the following:
                                 (check one)

                                 _____ any active sentence being served.

                                 _____ specific sentences: _____

                                 _____

                                 _____

                                 _____

   In the event the above sentence is to the Department of Corrections, the Sheriff of Duval County,
Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility
designated by the department together with a copy of this judgment and sentence and any other documents specified
by Florida Statute.

   The defendant in open court was advised of the right to appeal from this sentence by filing notice of
appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance
of counsel in taking the appeal at the expense of the State on showing of indigency.

   In imposing the above sentence, the court further recommends _____

_____

_____

_____

_____

   DONE AND ORDERED in open court at Jacksonville, Duval County, Florida, this _____ 16 _____
day of _____ June _____ 2003.

                                                          _____
                                                                         Judge

                              00097
                    Page ___ 8 ___ of ___ 8 ___

# RULE 3.992(a)  CRIMINAL PUNISHMENT CODE SCORESHEET

| 1. DATE OF SENTENCE | 2. PROSECUTOR'S NAME ☐ DC ☑ SAO | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| 6 16 05 | | Duval | Hon. P. Dearing |

| 5. NAME (LAST, FIRST, MI.I.) | 6. DOB | 8. RACE | 10. PRIMARY OFF. DATE | 12. PLEA ☐ |
|---|---|---|---|---|
| Criner, Takoya | 10-13-82 | ☑ B ☐ W ☐ OTHER | 5-26-27-02 | |
| | 7. DC # | 9. GENDER | 11. PRIMARY DOCKET # | TRIAL ☑ |
| | | ☑ M ☐ F | 02-6549-CF | |

162002CF6549AXXX-MA

## I.

**PRIMARY OFFENSE:** If Qualifier, please check ___A ___S ___C ___R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | POINTS |
|---|---|---|---|---|
| 1 PBL | 782.04(1)(a), 777.04(1), 775.087 | Att'd First Degree Murder w/ F.A. | 09 | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐

I. **92**

## II.

**ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| Same | Cap. | 782.04(1)(a), | X | ☐☐☐☐ | 2 | DNA | DNA |
| Description | | First Degree Murder | | | | | |
| | / | / | | ☐☐☐☐ | | X | = |
| Description | | | | | | | |
| | / | / | | ☐☐☐☐ | | | = |
| Description | | | | | | | |

FILED IN COMPUTER M. M

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=37, 8=46, 9=58, 10=58)

Prior capital felony triples Additional Offense points ☐

FILED JUN 16 2005

Supplemental page points

II. **DNA**

## III.

**VICTIM INJURY:**

| | | Number | Total | | | Number | Total |
|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X | | = | Slight | 4 X | | = |
| Death | 120 X | | = | Sex Penetration | 80 X | | = |
| Severe | 40 X | | = | Sex Contact | 40 X | | = |
| Moderate | 18 X | | = | | | | |

III. **0**

## IV.

**PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| ___/___ | | | ☐☐☐☐ | | X | = | |
| ___/___ | | | ☐☐☐☐ | | X | = | |
| ___/___ | | | ☐☐☐☐ | | X | = | |
| ___/___ | | | ☐☐☐☐ | | X | = | |
| ___/___ | | | ☐☐☐☐ | | X | = | |
| ___/___ | | | ☐☐☐☐ | | X | = | |

(Level - Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

IV. **0**

**92**

**DISTRIBUTION:**
White / Original / Clerk
Green / DC Data
Canary / State Attorney

Pink / Defense Attorney
Goldenrod / DC Offender File

Page 1 Subtotal:

**V.** Legal Status violation = 4 Points                                                              V. _____

**VI.** Community Sanction violation before the court for sentencing                                  VI. _____
6 points  x each successive violation OR
New felony conviction  = 12 points x each successive violation

**VII.** Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points                                      VII. _____

**VIII.** Prior Serious Felony = 30 Points                                                            VIII. _____

                                                               **Subtotal Sentence Points**    _92_

**IX.** Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ___ x 1.5   ___ x 2.0   ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 |

                                               **Enhanced Subtotal Sentence Points**   IX. _____

                                               **TOTAL SENTENCE POINTS**   _92_

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any <u>non-state prison sanction</u>.

If total sentence points are greater than 44:

_92_                minus 28 =  _64_   x .75 =      _48_
total sentence points                                        lowest permissible prison
                                                              sentence  in months

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the  lowest permissible sentence under  the code, exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Counts I & II - Mandatory Life w/ 25 yr. Min.     Life
                                           Man.
                                                         maximum sentence
Count III    - 48 months - Life w/ 25 yr. min          in years
                                           Man

## TOTAL SENTENCE IMPOSED

                                          Years          Months          Days

☑ State Prison      ☐ Life            Life        _____        _____

☐ County Jail       ☐ Time Served     _____      _____        _____

☐ Community Control                    _____      _____        _____

☐ Probation                            _____      _____        _____

Please check if sentenced as  ☐ habitual offender, ☐ habitual violent offender, ☐ violent career criminal, ☐ prison releasee reoffender, or a ☐ mandatory minimum applies.

☐ Mitigated Departure ☐ Plea Bargain

Other Reason _____

**JUDGE'S SIGNATURE**

L-67822

STATE ATTORNEY NO.: O  7395

IN THE _____ Circuit _____ COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND FOR
_____ Duval _____ COUNTY, FLORIDA

STATE OF FLORIDA,

CASE NO.: 16-2002-CF-6549 A XXX

Plaintiff,

vs.

Takoya Criner

Defendant.

DIVISION: CR-D

**FILED**
FILL. IN COMPUTU M. M.
JUN 16 2005
Jim Fuller
CLERK CIRCUIT COURT

RACE: B        DOB: 10/13/82
SEX: M         SSN: 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

## JUDGMENT AND RESTITUTION ORDER
### [F.S. 775.089]

THIS CAUSE having come on to be heard upon the State's Motion for an Order requiring that the defendant, pursuant to Section 775.089, Florida Statutes, pay restitution costs for the benefit of the victim, herein namely:

A.    Name: _____

Address: _____

City, State, Zip: _____

*B.   Victim Compensation Trust Fund
Office of the Attorney General
The Capitol
Tallahassee, Florida 32399-1050

*If Victim Compensation has compensated the victim in part or in whole, then payments shall be made and distributed first to the victim, and when fully compensated, to Victim Compensation for reimbursement.

On the evidence presented it is adjudged,

1.    That the State's Motion is hereby granted and the Defendant shall pay restitution for the benefit of the above-named victim in the total sum of $ 5,000 ; that shall bear interest at the legal rate, for which let execution issue.  Said amount is to be offset by any monies paid to the victim by responsible co-defendants.

2.    Payment shall be made to the victim through the Clerk of Court (Felony or Misdemeanor as applicable).  If the defendant is released from prison to supervision under the Department of Corrections, payments and disbursements shall be made through the Department for the length of such supervision.  Upon completion of supervision, payments and disbursements on any outstanding balance shall be made directly through the Clerk of the Court.  The Clerk of Court is authorized to collect a $2.00 fee per payment, pursuant to Section 28.24(31), Florida Statutes.

Doc # 2005233580, OR BK 12573 Page 1148,
Number Pages: 2
Filed & Recorded 06/24/2005 at 04:05 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY

00100

SA/173

PAGE 1

3.    Payment Schedule (Check applicable instruction(s)]

[  ]    Total sum shall be paid immediately.

[  ]    Total sum shall be paid in installment payments of $_____, payable on a [  ] weekly [  ] monthly basis.  Payments shall be applied first to interest and the balance, if any, to principal.

[  ]    Other, specified schedule: _____

_____

4.    (a)    The Court may require that the defendant make restitution under this section within a specified period or in specified installments.

(b)    The end of such period or the last such installment shall not be later than:

1.    The end of the period of probation if probation is ordered;

2.    Five years after the end of the term of imprisonment imposed if the Court does not order probation; or

3.    Five years after the date of sentencing in any other case; or

(c)    If not otherwise provided by the Court under this subsection, restitution must be made immediately.

5.    If a defendant is placed on probation or paroled, complete satisfaction of any restitution ordered under this section shall be a condition of such probation or parole.  The Court may revoke probation, and the Parole Commission may revoke parole, if the defendant fails to comply with such order.

6.    That the Clerk of the Court shall provide to the victim named herein a copy hereof, in order for the victim to record this judgment as a lien pursuant to Section 55.10, Florida Statutes.

DONE AND ORDERED in _Jacksonville_, Florida, on _June 1_, 20_05_

_____

Judge of the _Circuit_ Court

Copies furnished by Clerk to:

Victim

Assistant State Attorney

Defendant and/or Defense Counsel

NOTE:  The victim shall notify the Clerk of the Court, in writing, of any address changes.

00101

STATE ATTORNEY NO.: 02-7395

IN THE _____Circuit_____ COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR _____Duval_____ COUNTY, FLORIDA

STATE OF FLORIDA,

CASE NO.: 16-2002-CF-6549-AXXX

Plaintiff,

DIVISION: CR-D

vs.

Tray Takoya Carter

Defendant.

FILED IN COMPUTER M.M.

**FILED**

JUN 16 2005

CLERK CIRCUIT COURT

RACE: B    DOB: 10/13/82
SEX: M    SSN: 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

## JUDGMENT AND RESTITUTION ORDER
### [F.S. 775.089]

THIS CAUSE having come on to be heard upon the State's Motion for an Order requiring that the defendant, pursuant to Section 775.089, Florida Statutes, pay restitution costs for the benefit of the victim, herein namely:

A.    Name: _____

    Address: _____

    City, State, Zip: _____

*B.    Victim Compensation Trust Fund
    Office of the Attorney General
    The Capitol
    Tallahassee, Florida 32399-1050

    *If Victim Compensation has compensated the victim in part or in whole, then payments shall be made and distributed first to the victim, and when fully compensated, to Victim Compensation for reimbursement.

On the evidence presented it is adjudged,

1.    That the State's Motion is hereby granted and the Defendant shall pay restitution for the benefit of the above-named victim in the total sum of $ 9,012.00 ; that shall bear interest at the legal rate, for which let execution issue. Said amount is to be offset by any monies paid to the victim by responsible co-defendants.

2.    Payment shall be made to the victim through the Clerk of Court (Felony or Misdemeanor as applicable). If the defendant is released from prison to supervision under the Department of Corrections, payments and disbursements shall be made through the Department for the length of such supervision. Upon completion of supervision, payments and disbursements on any outstanding balance shall be made directly through the Clerk of the Court. The Clerk of Court is authorized to collect a $2.00 fee per payment, pursuant to Section 28.24(31), Florida Statutes.

Doc # 2005233579, OR BK 12573 Page 1146.
Number Pages: 2
Filed & Recorded 06/24/2005 at 04:05 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY

3.     Payment Schedule [Check applicable instruction(s)]

[ ]     Total sum shall be paid immediately.

[ ]     Total sum shall be paid in installment payments of $_____ payable on a [ ] weekly [ ] monthly basis.  Payments shall be applied first to interest and the balance, if any, to principal.

[ ]     Other, specified schedule: _____
_____

4.     (a)     The Court may require that the defendant make restitution under this section within a specified period or in specified installments.

(b)     The end of such period or the last such installment shall not be later than:

1.     The end of the period of probation if probation is ordered;

2.     Five years after the end of the term of imprisonment imposed if the Court does not order probation; or

3.     Five years after the date of sentencing in any other case; or

(c)     If not otherwise provided by the Court under this subsection, restitution must be made immediately.

5.     If a defendant is placed on probation or paroled, complete satisfaction of any restitution ordered under this section shall be a condition of such probation or parole.  The Court may revoke probation, and the Parole Commission may revoke parole, if the defendant fails to comply with such order.

6.     That the Clerk of the Court shall provide to the victim named herein a copy hereof, in order for the victim to record this judgment as a lien, pursuant to Section 55.10, Florida Statutes.

DONE AND ORDERED in _Jacksonville_____, Florida, on _June 16_, 20 _05_

_____
Judge of the _Circuit_____ Court

Copies furnished by Clerk to:

Victim

Assistant State Attorney

Defendant and/or Defense Counsel

NOTE:  The victim shall notify the Clerk of the Court, in writing, of any address changes.

00103

STATE ATTORNEY NO.: 08 7395

IN THE _____ Circuit _____ COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND FOR
_____ Duval _____ COUNTY, FLORIDA

STATE OF FLORIDA,

CASE NO.: 16-2002-CF-6549-AXXX

Plaintiff,

vs.

DIVISION: CR-D

Takoya Criner

Defendant.

FILED
IN COMPUTER
M. M.

**FILED**

JUN 16 2005

Jim Fuller
CLERK CIRCUIT COURT

RACE: B   DOB: 10/13/82
SEX: M   SSN: 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

## JUDGMENT AND RESTITUTION ORDER
### [F.S. 775.089]

THIS CAUSE having come on to be heard upon the State's Motion for an Order requiring that the defendant, pursuant to Section 775.089, Florida Statutes, pay restitution costs for the benefit of the victim, herein namely:

A.   Name: _____

Address: _____

City, State, Zip: _____

*B.   Victim Compensation Trust Fund
Office of the Attorney General
The Capitol
Tallahassee, Florida 32399-1050

*If Victim Compensation has compensated the victim in part or in whole, then payments shall be made and distributed first to the victim, and when fully compensated, to Victim Compensation for reimbursement.

On the evidence presented it is adjudged,

1.   That the State's Motion is hereby granted and the Defendant shall pay restitution for the benefit of the above-named victim in the total sum of $ 3,742.50 ; that shall bear interest at the legal rate, for which let execution issue. Said amount is to be offset by any monies paid to the victim by responsible co-defendants.

2.   Payment shall be made to the victim through the Clerk of Court (Felony or Misdemeanor as applicable). If the defendant is released from prison to supervision under the Department of Corrections, payments and disbursements shall be made through the Department for the length of such supervision. Upon completion of supervision, payments and disbursements on any outstanding balance shall be made directly through the Clerk of the Court. The Clerk of Court is authorized to collect a $2.00 fee per payment, pursuant to Section 28.24(31), Florida Statutes.

Doc # 2005233578, OR BK 12573 Page 1144,
Number Pages: 2
Filed & Recorded 06/24/2005 at 04:05 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY

00104

3.    Payment Schedule [Check applicable instruction(s)]

[  ]    Total sum shall be paid immediately.

[  ]    Total sum shall be paid in installment payments of $_____, payable on a [  ] weekly [  ] monthly basis. Payments shall be applied first to interest and the balance, if any, to principal.

[  ]    Other, specified schedule: _____
_____

4.    (a)    The Court may require that the defendant make restitution under this section within a specified period or in specified installments.

(b)    The end of such period or the last such installment shall not be later than:

1.    The end of the period of probation if probation is ordered;

2.    Five years after the end of the term of imprisonment imposed if the Court does not order probation; or

3.    Five years after the date of sentencing in any other case; or

(c)    If not otherwise provided by the Court under this subsection, restitution must be made immediately.

5.    If a defendant is placed on probation or paroled, complete satisfaction of any restitution ordered under this section shall be a condition of such probation or parole. The Court may revoke probation, and the Parole Commission may revoke parole, if the defendant fails to comply with such order.

6.    That the Clerk of the Court shall provide to the victim named herein a copy hereof, in order for the victim to record this judgment as a lien, pursuant to Section 55.10, Florida Statutes.

DONE AND ORDERED in _Jacksonville_____, Florida, on _June 16_, 20_05_

_____
Judge of the _Circuit_____ Court

Copies furnished by Clerk to:

Victim

Assistant State Attorney

Defendant and/or Defense Counsel

NOTE: The victim shall notify the Clerk of the Court, in writing, of any address changes.

00105

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO. 162002-CF-6549 AXXX-MA
CR-O

DIVISION: _____

STATE OF FLORIDA

—vs—

*Takoya Criner*

FILED
IN COMPUTER
M. M.



**FILED**

JUN 1 6 2005

Jim Fuller
CLERK CIRCUIT COURT

## ORDER

    This cause came on to be heard upon application of the above named defendant(s) for an Order adjudging said defendant(s) insolvent for the purpose of appealing this cause and procuring the transcript of records and proceedings of trial in order to perfect an appeal in this cause, and requesting the Court to appoint counsel to represent said defendant(s) in the appeal: it is, upon consideration thereof,

    ORDERED AND ADJUDGED that the above named defendants(s) be adjudged insolvent for the purpose of perfecting an appeal and the official Court Reporter of this Court is hereby instructed to prepare such papers necessary in order for said defendant(s) to perfect an appeal and all costs thereof are hereby taxed against the ~~City of Jacksonville (Duval County), Florida,~~ and it is further,

*STATE OF FLORIDA*

    ORDERED AND ADJUDGED that the Office of the Public Defender in and for the Fourth Judicial Circuit of Florida is hereby appointed to represent said defendant(s) in the appeal.

    DONE AND ORDERED at Jacksonville, Duval County, Florida, this 16 day of *June*, A.D., 2005

_____
Circuit Judge

PS-1525

**JIM FULLER**
CLERK OF THE CIRCUIT COURT

00106

# STATE OF FLORIDA
# UNIFORM COMMITMENT TO CUSTODY
# DEPARTMENT OF CORRECTIONS
# FOURTH JUDICIAL CIRCUIT COURT
# DUVAL COUNTY

SPRING Term, 2005

Conviction for (offense) FIRST DEGREE MURDER (2 COUNTS), ATTEMPTED FIRST DEGREE MURDER.

Date of conviction _____ MAY 14TH, 2005

Date of sentence imposed _____ JUNE 16, 2005

Term of sentence  LIFE FLA. STATE PRISON, WITH CREDIT FOR 3 YEARS AND 21 DAYS JAIL TIME, COUNTS

1,2, & 3, CONCURRENT EACH COUNT. 25 YEARS MIN/MAND AS TO COUNTS 1, 2, & 3. PAY CJTF $3.00, C.C.T. FUND

$50.00, FELONY COST $200.00, CSTF $20.00, AACC $65.00.

STATE OF FLORIDA,

vs.

TAKOYA CRINER                                        ,

Plaintiff,

CASE NO. _____ 16-2002-CF-6549-AXXX

OFFENDER NO. _____ 2002-18375-3

Defendant.

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE, GREETING:

The above named defendant having been duly charged with the above named offense in the above styled Court, and having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of

(Indictment)                    INFORMATION                    (Information)

judgment and sentence, which are hereby made parts hereof;

Now, therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant into the custody of the Department of Corrections of the State Florida; and this is to command you, the said Department of Corrections, by and through your director, superintendents, wardens, and other officials to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correctional system to which you, the said Department of Corrections, may cause the said defendant to be conveyed or thereafter transferred. And these presents shall be your authority for the same. Herein fail not.

WITNESS the Honorable _____ PETER L. DEARING

Judge of said Court, as also JIM FULLER

Clerk, and the Seal thereof, this the _____ JUNE 17th, _____ , 2005

BY: _____

Deputy Clerk

(to be used in committing defendants under indeterminate sentences as well as under sentences of imprisonment for definite periods.)

00107

Doc # 2005233198, OR BK 12572 Page
Number Pages: 1
Filed & Recorded 06/24/2005 at 01:59 PM,
JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   02-6549 CFA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA CRINER





FILED

JUN 2 4 2005

CLERK CIRCUIT COURT

NOTICE OF APPEAL

The Defendant takes and enters an appeal to the District Court of Appeal of
Florida, First District, to review the final Order of Judgment and Sentence entered the 16th day
of June, 2005, by The Honorable Peter L. Dearing, Circuit Judge, and all parties to said cause are
called upon to take notice of the entry of this appeal.

THOMAS G. FALLIS, ESQUIRE
233 East Bay Street, Ste. 601
Jacksonville, FL 32202
(904) 356-6440

ATTORNEY FOR DEFENDANT

FLORIDA BAR NO. 0699233

I HEREBY CERTIFY that a true and correct copy of the foregoing has been
delivered, by hand, to the Office of the State Attorney, representing the State of Florida and, by
mail, to the Office of the Attorney General, representing the State of Florida, this 24th day of
June, 2005.

00108

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.:   02-6549 CFA

DIVISION:   CR-D

STATE OF FLORIDA

vs.

TAKOYA CRINER

FILED
IN COMPUTER
K. H.

FILED

JUN 2 4 2005

_Jim Fuller_
CLERK CIRCUIT COURT

## STATEMENT OF JUDICIAL ACTS TO BE REVIEWED

The Defendant, by and through the undersigned attorney, pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure, submits the following judicial acts to be reviewed upon the appeal in this cause:

The Court erred in denying Defendant's Motion
For New Trial filed in the above-styled cause.

THOMAS G. FALLIS, ESQUIRE
233 East Bay Street, Ste. 601
Jacksonville, FL 32202
(904) 356-6440

ATTORNEY FOR DEFENDANT

FLORIDA BAR NO. 0699233

I HEREBY CERTIFY that a copy hereof has been furnished to the Office of the State Attorney, representing the State of Florida, by hand, and to the Attorney General, representing the State of Florida, by mail, this 24th day of June, 2005.

00109

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.:   02-6549 CFA

DIVISION:   CR-D

FILED
IN COMPUTER
K. H.

STATE OF FLORIDA

vs.

TAKOYA CRINER



FILED

JUN 2 4 2005

CLERK CIRCUIT COURT

## DESIGNATION TO COURT REPORTER FOR STENOGRAPHIC NOTES

Appellant files this Designation to the Court Reporter and directs Official Court Reporters, Inc., to transcribe and file an original and two certified copies of jury selection (if ordered) and trial proceedings and an original of all other court proceedings with the Clerk of this Court within thirty (30) days of this designation to be used in the appeal to the District Court of Appeal of Florida, First District.

The entire proceedings on the following dates (Including Jury Selection)

| | |
|---|---|
| 5/9/05 | Jury selection & proceedings |
| 5/10/05 | Trial & proceedings |
| 5/11/05 | Trial & proceedings |
| 5/12/05 | Trial & proceedings |
| 5/13/05 | Trial & proceedings |
| 5/14/05 | Trial, verdict & proceedings |
| 6/16/05 | Motion hearing, sentencing & proceedings |

The court reporter is hereby directed to serve a copy of the Reporter's Acknowledgement and any future motions for extension(s) of time requested to transcribe notes to Office of the Public Defender, Office of the State Attorney and Clerk of this Court, by hand, and to the Office of the Attorney General, by mail, upon filing.

Designation to Court Reporter

For Stenographic Notes

Page 2

The undersigned certifies that a copy of this designation has been delivered to the Office of the State Attorney, representing the State of Florida, by hand, the Court Reporter, by hand, the Office of the Attorney General, representing the State of Florida, and Clerk, District Court of Appeal of Florida, First District, by mail, this 24th day of June, 2005.

THOMAS G. FALLIS, ESQUIRE
233 East Bay Street, Suite 601
Jacksonville, FL 32202
(904) 356-6440

ATTORNEY FOR DEFENDANT

FLORIDA BAR NO. 0699233

Designation to Court Reporter
For Stenographic Notes
Page 3

I, Counsel for Appellant, certify that satisfactory financial arrangements have been made with the court reporter for preparation of the transcript(s) in compliance with Rule 9.430, Florida Rules of Appellate Procedure.

Respectfully submitted,

BY: _____
THOMAS G. FALLIS, ESQUIRE

## REPORTER'S ACKNOWLEDGEMENT

I hereby certify that I have received a copy of the designation in the above-styled cause dated _June 24_ , 2005, and hereby file said designation within five (5) days of receipt, pursuant to Rule 9.200(3) to the appellate court, the Public Defender, the State Attorney and to the Attorney General.

Satisfactory arrangements have (X) have not ( ) been made for payment of the transcript costs. These financial arrangements were completed on _June 24_ , 2005.

The number of trial or hearing days are _7_ . The estimated number of transcript pages are _1250_ .

The transcript will be completed on _July 25_ , 2005, or an extension of time is needed until _____, 2005.

DATE: _June 24, 2005_          _____
                                      COURT REPORTER

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 02-6549 CFA
DIVISION: CR-D

STATE OF FLORIDA

VS.

TAKOYA CRINER.

**FILED**

JUL 2 9 2005

CLERK CIRCUIT COURT

TRANSCRIPT OF HEARING

This cause came on to be heard before the Honorable Peter L. Dearing, Circuit Judge, at the Duval County Courthouse, Jacksonville, Florida, on June 16, 2005.

- - -

APPEARANCES:

DANIEL SKINNER, ESQUIRE
ASSISTANT STATE ATTORNEY

TOM FALLIS, ESQUIRE
ATTORNEY FOR DEFENDANT

REPORTED BY CAROL DUNNE, RPR

**ORIGINAL**

P R O C E E D I N G S

1
2       MR. SKINNER:  Would the court entertain the

3  State of Florida versus Takoya Criner for sentencing?

4       THE COURT:  Yes.

5       MR. SKINNER:  On page five, Your Honor.

6       MR. FALLIS:  Good morning, Your Honor.

7       THE COURT:  Good morning.

8       MR. FALLIS:  Your Honor, as I explained to the

9  court at side-bar a little earlier with the State, I

10  have just received the PSI.  I've been asking for it

11  since Tuesday, and it was not ready as of Tuesday

12  afternoon at four o'clock.

13       I've had an opportunity to review it with my

14  client, Your Honor; and there are, in fact,

15  inaccuracies.  And I brought them to the attention of

16  the State, and I think they will agree that as far as

17  the criminal history there are inaccuracies there.

18       THE COURT:  Tell me what we need to correct.

19       MR. FALLIS:  Well, there is only one driving

20  while license suspended, Your Honor.  And he never

21  served sixty days in jail for that -- or two hundred

22  and eight days, as stated, on 5/28/02.  That's

23  inaccurate.  1/23/02 is inaccurate.

24       THE COURT:  I'm sorry.  Say that again.

25       MR. FALLIS:  1/23/02 is inaccurate.  I believe

00114

1   the only accurate one, Your Honor, was...

2           No, that's not even accurate either.  He did

3   not get sentenced to sixty days in jail.  Your Honor,

4   there was a driving-while-license-suspended conviction,

5   okay, but there was never any jail time.  I'm not sure

6   which one of these, out of all of them...

7           They don't reflect a proper sentence.  So I...

8           I guess I would move to strike them all, Your

9   Honor.

10          THE COURT:  Well, I'm not going to strike

11  anything.  I will note on the PSI that the defendant

12  denies those sentences.

13          MR. FALLIS:  Okay.  And, Your Honor, I think I

14  also mentioned to the Court at side bar, when I moved

15  to continue and the Court denied my continuance, that I

16  may very well have some discrepancies as far as some of

17  the historical background.  And, Your Honor, you had

18  indicated to me that you would give me leave

19  to object --

20          THE COURT:  Yes, sir.  I'll reserve

21  jurisdiction for ten days to consider any motion that

22  you might file to correct any other factual

23  inaccuracies in the PSI.

24          MR. FALLIS:  Okay, Your Honor.  Then if that's

25  the case, Your Honor, I would just leave that for --

1    for that.

2           Now, in addition, Your Honor, like I said, I

3    moved for continuance, and the Court has denied the

4    continuance for sentencing.

5           And I also moved -- because I told the Court

6    that certain things have come to my attention within

7    the last -- actually two days, three days -- that, once

8    they're investigated, might lead to my amending my

9    motion for new trial and adding two more grounds.  But

10   at this juncture I can't do that.

11          But you also indicated, Your Honor, that you

12   would give me leave to amend my motion for a new trial

13   within that ten-day period as well; is that correct?

14          THE COURT:  Yes, sir.

15          MR. FALLIS:  Okay.  Your Honor, that being the

16   case, then I guess we're prepared to go forward with

17   sentencing.  And I will rest on the four corners of my

18   motion for new trial.  I don't think it requires any

19   additional argument at this point.  And I would leave

20   it at that, Your Honor, with leave to amend, if

21   necessary, within ten days.

22          THE COURT:  All right.  Does the State have

23   any additional argument on the motion for new trial?

24          MR. SKINNER:  Judge, no, sir, we have no

25   argument.

1    THE COURT:  I've reviewed that motion, and I

2    will confirm my rulings challenged in that motion that

3    were made during the course of the trial and prior to

4    the trial.

5         For that reason, the motion for new trial is

6    denied.  And that is without prejudice for you to file

7    an amended motion for a new trial within ten days from

8    today's date.

9         MR. FALLIS:  Your Honor, the only other issue,

10   I believe, is the restitution.  I've had an opportunity

11   to speak to the State on that, and I think we've got an

12   agreement.  The State is seeking solely the funeral

13   expenses, I understand.  And I understand, Your Honor,

14   by statute, that's proper.

15        MR. SKINNER:  Judge, we agree.  And there are

16   -- there's three noted in the PSI that cover the

17   victim's funeral expenses.  We have prepared those

18   orders for submission this morning, and I think we have

19   an agreement on those.  They are noted in the PSI on

20   page three.

21        THE COURT:  And you don't dispute the amounts

22   that are set forth in the PSI?

23        MR. FALLIS:  No, Your Honor.  Those are

24   reasonable amounts.

25        THE COURT:  All right.  I, of course, ordered



6

1    a PSI because of the discretion that is extended to the

2    Court as to count three only.  There is no discretion

3    as to counts one and two with regard to the sentence

4    that must be imposed.  So in that respect, I'll hear

5    anything that you'd like to offer in mitigation of

6    sentence as to count three.

7          MR. FALLIS:  Yes, Your Honor.  Your Honor,

8    obviously the most important is lack of -- that's the

9    reason I brought up on the PSI the lack of criminal

10   background.  Your Honor, Mr. Criner does not have a

11   criminal history.  And although we dispute the facts,

12   and we will obviously be appealing the facts of this

13   case, Your Honor, I believe that the Court needs to

14   give that great weight in determining and using its

15   discretion as to count three.  And I would be probably

16   -- you know, the statutory argument is the biggest

17   statutory argument I have, Your Honor.

18          And, also, the Court remembers in this case

19   there was a question about all the arms that were in

20   this case introduced -- the drugs on behalf of the

21   alleged victim in count three, and perhaps his

22   complicity.  And, Your Honor, the Court needs to

23   consider that as well and exercise any discretion as to

24   count three.  That is the one that entails the alleged

25   victim in this case in whose home he was.  And, Your

1   Honor, for that reason, we would ask the Court not to

2   exercise and exceed...

3         THE COURT:  Did Mr. Criner want to make any

4   statements?

5         MR. FALLIS:  No, Your Honor, at this point

6   Mr. Criner will not make any statements.

7         THE COURT:  Mr. Criner, you agree that you

8   have no statement to make; is that right?

9         THE DEFENDANT:  No, sir, I don't.

10        THE COURT:  Okay.  I'll hear anything that the

11  State would like to offer.

12        MR. SKINNER:  Judge, we have three witnesses

13  that are present and have prepared a -- a very brief

14  statement from each this morning.  Your Honor, we'd

15  like to call, first, Ms. Belinda Brown forward.

16        THE COURT:  All right.  Ms. Brown.

17        MR. SKINNER:  Your Honor, may she approach the

18  witness stand?

19        THE COURT:  Yes, ma'am.  You may have a seat

20  on the witness stand.

21  (Ms. Brown takes the stand.)

22        THE COURT:   You're going to read a statement

23  to me?

24        MS. BROWN:  Yes, sir.

25        THE COURT:  Would you tell me first what your

1    name is, please?

2         MS. BROWN:  My name is Belinda Brown.  I am

3    the mother of Isaac Brown, Jr.

4         Isaac was my only son.  There are not enough

5    words to express losing my only son.  However, Your

6    Honor, Isaac was such a funny young man.  When there

7    were hard times in our lives, he would always say

8    something or do something to make his sister and myself

9    laugh.

10        Isaac was in his fourth year of college.  He

11   was so excited about finishing.  We would often talk

12   about it.  He would say to me, I'm going to take care

13   of you.  My son cared about me and he loved me very

14   much.  I never had the privilege to see my son graduate

15   from college.

16        Your Honor, I cannot enjoy my home the way I

17   once did.  There is one room in my home that is

18   extremely difficult to enter.  It was considered the

19   game room for my children.  Isaac played video games

20   when he was home, and he died with video controllers in

21   his hand.  That was something I know he loved to do.

22   But to this day, I can't handle watching young men play

23   video games.

24        I will never know what it would have been like

25   to see my son married or him even having children.

1  Isaac loved Frosted Flakes cereal and Little Debbie

2  Cakes.  Even today, when I go to the grocery store, I

3  can't even look at them on the shelf.

4       I would walk in the evenings after work.  But

5  when Isaac came home from college, he would always say

6  to me, you're not walking today?  And I would say, I

7  don't want to go by myself.  Well, he'd say, I'll walk

8  with, because I don't want you to get fat.

9       Your Honor, I will never have the luxury of

10 seeing my son again on this earth -- seeing him smile,

11 hugging him, or even telling him I love him.  But the

12 Criner family can still talk to him.  Today I just

13 wanted to express the love that was taken from me so

14 violently and senselessly, the love of a mother for her

15 child, her son, her only son.

16      MR. SKINNER:  Thank you, ma'am.

17      Your Honor, that would conclude her statement.

18 And we would at this time call Ms. Cathy Hicks forward,

19 who is the mother of Jeffrey Hicks.

20 (Ms. Hicks takes the stand.)

21      THE COURT:  If you would first tell us your

22 name, please.

23      MS. HICKS:  My name is Cathy Hicks.

24      THE COURT:  Is that with a C or a K?

25      MS. HICKS:  It's with a C.

1    THE COURT:  Thank you.

2    MS. HICKS:  On May 27th, 2002, my only child

3  Jeffrey was murdered at the age of twenty-one.  On that

4  day I felt that my life had ended too.  But before I

5  tell you how it changed my life, I want to tell you a

6  little bit about my son.

7    Jeffrey was an only child, but he was a very

8  giving, compassionate, and caring child.  When he

9  looked at a person, he did not see the color of their

10  skin or their handicap.  He saw them for what they were

11  inside.  He didn't judge people for what they did; he

12  just accepted them for the person they were.

13    If he had a friend in need, he tried to meet

14  that need, whatever it may have been.  He often helped

15  people, even if it inconvenienced him.  If they needed

16  something he had, he gave it to them.  When he was in

17  the first grade there was a belt that he wanted out of

18  the Avon catalog.  It was a train belt, and he couldn't

19  wait to get it.  The first day he wore it to school,

20  when he came home he did not have the belt on.  When I

21  asked him where it was, he said that his friend did not

22  have a belt, so he gave him his.

23    When Jeffrey got a new pair of shoes he would

24  give his old pair to a friend who lived with his

25  grandmother.  They didn't have much money and couldn't

1  afford much.  Believe me, his old pair looked almost

2  new.  He would outgrow his shoes before they even

3  looked worn.

4      He didn't change as he got older.  My son was

5  at work one day and called his dad to come pick him up.

6  When John asked him where his car was, he replied, my

7  friend needed to take her baby to the doctor and didn't

8  have a way to get there, so I loaned her my car.

9      Jeffrey didn't think with his head; he gave

10  from the heart.  After his death we found out more

11  things that he had done for other people.  He made a

12  friend's car payment when they couldn't pay it that

13  month, and he bought a car part for his friend for his

14  car when it broke down.  One Christmas, one of his

15  friend's did not buy Christmas presents for his baby.

16  When Jeffrey found out, he took his own money to buy

17  the baby presents.

18      Jeffrey was very patient with children.  He

19  had several friends that had children.  When he went to

20  their house he would play with their kids.  He would

21  have made a great dad.

22      My life will never be the same.  I will

23  forever remember May 27th, 2002, when Officer Miller

24  came to my door.  I remember thinking, please, God,

25  just let him be in jail -- because he would still be

1   alive.

2           I knew, even before he told me, that Jeffrey

3   was dead.  As much as he didn't want to tell me until

4   John got into the room, I will never forget looking at

5   him and saying, Jeffrey's dead, isn't he?  And he said,

6   yes.

7           I don't remember what he said after that.

8   That is the day my world ended.  Life has no meaning

9   for me anymore.  Life has no joy or future.  Your

10  children are your future and your life.  Holidays, and

11  especially family holidays, are very difficult to

12  celebrate.  Mothers Day is the worst, especially when

13  everybody is wishing you a happy Mothers Day.  But it's

14  not a happy Mothers Day for me.  My son is not here to

15  share it with me.  So when I see a mother with her

16  child, my heart is breaking because I don't have my son

17  here with me.  I don't feel like I am a mother anymore.

18  I can't celebrate Christmas anymore as far as a family

19  holiday.  I haven't put up a Christmas tree or

20  decorations since Jeffrey died.  You see, Christmas,

21  for me, was centered around Jeffrey.

22          I used to love to go shopping for him.  His

23  favorite brand of clothes was Tommy Hilfiger.  I would

24  go to the outlet mall in St. Augustine the day after

25  Thanksgiving and stand in line a couple of hours just

1   to get the good buys for his Christmas present.  Now I

2   can't even go into the store.  It's just too painful.

3       That Sunday before Jeffrey died, I did not go

4   to church.  For some reason I stayed home and I fixed

5   him soft tacos, which he liked.  I remember, he didn't

6   eat all of his, but fed the rest to his dog Lady.  I

7   haven't fixed soft tacos since that day.  It is just

8   too painful to do some of the things that he liked to

9   do.

10      Jeffrey loved to play baseball, and he was

11  good at it.  He was a left-handed pitcher and wanted to

12  play in the majors.  He will never get that chance.  I

13  loved going to watch him play.  While he was growing

14  up, I was at all the games he played, and was even team

15  mom.  I was over the booster club while he was in high

16  school and was involved in all the baseball things.  I

17  didn't want to miss a moment of his life.  I would even

18  follow the bus out of town for his games.  He didn't

19  mind that his mom was there.  Now I cry every time I go

20  to a baseball game.

21      Jeffrey loved music.  It didn't matter what

22  kind of music it was.  I can't even listen to music now

23  because it's too sad.  It hurts that Jeffrey is not

24  here to enjoy it.  My radio station is now on a

25  talk-radio station.

1      Jeffrey still lived at home.  There are many

2  times that we would play Monopoly, dominoes, or put a

3  puzzle together.  Now all I have are the memories.

4      I looked forward to Jeffrey getting married.

5  Now I will never see him walk down the aisle.  He will

6  never get that chance, and I will never have

7  grandchildren of my own.  I will never know the joy of

8  being a grandmother.  I see other people with their

9  grandchildren and my heart just aches.

10      I tried to keep Jeffrey safe.  When he got in

11  his first accident, which was not his fault, he had to

12  find a pay phone to call the police and us.  And after

13  that I got him a cell phone.  When he got a motorcycle

14  I was so afraid that something would happen to him, so

15  I cosigned for a car for him.  I wanted him to be safe.

16  Now the only way that I can take care of him is to make

17  sure that I keep the dirt off his marker and that he

18  has flowers on his grave.  A mother should never have

19  to bury her child.  The pain I feel is almost

20  unbearable.  I want my son back.  I just keep hoping

21  that this is a nightmare and I'll wake up and he will

22  still be here with me.

23      I will forever remember his smile.  He always

24  had a smile on his face and was a happy young man.

25  Some of my friends treat me different now.  They don't

1    know what to say, or just avoid talking about Jeffrey.

2    I can tell they feel uncomfortable being around me.

3    They can't relate to what has happened to me, so they

4    just avoid the subject, or stay away.

5        One friend that I had for ten years told me I

6    reminded her of Jeffrey, so she just couldn't be around

7    me anymore.  When my friends talk about or show

8    pictures of their grandkids or children, they exclude

9    me from that.  I just want to be treated the same way

10   before Jeffrey died.  So not only did I lose my son,

11   but I lost my friend as well.

12       I don't sleep through the night anymore.  I

13   keep dreaming about Jeffrey.  He keeps telling me he is

14   glad that I kept his motorcycle and car.  He keeps

15   saying that he's not gone, that he's right here.  But I

16   don't know where here is.  Is it in my heart?

17       As you age, you depend on your children more

18   and more.  One of my biggest fears is, who will care

19   for me when I get older and can't take care of myself?

20   I'm afraid that I will be put in a nursing home and

21   forgotten or abused.  Jeffrey always told me that he

22   would take care of me when I got older.  Now Jeffrey

23   isn't around to do that.

24       I just couldn't protect him from the violence

25   of the world and people like the defendant, someone

1   that doesn't have any regard for human life.  The

2   defendant made my son suffer for thirty seconds to a

3   minute.  As a parent, you never want your child to

4   suffer.  I can't imagine what Jeffrey was thinking or

5   the pain that he felt.  I want the defendant to suffer

6   for the rest of his life.  I pray that he never forgets

7   what he did and that it haunts him every waking moment

8   that he lives.

9           I think spending the rest of his life in

10  prison is too good for him.  I think he should have

11  received the same sentence he gave my son -- death.

12          The pain that I live with is a pain that never

13  goes away.  You just learn how to make it through the

14  day and pray that God is there to give you the

15  strength.  All I have are the memories to last a

16  lifetime, instead of a lifetime of memories with my

17  son.  I will have to go through life without the most

18  important thing in my life -- my son.  Thank you.

19          THE COURT:  Thank you, Ms. Hicks.

20          MR. SKINNER:  Your Honor, that concludes her

21  statement.  And we last have Officer Isaac Brown.

22          THE COURT:  Officer Brown.

23  (Officer Brown takes the stand.)

24          THE COURT:  Tell us your name, please.

25          OFFICER BROWN:  My name is Isaac Brown.

1   Honorable Judge Peter Dearing, I thank you for the

2   opportunity to speak this morning.  Today I'm just

3   saddened that something caused a chain of events to go

4   into motion that claimed the life of my son, Isaac,

5   Jr., and his good friend, Jeffrey Hicks, and it has

6   unfortunately landed us in this courtroom today.  I

7   know that Isaac and Jeffrey are in a better place, and

8   with that I find peace.

9        I want you to know, Takoya, that forgiving you

10  was the easiest part of this whole ordeal.  You made a

11  mistake, and we all have at some point in time in our

12  life.  I've never hated you.  I never held any

13  animosity towards you.  On May 27, 2002, you had a

14  choice to make.  Because of your choice, we're here

15  today.

16       But we can't change what has happened, but we

17  can learn from our mistakes.  So today I say to you,

18  you be strong, and you be encouraged, and no matter

19  what sentence is imposed upon you today, God will be

20  with you every step of the way.  I will be praying for

21  you always.  I do love you, and may God bless you

22  forever.

23       To the Criner family, I know that you feel our

24  loss, as well as we feel your loss.  And I want y'all

25  to know that you'll always be in our prayers.

1         And, finally, if I may say to everyone who

2  hears my voice, especially the young folks, just

3  remember that life is full of choices; and our choices

4  matter, because they do have consequences.  So take

5  time to think before you act.  And may God bless

6  you-all.  Thank you.

7         THE COURT:  Thank you, sir.

8         MR. SKINNER:  Your Honor, we have no further

9  witnesses.

10        THE COURT:  Is there anything that Mr. Criner

11  wants to say before the Court imposes sentence?

12        MR. FALLIS:  Yes, Your Honor, I believe

13  Mr. Criner wanted to read something.

14        THE COURT:  All right.

15        THE DEFENDANT:  I want to address the Court,

16  the Honorable Judge Peter Dearing.

17        The Lord is my shepherd, I shall not want.  He

18  maketh me lie down in green pastures.  He leadeth me

19  beside still waters.  He restoreth my soul for his

20  namesake.  I shall not fear, even though I walk through

21  the valley of the shadow of death, though enemies shall

22  conquer me.

23        Even though I go through what I go through, I

24  feel sorry for the family.  I had to lose a family

25  member as well.  But I'm sorry.  It's not on my hands.

1  I say the Lord is my shepherd, I shall not want.  No

2  enemy shall conquer me.  And I'll end it right there.

3         THE COURT:  All right, sir.

4         MR. FALLIS:  Your Honor, I would ask that the

5  Court appoint the Public Defenders office for the

6  purposes of appealing.

7         THE COURT:  Mr. Criner, the jury, having found

8  you guilty of each of the three charges as charged in

9  the indictment, I now adjudicate you guilty of each of

10  those offenses in counts one, two, and three.  As to

11  each offense, it is the judgment and sentence of the

12  Court that you be committed to the Department of

13  Corrections for imprisonment for the balance of your

14  natural life.

15         I will enter court costs in the amount of

16  three hundred and thirty-eight dollars.  I will reserve

17  jurisdiction to consider any amended motion for new

18  trial or any motion to correct the pre-sentence

19  investigation report for a period of ten days.  I will

20  enter the request of three restitution orders.

21         I would simply encourage you to consider what

22  Officer Brown said and to keep in your own mind that

23  which you recited to me today.  Although two lives have

24  come to an end, yours is not over.  Your community will

25  be different than that which you have known in the

1   past, but you still can potentially have a long life

2   ahead of you.  Just keep in mind what Officer Brown

3   said to you and what you said to me.

4          You would have thirty days from today's date

5   to appeal that sentence.  And I will appoint the Public

6   Defender to represent you.

7          MR. SKINNER:  Your Honor, do all three

8   sentences carry the minimum mandatory under the

9   10-20-life provision?

10          THE COURT:  Yes.

11          MR. SKINNER:  They were all three filed on the

12   three counts.

13          THE COURT:  Yes, although I don't understand

14   how --

15          MR. SKINNER:  I understand, Your Honor.

16          THE COURT:  -- that is relevant, considering

17   that a life sentence now is a natural life sentence.

18   There is no parole.  I will impose the minimum

19   mandatory sentences in case the legislature sees fit to

20   change what life imprisonment means at some time in the

21   future.  And those would run concurrent, each with the

22   other.

23          MR. SKINNER:  Yes, sir.

24          THE CLERK:  And what is the minimum mandatory?

25          MR. SKINNER:  They each carry twenty-five up

1    to life.

2              THE COURT:  A twenty-five year minimum

3    mandatory sentence as to each count.

4              MR. SKINNER:  Yes, sir.

5              THE CLERK:  Okay.

6              THE COURT:  And, Mr. Criner, you will need to

7    step over.  You'll have to be fingerprinted, sir.

8    (The hearing was adjourned.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF REPORTER

STATE OF FLORIDA

COUNTY OF DUVAL


        I, CAROL E. DUNNE, RPR, do hereby certify
that I was authorized to and did report in shorthand
the above and foregoing proceedings, and that the pages
herein contain a full, true and correct computer-aided
transcription of my shorthand notes taken therein.

        I further certify that I am not interested
in the outcome of these proceedings.

        Done and signed this 28th day of July
2005.




                    *Carol E. Dunne*
                    CAROL E. DUNNE, RPR

**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

STATE OF FLORIDA          APPEAL NO. 2005-3139

COUNTY OF DUVAL

I, JIM FULLER, Clerk of the Circuit Court for the County of Duval, State of Florida, do hereby certify

that the foregoing volumes, inclusive, contain a correct transcript of the record of the judgment in the case of State

of Florida vs.   TOKOYA DOMINC CRINER  16-2002-CF-6549-AXXX-MA  CR-D

and a true and correct recital and copy of all such papers and proceedings in said cause as appears from records and files

of my office and that have been directed to be included in said record by the directions furnished me for the following

volumes:    VOLUME I, PAGES              0001 - 0134       INCLUDING RENUMBERED TRANSCRIPTS

The following volumes, inclusive, embrace the transcribed notes of the reporter as made at the trial and certified

by him to me:

| | | | |
|---|---|---|---|
| VOLUME II, PAGES | 0001 - 0200 | VOLUME IX, PAGES | 1201 - 1398 |
| VOLUME III, PAGES | 0201 - 0400 | VOLUME X, PAGES | 1399 - 1446 |
| VOLUME IV, PAGES | 0401 - 0600 | VOLUME XI, PAGES | 0001 - 0014 |
| VOLUME V, PAGES | 0601 - 0736 | | |
| VOLUME VI, PAGES | 0737 - 0936 | | |
| VOLUME, VII, PAGES | 0937 - 1085 | | |
| VOLUME VIII, PAGES | 1086 - 1200 | | |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of said Court.

Dated:  August 22, 2005

JIM FULLER
Clerk of the Circuit Court



_____
Deputy Clerk