**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TAKOYA DOMINIC CRINER,

          Petitioner,

V.

SEC., FLA. DEPARTMENT
OFCORRECTIONS, (**FDC**),

        Respondent.

CASE NO.: 3:21-cv-1160-TJC-LLL

# FDC EXHIBIT 50

**- order relinquishing jurisdiction to special master -**
**- 1D09-3786 - PETITION FOR BELATED APPEAL -**

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 301 S. Martin Luther King, Jr. Blvd.
### Tallahassee, Florida 32399-1850
### Telephone No. (850) 488-6151

2002-cf·6549
CRD

December 16, 2009

**CASE NO.: 1D09-3786**
L.T. No. : 02-8631 CFA02

Tokaya Criner      v.      State Of Florida

_____

Appellant / Petitioner(s),          Appellee / Respondent(s).

## BY ORDER OF THE COURT:

Upon consideration of the petition seeking belated appeal, response and reply, jurisdiction is relinquished to the trial court for a period of 60 days. The Chief Circuit Judge is requested to appoint a special master to serve as a commissioner of this court for the purpose conducting an evidentiary hearing and issuing a written report and recommendation concerning petitioner's entitlement to a belated appeal in Duval County Circuit Court case number 02-8631-CFA02. See Staley v. State, 12 So. 3d 778 (Fla. 1st DCA 2009). Copies of the petition, response and reply are hereby provided to the Chief Circuit Judge to serve as the initial pleadings in the proceedings before the special master.

The special master's report and recommendation shall be issued no later than 60 days from the date of this order, and copies thereof shall be served on the clerk of this court, the petitioner, the State Attorney, and the Attorney General. Any party adversely affected by the conclusion of the special master may file a response within 10 days of service of the report and recommendation, and the other party may reply within 10 days of service of the response. At that time, this court will issue its order determining whether petitioner is entitled to a belated appeal.

I HEREBY CERTIFY that the foregoing is (a true copy of) the original court order.

Served:

Bernard F. Daley, Jr.      Hon. Bill Mc Collum, A.G.      Heather Flanagan Ross,

A.A.G.

Hon. Donald R. Moran, Jr., Judge    Hon. Jim Fuller, Clerk

am

Jon S. Wheeler

JON S. WHEELER, CLERK



# IN THE FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

TAKOYA CRINER,

     Petitioner,

vs,

                                 CASE No.  1D09-3786
                                 L. T. No.  02-8631 CFA02

STATE OF FLORIDA,

     Respondent.

_____/

## PETITIONER'S REPLY TO STATE'S RESPONSE TO [SUPPLEMENTAL] ORDER TO SHOW CAUSE

     COMES NOW the Petitioner, TAKOYA CRINER, by and through his undersigned counsel, and pursuant to Florida of Rule of Appellate Procedure 9.100(f), and the Court's October 24, 2008 [supplemental] order to show cause, hereby files his Reply to the State's Response to that order (hereinafter the "Response") filed on November 9, 2009.

     For the reasons shown below, the State has substantially failed to show cause why the petition should not be granted in its Response, and accordingly, the Petitioner respectfully requests that the Court issue its writ affording him a belated appeal of the lower court's final order rendered on April 20, 2009. In support of that request, the Petitioner shows:

1

# A. PROCEDURAL AND FACTUAL HISTORY.

1.      The Petitioner seeks to invoke this Court's jurisdiction under Rule 9.141(c) to afford him a belated appeal of the trial court's April 20, 2009 rendition of a final order which denied the motion to vacate judgment and sentence filed pursuant to rule 3.850. (*See* Petition, at § III, page 9, and App. At Exhibit B.). [1]

2.      As he alleged in the petition, he was unable to afford to retain counsel to collaterally challenge the underlying judgment and sentence until December of 2008, when he retained the undersigned. Upon conducting an expedited review of the Petitioner's instant conviction, undersigned counsel discovered that there was a justiciable basis for seeking to recall this Court's mandate (and to seek to vacate the Court's PCA affirmance of the trial court's summary denial of the Petitioner's original rule 3.850 motion in *Criner v. State,* 986 So. 2d 605 (Fla. 1st DCA 2008), and that the two-year time limit for filing such a motion under the rule would expire on or about December 27, 2008.

3.      Accordingly, on December 13, 2008, undersigned counsel filed a motion to recall that mandate in this Court. He further alleged that since the two-year time limit for filing a Rule 3.850 motion would expire on or about December 27, 2008, on that date, he also filed a formal request in the trial court to enlarge the two-year time

---

[1]   Although both the lower court and the Respondent are seemingly unsure of such, the Rule 3.850 motion was not filed until March 23, 2009. (Petition, at

period in order to provide him with a reasonable opportunity to review the files and records of the Petitioner's underlying judgment and/or sentences, and to determine what grounds (if any) existed for collaterally challenging the judgment and/or sentence, and if such grounds existed, then to prepare and file a Rule 3.850 motion seeking to vacate the judgment and sentence. (*See* Petition, at 5).

4. On January 6, 2009, this Court denied the motion to recall the mandate, and the Petitioner notified the Court thereof. (*See* Petition at 6, § II.D). Importantly, in denying the motion, the Court declined to reach or otherwise rule on the merits of the grounds asserted therein.

5. On March 26, 2009, the Petitioner filed the underlying Rule 3.850 motion to vacate judgment and sentence (*See* Petition, at 6, § II.D). He next alleged that on April 7, 2009—while the afore-mentioned rule 3.850 motion was (then) still pending, the lower court rendered its order denying the Petitioner's December 27, 2008 motion under Florida Rule of Criminal Procedure 3.050 to enlarge the two-year time limit of Rule 3.850(b). (*See* Petition, at 6-7; and Exhibit A).[2] Ironically

---

[2] In that order, the lower court characterized the Petitioner's Rule 3.050 motion as seeking an enlargement of time in order to file his second post-conviction motion, while his motion to recall the mandate in his prior rule 3.850 appeal was pending. In that regard, the court characterized the Petitioner's motion to recall the mandate filed in this Court as being premised on the allegation that the prior rule 3.850 motion was filed without the Petitioner's authorization, as it was filed by a Georgia attorney not licensed to practice law in Florida, and who had been not admitted *pro hac vice* by the lower court for the purpose of filing that motion, and therefore a nullity.

however, despite the un-ambiguity of the request under Rule 3.050 to enlarge the two-year time limit in order to allow his counsel a sufficiently reasonable enlargement of time in order to prepare and file a rule 3.850 motion, the lower court nevertheless found that the 3.050 motion merely sought an enlargement of the limitation period solely to allow this Court time to dispose of the motion to recall the mandate.[3] (*See* Petition, at 5). To be sure, in denying the Rule 3.050 motion, the lower court ignored the fact that when this Court declined to exercise its discretion to recall the mandate, it did so *without reaching the merits* of the grounds asserted in the motion to recall the mandate, the lower court in part reasoned that by failing to grant the Petitioner relief based on the grounds asserted in the motion, this Court in effect did just that; in other words,, the lower court held that by denying the motion to recall the mandate, such a disposition served as an explicit decision that the grounds raised in the motion lacked merit, as after all, this Court failed to afford any relief from such alleged errors.

6.     Accordingly, stated differently, since this Court had not found that the prior rule 3.850 motion was indeed a nullity by granting relief from such a purported

---

[3] Obviously, the Petitioner's motion to enlarge the two-year time period sought a sufficient enlargement of the time period to allow counsel a reasonable period of time to obtain and review the underlying trial and appellate court record in order to determine, what grounds, if any, existed for seeking post-conviction relief under Rule 3.850, and to then prepare and file an appropriate motion on the Petitioner's behalf asserting these grounds

error via the motion to recall the mandate, the lower court premised its denial of the motion to enlarge the two-year period on that "fact," finding that doing so would be a meaningless gesture, as "a subsequent Motion for Post Conviction Relief would be [improperly] successive." [Citations omitted]. (*See* Petition, at 7, and Appendix, Exh. A at 2).

7.     Finally, the Petitioner alleged that on April 20, 2009, the lower court rendered its "Order Denying Defendant's Motion To Vacate Judgment and Sentence" (the Rule 3.850 motion and summary denial order). As the Petitioner noted in the petition, the trial court found that denial was appropriate as the motion was not only successive, but untimely, as it was filed beyond the two-year time limit in Rule 3.850(b). (*See* Petition, at Exhibit B).

## II.  REPLY ARGUMENT

A.     The Basis for The Relief Sought by the Petition

In seeking a belated appeal from the trial court's April 20, 2009 final order summarily denying the Petitioner's Rule 3.850 motion to vacate the judgment and sentence, the Petitioner specifically argued that the lower court's final order had detrimentally not been served on the Petitioner's undersigned counsel, as is required by Rule 3.030. That rule provides in relevant part:

> **(a) Service; When Required.** Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, *and every order not entered in open court*, every

written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar paper *shall be served on each party*; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.

**(b) Same; How Made.** *When service is required* or permitted to be made *on a party represented by an attorney, the service shall be made on the attorney unless service on the party is ordered by the court.* Service on the attorney or on a party shall be made by delivering a copy to the party or by mailing it to the party's last known address [.]

Fla. R. Crim. P 3.030. (emphasis added). As that rule unambiguously provides, a copy of both of the trial courts orders, *e.g.*, that of April 7, 2007 denying the Rule 3.050 motion, and that of April 20, 2009 denying the Rule 3.850 motion, were required to be served by the clerk upon each party's counsel, and not the parties themselves.

In its November 6, 2009 Response, the State asserted several reasons as to why the petition should not be granted. Respectfully, these grounds are either unsupported, improper, or irrelevant. Pursuant to Florida Rule of Appellate Procedure 9.100(j), if the Respondent serves a response, it shall "include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices."

The State first contends that:

Petitioner is not entitled to a belated appeal of the Order [denying the Rule 3.850 motion] because "the [sic] Petitioner's contention is facially incorrect. Petitioner's undersigned counsel's information appears on both orders. (*See* Exhibit A and B).

6

(Response at 2, ¶ 3). Respectfully, aside from being difficult to follow, this assertion is simply unsupported, as there are no exhibits attached to its Response. If the State is referring to the exhibits attached to the petition, then its position is still unsupported, as the certificates of service on the order(s) clearly state that they were served on the Petitioner, and not upon his counsel as required.

As for the State's suggestion that an evidentiary hearing is necessary, the Petitioner respectfully disagrees that the need for such a hearing even exists, as the State has failed to show that there are any material facts legitimately in dispute. To be sure, it would appear that the convoluted history of the Petitioner's underlying judgment has bewildered opposing counsel herself, especially given the fact that at first blush, the certificate(s) of service ambiguously appear to indicate that undersigned counsel was in fact served with the order(s), but a closer review of the actual wording of the certificate reveals otherwise.

In short, the lower court's order(s) speak for themselves, and thus, the State cannot in good faith assert that the "Certificate of Service" section of those orders executed by the respective Deputy Clerk(s) indicate that undersigned counsel himself was served therewith. To be sure, the certificate(s) of service on the orders of April 7, 2009 and of April 20, 2009 clearly state that the respective deputy clerk(s) "certif[ied] that a copy of [each order] has been furnished by U.S. Mail <u>to the Defendant,</u>" and hence, they do not certify that they were served on the defendant's

counsel, as is required by Rule 3.030 (b). *As the State has failed to even address this material point of the petition, much less deny such,* it has failed to show cause why the Petition seeking a belated appeal of the lower court's final order of April 20, 2009 should not be granted.

As noted in the petition, unaware that the lower tribunal had rendered that final order, Petitioner's counsel did not file a notice of appeal within the required 30 days of its rendition. As for service of the order upon the Petitioner himself, the order failed to advise him of the right to appeal, or the time limits to do so, as required by rule 3.850(g). Thus, as the frustration of the Petitioner's appellate rights is due to "state action," the Petitioner is entitled to a belated appeal from the lower court's final order. (*See* Petition, at 9-10).

Respectfully submitted,

BERNARD F. DALEY, JR.
Florida Bar No. 263141
The Daley Law Office, P.A.
901 North Gadsden Street
Tallahassee, Florida 32303
Telephone: (850) 224-5823
Fax: (850) 222-4045
*Attorney for the Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was served by United States mail on the Heather Flanagan Ross, Office of the Attorney General, PL 01, The Capitol, Tallahassee, Florida, 32301-1100, on this 24 day of November, 2009.

BERNARD F. DALEY, JR.
*Attorney for the Petitioner*

**IN THE FIRST DISTRICT COURT OF APPEAL**
**STATE OF FLORIDA**

TAKOYA CRINER,

     Petitioner,

VS                     CASE No. 1D09-_____
                         Lower Tribunal No. 02-8631 CFA02

STATE OF FLORIDA,

     Respondent.

_____/

## PETITION FOR BELATED APPEAL

COMES NOW the Petitioner, TAKOYA CRINER, by and through his undersigned counsel, and pursuant to Florida Rule of Appellate Procedure 9.141(c), hereby petitions this Honorable Court for a belated appeal from the trial court's rendition of a final order in the underlying criminal proceeding on April 27, 2009, the nature of which denied the Petitioner's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. As grounds therefore, the Petitioner would show:

## I.   BASIS  FOR INVOKING JURISDICTION.

This Court is vested with jurisdiction to issue extraordinary writs such as habeas corpus, as well as all "other" writs necessary to the complete exercise of its jurisdiction under article V, section 4(b)(3) of the Florida Constitution. *Accord.*, Fla. R. App. P. 9.030(b)(3). Historically, the writ of habeas corpus was the

designated vehicle through which a defendant could seek a belated appeal of a trial court's final order or judgment where the failure to timely appeal was due to state action. *See generally*, *Baggett v. Wainwright*, 229 So. 2d 239 (Fla. 1969). In 1996 however, the Florida Supreme Court adopted an amendment to rule 9.140 creating a new procedure designed to supersede and replace the former method of seeking belated appeals through an appellate court's habeas jurisdiction. *See Amendments to the Florida Rules of Appellate Procedure*, 685 So. 2d 773 (Fla. 1996). Under that new procedure—now codified at Florida Rule of Appellate Procedure 9.141(c), a defendant seeking a belated appeal must file a petition in the appropriate appellate court conforming to the pleading requirements set forth in the rule.[1]

## II.  FACTS UPON WHICH THE PETITIONER RELIES.

### A.    *Rendition of the Underlying Judgment and Sentence.*

On September 5, 2002, the Petitioner was indicted by a grand jury empanelled in the Fourth Judicial Circuit Court of Duval County, Florida, and

---

[1]        As the Second District has observed:

Despite the creation of this rule, many petitions for belated appeals are styled under the rubric of habeas corpus instead of filed as rule 9.141(c) motions. *See, e.g., Harris v. State*, 911 So. 2d 221 (Fla. 2d DCA 2005).

*Valdez-Garcia v. State*, 965 So. 2d 318 (Fla. 2d DCA 2007).

charged with committing murder in the first degree[2] in the deaths of Isaac Eugene Brown, Jr., and Jeffrey Martin Hicks, and one count of attempted murder in the first degree[3] of Gavin Derrick Berry, respectively.

The case was tried to a jury commencing on May 9, 2005, before the Honorable Peter L. Dearing, circuit judge presiding. On May 14, 2005, the jury returned its verdict finding the Petitioner guilty as charged on all counts. Upon receipt of the previously-ordered Pre-Trial Investigation (the "P.S.I."), the lower court conducted a sentencing hearing on June 16, 2005, at the conclusion of which it entered judgment of conviction, and sentenced the Petitioner to concurrent terms of life imprisonment.

## B.    Direct Appeal.

The Petitioner timely perfected an appeal to this Court from the afore-mentioned judgment and sentences. *See Criner v. State*, No. 1D05-6549 (Fla. 1st DCA 2005). Among the grounds raised in that appeal, the Petitioner asserted that his trial attorney had provided ineffective assistance of counsel. (*See id.*, Initial Brief of Appellant).

On November 3, 2006, this Court issued its decision affirming the judgment and sentence. *Criner v. State*, 943 So. 2d 224 (Fla. 1st DCA 2006). In the

---

[2]    *See* § 782.04(1)(a), Florida Statutes.

[3]    See § 782.04(1)(a); 777.04(1), Fla. Stat

accompanying written opinion, the Court held:

> Finally, Criner argues ineffective assistance on direct appeal. The grounds raised all concern strategic decisions made by defense counsel. <u>As the claims of ineffective assistance are not apparent on the face of the record, we decline to review them.</u> See *Grant v. State*, 622 So. 2d 186, 187 (Fla. 3d DCA 1993).

*Id.* at 226. (emphasis added).[4] Petitioner's timely motion for rehearing was denied on December 7, 2006, and the mandate issued on December 27, 2006, thereby "finalizing" the underlying judgment for purposes of commencing the two-year limitation period set forth in rule 3.850(b).

## C.   *Prior Rule 3.850 Proceeding & Appeal.*

On November 8, 2007, attorney Tony Axam[5] filed a motion for post-conviction relief pursuant to rule 3.850 in the lower court. Remarkably, in asserting ten (10) grounds for relief in the motion, attorney Axam inexplicably raised the identical ten (10) issues raised in the prior direct appeal, thereby dooming the first nine claims to summary denial, as they were undoubtedly procedurally barred. The

---

[4]      Importantly, in declining to entertain the IAC claim on direct appeal, the First District was following the well-settled principle under Florida law that unless the record fully demonstrates existence of such, claims of ineffective of assistance of counsel are not cognizable on direct appeal, and should be raised under rule 3.850 instead.

[5]      Axam maintains his principle office in Atlanta, Georgia, where he is admitted to practice. He was granted leave by this Court to appear *pro hac vice* on Petitioner's behalf in the prior direct appeal proceeding, but did not seek leave in the trial court to appear *pro hac vice*.

remaining claim alleged that the Petitioner's trial counsel had rendered IAC.[6] The trial court summarily dismissed the motion on November 26, 2007, finding that because all of the claims had been raised on direct appeal, they were procedurally barred.[7] While Petitioner filed a pro se motion for rehearing, attorney Axam filed a notice of appeal.

When the trial court later denied the Petitioner's *pro se* rehearing motion, the Petitioner then filed a *pro se* notice of appeal, which was later docketed in this Court under the style *Takoya Criner v. State of Florida*, no. 1D08-246 (Fla. 1st DCA Jan. 17, 2008)(notice docketed). On July 25, 2008, this Court issued its decision, which *per curiam* affirmed the lower court's order summarily denying the rule 3.850 motion. *Criner v. State*, 986 So. 2d 605 (Fla. 1st DCA 2008).

D.    *The Underlying Rule 3.850 Proceeding*

In late December of 2008, the Petitioner retained the undersigned attorney,

---

[6]    Pertinent, Exam had not been granted leave to appear *pro hac vice* in that proceeding, and had not been authorized to file that motion by Petitioner. Indeed, the Petitioner did not even execute the motion, much less do so under oath as required. Although the Petitioner filed a *pro se* motion to dismiss the motion raising these issues, the trial court had already rendered its order summarily denying the rule 3.850 motion.

[7]    That decision was obviously erroneous, as this Court specifically declined to entertain the IAC on direct appeal, and cited the decision in *Grant v. State* in which the Third District similarly declined addressing such a claim on direct appeal, *without prejudice* to the defendant properly raising such a claim in a rule 3.850 motion. Unfortunately, not only was that point was lost on the trial court, but was overlooked by this Court in the subsequent appeal which affirmed the trial court's order.

who expeditiously reviewed the record and filed an emergency motion in this Court December 13, 2008, to recall the mandate issued in the previous appeal of the trial court's summary denial of the rule 3.850 motion. Importantly, because the two-year time limit of rule 3.850(b) was to expire on or about December 27, 2008, counsel's late appearance in the underlying case deprived him of an adequate opportunity to evaluate whether any meritorious grounds for post-conviction existed prior to the expiration of that limitation period. Accordingly, on or about December 27, 2008, the Petitioner filed a notice in the trial court informing the court that he had moved this Court to recall the mandate in the previous 3.850 appeal. Further, the Petitioner requested that, pursuant to rule 3.050, the trial court enter an order enlarging the aforementioned limitation period time established by Rule 3.850, in order to afford undersigned counsel a reasonable period to draft and file the rule 3.850 motion.

The Petitioner subsequently supplemented that notice after this Court denied the motion to recall the mandate. Prior to the trial court ruling in the Petitioner's request to enlarge the limitation period, on March 23, 2009, the Petitioner filed his rule 3.850 motion in the trial court.

E.    *Rendition of Final Order for Which Belated Appeal is Sought.*

On April 7, 2009, the lower tribunal rendered its "Order Denying Defendant's Motion To Request To Stay Or Enlarge The Two Year Time Period For

Filing His Motion For Post-Conviction Relief." (Exhibit A). Therein, the trial court reasoned that since this Court had denied the Petitioner's motion to recall the mandate, a rule 3.850 motion would be improperly successive. Pertinently, on page 3 of that order it states that "[c]opies to" followed by a list of the parties, to wit: the State Attorney's office, undersigned counsel's name and address, and the Petitioner's name, D.C. number, and address. (*Id.* at 3). Following that list is a certificate of service stating that a copy of the order was served *solely on the Petitioner, and not upon Petitioner's undersigned counsel, as required by rule 3.030.*

On April 20, 2009, the lower tribunal rendered its "Order Denying Defendant's Motion To Vacate Judgment and Sentence." (Appendix, Exhibit B). As with the order denying the rule 3.050 request for enlargement of time, the newer order contains an identical last page, which first lists the name and address of the State Attorney, undersigned counsel, and the Petitioner. Likewise, that list is followed by a certificate of service, stating that *a copy of the order was served solely on the Petitioner, instead of his undersigned attorney, as required by rule 3.030.* Lastly, the order did not advise the Petitioner of is right to appeal that order, or the applicable time frame to do so, as is required by rule 3.850(g)

Pertinently, Petitioner's undersigned counsel was not served by the lower court clerk with a copy of either the April 7, 2009 order denying the rule 3.050 motion to

enlarge time, or with the April 20, 2009 order denying the rule 3.850 motion. Pertinently, while the clerk appears to have served a copy of both orders on the incarcerated Petitioner, the Petitioner presumed that his undersigned attorney had in fact been served with a copy of the orders, as the last page of each order itself listed counsel's name and address underneath the phrase "Copies to" along with the name and address of the State attorney's office and himself.

Due to the fact that the Petitioner retained undersigned counsel to represent him in the trial court and on appeal from any adverse order rendered by the lower court, his belief that undersigned counsel had in fact been served with the orders (as misleadingly indicated on the last page of the orders), and the fact that the final order denying the rule 3.850 rendered on April 20, 2009, failed to advise the Petitioner of his right to appeal that order and the time limit for doing so, as required by rule 3.850(g), did not bother to advise undersigned counsel of his receipt of these orders, as he presumed that under the circumstances, counsel had been served with those orders as well.

Due to the clerk's failure to serve undersigned counsel with a copy of the afore-mentioned orders as required by rule 3.050, undersigned counsel was unaware of their rendition, and consequently, was unaware of the need to perfect an appeal within 30-days of the lower court's April 20, 2009 rendition of the final order denying the rule 3.850 motion. In fact, undersigned counsel learned that the

lower court had rendered these orders on June 12, 2009, when his contract paralegal contacted the lower court clerk to check the status of the motions, and subsequently had a deputy clerk fax him a copy thereof. Accordingly, unaware that the lower had rendered the final order on April 20, 2009, undersigned counsel did not file a notice of appeal from that order invoking this Court's jurisdiction to review that order. As a consequence of the clerk's failure to serve to serve the Petitioner's counsel with a copy of the orders as required by rule 3.030, the Petitioner has been deprived of his right to appeal that order, due process of law, and meaningful access to the courts.

The Petitioner has no administrative, legal, or other judicial or equitable remedy available to him.

### III.   THE NATURE OF THE RELIEF SOUGHT.

By means of this petition, the Petitioner seeks an order granting a belated appeal from the lower court's April 20, 1999 rendition of the final order denying Petitioner's post-conviction motion. Alternatively, the Petitioner seeks such further and/or other relief to which he may be legally or equitably entitled.

### IV.   ARGUMENT.

Based on the foregoing facts, the Defendant seeks a belated appeal of the trial court's final order summarily denying his post-conviction motion in the trial court below. Pertinently, although that order contains a page misleadingly indicating that

copies were served on the Petitioner's undersigned counsel, the certificate of service clearly states that the deputy clerk solely served the Petitioner, instead of his undersigned attorney, as required by rule 3.030(b). Unaware that the lower tribunal had rendered that final order, counsel did not file a notice of appeal within the required 30 days of its rendition. As for service of the order upon the Petitioner himself, the order failed to advise him of the right to appeal, or the time limits to do so, as required by rule 3.850(g). As the frustration of the Petitioner's appellate rights is due to "state action," the Petitioner is entitled to a belated appeal from the lower court's final order.

### A The Clerk's Breach of the Duty under Rule 3.030 to Serve Petitioner's Counsel with a Copy of the Final Order Denying the Rule 3.850 Motion.

In pertinent part, Florida Rule of Criminal Procedure 3.030, entitled "Service of Pleadings and Papers" provides:

(a) **Service; When Required.** Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, *and every order not entered in open court*, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar paper *shall be served on each party*; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.

(b) **Same; How Made.** *When service is required* or permitted to be made *on a party represented by an attorney, the service shall be made on the attorney unless service on the party is ordered by the court.* Service on the attorney or on a party shall be made by delivering a copy to the party or by mailing it to the party's last known address [.]

> Although Valicenti acknowledges that his attorney was given notice of the intent to seek habitual offender status, he argues that the statute requires that he, personally, also receive notice. We reject this argument. Rule 3.030(b), Rules of Criminal Procedure, provides that where a party is represented by counsel, service shall be made upon the attorney unless service upon the party himself is ordered by the court.

*Id.* 559 So. 2d at 432. Pertinently, in *Brown v. State*, 564 So. 2d 274 (Fla. 1st DCA. 1990), this Court the Fourth District's opinion in *Valicenti* in affirming the trial court's imposition of a habitual offender sentence under section 775.084(1)(b), Fla. Stat.

Finally, while there is a scarcity of decisional law interpreting rule 3.030(b), that is of little moment. When rule 3.030(b) was adopted in 1968, it was literally taken verbatim from the analogous civil rule, Florida Rule of Civil Procedure 1.080(b). (*See* Committee Notes to 1968 Adoption of Criminal Rules of Procedure), thus those decisions interpreting and/or applying that rule persuasive as to the proper interpretation to be afforded to rule 3.030(b), Overwhelmingly, those decisions have consistently held that where, as here, a party is represented by counsel, *service of all orders must be effected upon the parties' attorney of record, and not upon the party himself.* For instance, in *Smith v. Dawson*, 880 So. 2d 784 (Fla. 2d DCA 2004), the court held "Florida Rule of Civil Procedure 1.080(b) requires service upon the attorney of record in a pending action." Accordingly, the clerk's "failure to serve the [Petitioner's undersigned] attorney [as required by]

Florida Rule of Civil Procedure 1.080(b), *is reversible error. Department of Revenue v. Freeman*, 25 Fla. L. Weekly D1685 (Fla. 5th DCA July 14, 2000) (emphasis added) (In post-dissolution proceeding, DOR was not given notice with regard to Freeman's actions and did not have opportunity to be heard", citing *Department of Revenue v. Marcovitch*, 765 So. 2d 944 (Fla. 5th DCA 2000)). As the Fifth District succinctly held, "[w]hen service is required [by rule 1.080] to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court." *Department of Revenue v. Marcovitch*, 765 So. 2d 944 (Fla. 5th DCA. 2000).

As these cases teach, under rule 1.080(b) or rule 3.030(b)—whichever may apply, service of an order rendered by a trial court upon a party represented by counsel must be made upon the attorney of record, and not upon the party, unless the trial court directs otherwise. Given the quagmire that resulted below based clerk's failure to serve the Petitioner's undersigned counsel with a copy of the lower court's order(s), the benefit derived from these rules is self-evident.

When a party retains counsel to represent their interests in a given legal proceeding, he or she does so on the belief that the court will keep their attorney informed of any significant events that may thereafter occur. When the clerk fails to serve a party's attorney with a court order as required by the afore-mentioned rules, the attorney's ability to serve his or her client's interests are drastically

impaired, as the attorney may be unaware that the order has been rendered, and equally as important, that the relevant time frames to seek rehearing (where such is authorized) or perfect an appeal, have in fact commenced to run.

In the instant case, that error was compounded by the fact that the last page of each of the underlying orders containing the certificate of service were far from a model of clarity, as they misleadingly and inaccurately indicated that a copy of the order had in fact been furnished to the Petitioner's counsel, despite the fact that the certificate of service executed by the deputy clerk of the lower court clearly certified that service was effected solely on the Petitioner. While those familiar with legal proceedings and the myriad of court rules applicable thereto may have recognized the dichotomy, it is not difficult to envision that a layperson (such as the Petitioner) would not. In that case, the party would reasonably believe that their attorney had in fact been served with a copy of the order, and would take those steps necessary to protect their interests. Given the lower court clerk's failure to serve the Petitioner's undersigned counsel with a copy of the final order rendered on April 20, 2009, and the Petitioner should be afforded a belated appeal of that order.

### B. The Failure to Advise the Petitioner of the Right to Appeal & Time Limits as Required by Rule 3.850(g).

First, although the clerk certified that a copy of the final order was served on the Petitioner, that orders is deficient as it fails to advise the Petitioner of the right

to appeal and the time limits to do so, as is required by rule 3.850(g). In pertinent part, that rule provides:

> An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30-days of the rendition of the order.

*See* Fla. R.Crim.P. 3850(g). This provision was added to the rule in 1977, and stems from the Florida Supreme Court's decision in *State ex rel. Shevin v. District Court of Appeal*, 316 So. 2d 50 (Fla. 1975). in which the Court held that a rule 3.850 movant must be given notice of the right to appeal and the time limits involved. The reasoning for that requirement was simple:

> This right is rendered useless if the movant is not informed of its existence and of the time limitation governing its utilization.

*Id.* 316 So. 2d at 51; *see also Johnson v. State*, 961 So. 2d 195 (Fla. 2007)(discussing the subdivision's history).

Following the decision in *Shevin,* Florida courts have consistently granted defendants a belated appeal from orders denying relief under rule 3.850 when the circumstances merit such relief. *See e.g., Doss v. State*, 840 So.2d 375 (Fla. 1st DCA 2003); *Scalf v. Singletary*, 589 So. 2d 986 (Fla. 2d DCA. 1991); *Tate v. Singletary*, 716 So. 2d 289 (Fla. 3rd DCA 1998); *Nava v. State*, 652 So. 2d 1264 (Fla. 4th DCA1995); *Owens v. State*, 668 So. 2d 715 (Fla. 5th DCA 1996). These cases generally involve the rendition of a final order that does not advise a

defendant of the right to appeal and the time limitations of exercising that right. *See e.g., Vlacos v. State,* 730 So. 2d 864 (Fla. 1st DCA 1999). On occasion however, the granting of a belated appeal was premised on the fact that the defendant (or his counsel) did not receive a copy of the final order in a timely manner. *See e.g. Suarez v. State,* 677 So. 2d 1316 (Fla. 3rd DCA 1996) (petitioner not served with order of denial in a timely fashion); *Menefee v. State,* 710 So. 2d 227 (Fla. 2d DCA 1998) (due to inter-prison transfer, petitioner did not receive timely notice of denial order); *Parnell v. State,* 642 So. 2d 1092 (Fla. 2d DCA 1994) (rule violated when trial court used a much-criticized rubber-stamp to deny rule 3.850 motion, because the rubber-stamp failed to advise defendant of his right to appeal and applicable time-limit); and *Scalf v. Singletary,* 589 So. 2d 986 (Fla. 2d DCA. 1991) (neither defendant or his attorney served with denial order); *cf. Pomaski v. State,* no. 4D07-3017 (Fla. App. 4 Dist. 8-27-2008)(a belated appeal from order denying motion to withdraw plea, where neither defendant or counsel was served with that order). As these cases teach, either when a defendant receives a final order denying a rule 3.850 motion which fails to advise the defendant or the right to appeal as required by rule 3.850(g), or the defendant and/or his counsel do not receive notice of a trial court's rendition of such a final order in a timely manner, the defendant will be afforded a belated appeal from that order.

Second, even if the Petitioner had recognized that his attorney had not been

served with the lower court's final order of April 20, 2009, and thus sensed the need to file a notice of appeal to protect his appellate rights, it is questionable as to whether he could have viably filed the notice *pro se*. Under the prevailing decisional law, a party represented by counsel cannot file his or her own pleadings, and any such pleadings are deemed a nullity. That rule emanates from a series of decisions holding that a defendant has no absolute to appear in person and through counsel simultaneously, absent prior leave of court:

> When the accused is represented by counsel, affording him *the privilege of addressing the court or the jury in person* is a matter for the sound discretion of the court.

*State v. Tait*, 387 So. 2d 338, 340 (Fla. 1980); *Salser v. State*, 582 So.2d 12 (Fla. 5th DCA 1991), *rev. dismissed*, 613 So. 2d 471 (Fla. 1993). As this Court has stated:

> Staton claims that because the trial court did not hold a hearing within five days of his motion for discharge, filed November 9, 1989, as required by the 1989 version of rule 3.191(i)(4), he was entitled to discharge. The motion was prepared *pro se* at a time when Staton was represented by an attorney, and the trial court summarily denied the motion on November 17, 1989. This court has frequently held that a *pro se* motion for discharge filed when the defendant was represented by counsel is a nullity, having no legal force or effect.

*Thompson v. State*, 615 So. 2d 737, 741 (Fla. 1st DCA 1993)(citing *Beverly v. State*, 516 So. 2d 30, 31 (Fla. 1st DCA 1987)). However, an exception to this rule exists in those cases where it is obvious that defense counsel has neglected the duty to file a notice or motion required to invoke or protect a defendant's rights, where

doing so does not disrupt the proceedings, or duplicate the attorney's efforts. *See e.g., State v. Smiley,* 529 So. 2d 349 (Fla. 1st DCA 1988)(upholding defendant's pro se motion for discharge based on violation of speedy trial provisions of Interstate Agreement on Detainers); *see also Salser v. State,* 613 So. 2d 471 (Fla. 1993) (Kogan, J., dissenting opinion). Thus, even if the Petitioner had recognized the need to file a notice of appeal, he may very well have been precluded from filing such *pro se,* as such would likely be considered a nullity with no legal affect.

## CONCLUSION

WHEREFORE, based on the lower court clerk's failure to serve the Petitioner's undersigned counsel with the April 20, 2009 final order summarily denying Petitioner's underlying rule 3.850 as required by rule 3.030(b), and the trial court's failure to advise the Petitioner in that order of his right to appeal and the time-limits for doing so, as required by rule 3.850, the Petitioner respectfully submits that he is entitled to a belated appeal of that order. Alternatively, the Petitioner prays that this Honorable Court will grant such further or other relief to which he is entitled.

## VERIFICATION

STATE OF FLORIDA      )
                       )ss.
COUNTY OF LEON     )

Before me, the undersigned authority, this day personally appeared BERNARD F. DALEY, JR, who being first duly sworn, deposes and says that he is the attorney of record for the Petitioner in the above-styled cause in the lower court, that he has read the foregoing petition for belated appeal and has personal knowledge of the facts and matters set forth and alleged therein, and that each and all of these facts and matters are true and correct.

BERNARD F. DALEY, JR.
Florida Bar No. 263141
The Daley Law Office, P.A.
901 North Gadsden Street
Tallahassee, Florida 32303
Telephone: (850) 224-5823
Fax: (850) 222-4045
*Attorney for the Petitioner*

SWORN AND SUBSCRIBED TO before me on this 30 day of July, 2009.


_____
NOTARY PUBLIC, State of Florida
Name (printed):_____
My commission expires: _____

____Personally known to me

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Petition for Belated Appeal* was served by United States mail on the Office of the Attorney General, PL 01, The Capitol, Tallahassee, Florida, 32301-1100, and to the Office of the State Attorney, 330 East Bay Street, Jacksonville, Florida, 32202, this 30 day of July, 2009.

BERNARD F. DALEY, JR.
*Attorney for the Defendant*

TAKOYA CRINER,

      Appellant,

vs.                          **CASE No.: 1D09-_____**
                                     **L.T. No.: 02-8631 CFA02**

**STATE OF FLORIDA,**

      Appellee,

_____/

# APPENDIX TO
## PETITION SEEKING BELATED APPEAL

### INDEX

| EXHIBIT | DESCRIPTION | DATE FILED |
|---|---|---|

Exhibits from the lower court proceeding in
*State of Florida v. Takoya Criner*, No. 02-8631 CFA02 (Fla. 4th Cir. Ct.)

| | | |
|---|---|---|
| A | Order Denying Defendant's Motion To Request To Stay Or Enlarge The Two Year Time Period For Filing His Motion For Post-Conviction Relief. | April 7, 2009 |
| B | Order Denying Defendant's Motion To Vacate Judgment and Sentence | April 20, 2009 |

**Submitted By:**

**BERNARD F. DALEY, JR.**
**Florida Bar No. 263141**
**The Daley Law Office, P.A.**
**901 North Gadsden Street**
**Tallahassee, Florida 32303**
**Telephone: (850) 224-5823**
**Fax: (850) 222-4045**
*Attorney for the Petitioner*

# EXHIBIT A

Order Denying Defendant's Motion To Request To Stay
Or Enlarge the Two Year Time Period for Filing is Motion
for Post-Conviction Relief, rendered on April 7, 2009

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2002-CF-6549-AXXX-MA

DIVISION: CR-D

STATE OF FLORIDA,
    Petitioner,

v.

TAKOYA CRINER,
    Defendant.
_____/

F I L E D

APR 07 2009

*signature*

## ORDER DENYING DEFENDANT'S MOTION TO REQUEST TO STAY OR ENLARGE THE TWO YEAR TIME PERIOD FOR FILING HIS MOTION FOR POST-CONVICTION RELIEF

This matter came before this Court on the Defendant's "Notice of Pending Motion to Recall Mandate in the First District Court of Appeal and Request to Stay or Enlarge the Two Year Time Period for Filing his Motion for Post Conviction Relief" filed through counsel, Bernard Dailey, on December 26, 2008.

On June 16, 2005, following a jury trial, the Defendant was convicted of two (2) counts of First Degree Murder (Counts One and Two) and one (1) count of Attempted First Degree Murder (Count Three) and was sentenced to concurrent terms of Life as to Count One and terms of Natural Life as to Counts Two and Three, with a twenty-five (25) year minimum mandatory as to all counts for use of a firearm. (Exhibit "A.") The Defendant's convictions and sentences were affirmed on appeal by a Mandate issued on December 27, 2006. Criner v. State, 943 So. 2d 224 (Fla. 1st DCA 2006).

In the Defendant's instant Motion he requests this Court to grant him an extension of time

to file his second Motion for Post Conviction Relief, while his Motion to Recall Mandate is pending in the First District Court of Appeal. The Defendant avers that his original Motion for Post Conviction Relief filed on November 8, 2007, was filed without his approval by his former counsel. Although the Motion was denied by this Court and affirmed on appeal, the Defendant argues that this Court should grant an extension of the two year time limit, while the Defendant is seeking to have the original Motion for Post Conviction Relief and Order deemed a nullity by the First District Court of Appeal.

Initially, this Court notes that the Defendant's Motion to Recall Mandate has been reviewed by the First District Court of Appeal, and was denied on January 6, 2009. (Exhibit "B.") Thus, as the First District Court of Appeal has declined to find that the Defendant's original Motion for Post Conviction Relief and the Order denying that Motion should be deemed nullities, a subsequent Motion for Post Conviction Relief would be successive. Foster v. State, 614 So.2d 455 (Fla. 1992); Ziegler v. State, 632 So.2d 48 (Fla. 1993); Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994).

Based on the above, it is:

**ORDERED AND ADJUDGED** that the Defendant's Motion to Request to Stay or Enlarge the Two Year Time Period for Filing his Motion for Post-Conviction Relief is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Duval County, Florida, this 6 day of _____, 2009.

MALLORY D. COOPER
CIRCUIT COURT JUDGE

2

Copies to:

Office of the State Attorney
Division CR-D

Bernard P. Daley, Jr.
The Daley Law Office, P.A.
901 North Gadsden Street
Tallahassee, Florida 32303

Takoya Criner
D.O.C. # J28952
Gulf Correctional Institution
500 Ike Steele Road
Wewahitchka, Florida 32465

### CERTIFICATE OF SERVICE

I do certify that a copy hereof has been furnished to the Defendant by United States Mail

this _____ day of _____, 2009.



_____
Deputy Clerk


Case No.: 16-2002-CF-6549-AXXX-MA
Attachments: Exhibit A-B

/ag

3

# EXHIBIT B

Order Denying Defendant's
Motion to Vacate Judgment and Sentence, rendered on April 20, 2009

STATE OF FLORIDA,
    Petitioner,

v.

TAKOYA CRINER,
    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

This matter came before this Court on Defendant's Motion for Post Conviction Relief filed through counsel, Bernard Dailey, on December 26, 2008.

On June 16, 2005, following a jury trial, Defendant was convicted of two (2) counts of First Degree Murder (Counts One and Two) and one (1) count of Attempted First Degree Murder (Count Three) and was sentenced to concurrent terms of Life as to Count One and terms of Natural Life as to Counts Two and Three, with a twenty-five (25) year minimum mandatory as to all counts for use of a firearm. (Exhibit "A.") Defendant's convictions and sentences were affirmed on appeal through a Mandate issued on December 27, 2006. Criner v. State, 943 So. 2d 224 (Fla. 1st DCA 2006).

Initially, this Court notes that the instant Motion is untimely, in that it was filed more than two years after Defendant's convictions became final. Criner, 943 So. 2d 224. Huff v. State, 569 So. 2d 1247 (Fla. 1990); Delap v. State, 513 So. 2d 1050 (Fla. 1987); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988). Further, Defendant has previously filed a Florida Rule of Criminal Procedure 3.850 Motion for Post Conviction Relief on November 8, 2007, which was denied on its merits and

affirmed on appeal through a Mandate issued on August 14, 2008. (Exhibits "B," "C.") Thus, the instant Motion is likewise successive. <u>Foster v. State</u>, 614 So.2d 455 (Fla. 1992); <u>Ziegler v. State</u>, 632 So.2d 48 (Fla. 1993); <u>Ragan v. State</u>, 643 So.2d 1175 (Fla. 3d DCA 1994).

Although Defendant attempted to circumvent these procedural bars by arguing in the First District Court of Appeal that his prior Motion for Post Conviction Relief should be deemed a nullity, the Court declined to make such a finding and affirmed the trial court denial of Defendant's original Motion for Post Conviction Relief. (Exhibit "D.") Since the instant claims could and should have been raised in his prior Motion for Post Conviction Relief, the instant Motion is procedurally barred and constitutes an abuse of process.

Based on the above, it is:

**ORDERED AND ADJUDGED** that Defendant's Motion for Post Conviction Relief is **DENIED**. Defendant shall have thirty (30) days from the date that this Order is filed to take an appeal, by filing Notice of Appeal with the Clerk of the Court.

**DONE AND ORDERED** in Chambers in Jacksonville, Duval County, Florida, this 20 day of _April_, 2009.

**MALLORY D. COOPER**
**Circuit Judge**

2

Copies to:

Office of the State Attorney
Division CR-D

Bernard F. Daley, Jr.
The Daley Law Office, P.A.
901 North Gadsden Street
Tallahassee, Florida 32303

Takoya Criner
D.O.C. # J28952
Gulf Correctional Institution
500 Ike Steele Road
Wewahitchka, Florida 32465

## CERTIFICATE OF SERVICE

I do certify that a copy hereof has been furnished to the Defendant by United States Mail this ____ day of _____, 2009.

Deputy Clerk

Case No.: 16-2002-CF-6549-AXXX-MA
Attachments: Exhibits A-D

/ag

## OATH OF PETITIONER


FOR MAILING
JUL 1 6 2009
PROVIDED TO GULF CI
MAIL ROOM
INMATES INITIALS /D.C.

UNDER PENALTIES OF PERJURY, I declare that I am the Petitioner in the above-styled cause,

that I have read the foregoing petition and have personal knowledge of the certain facts and matters

therein set forth and alleged, and that each and all of these and matters are true and correct.


_____

TAKOYA CRINER

*Petitioner*

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT OF FLORIDA

TOKAYA CRINER,

        Petitioner,

v.

STATE OF FLORIDA,

        Respondent.

CASE NO.  1D09-3786

FILED DEC 18 09 AM 11:37 Jim Fuller

### RESPONSE TO ORDER TO SHOW CAUSE
### WHY BELATED APPEAL SHOULD NOT BE GRANTED

The respondent, the State of Florida ("State"), responds to this Court's order to show cause, and states the following:

> This petition seeks belated appeal of the April 20, 2009, order denying defendant's motion for post-conviction relief. In response to the show cause order issued by this court, the state asserts that petitioner is entitled to belated appeal of the April 7, 2009, order denying defendant's motion to request stay or enlarge the two-year time period for filing his motion for post-conviction relief.
>
> No later than November 6, 2009, respondent shall show cause why petitioner is not entitled to belated appeal of the April 20, 2009, order denying defendant's motion for post-conviction relief. Petitioner may file a reply within 20 days thereafter.

2. Petitioner filed a petition for belated appeal in this Court seeking to appeal the denial of his Motion for Post-Conviction Relief December 26, 2008.  In his petition, amongst other things, petitioner alleges that the Order Denying Defendant's Motion to Request To Stay Or Enlarge The Two Year Time Period For Filing

His Motion For Post-Conviction Relief. (Petition at 18).[1]
Petitioner was sentenced on June 16, 2005. (Petition at 3).

2. On October 26, 2009, this Court issued an order for the State
to show cause why a belated appeal should not be granted.

3. Petitioner is not entitled to a belated appeal on the Order
Denying Defendant's Motion for Post Conviction Relief because
there Petitioner's contention is facially incorrect. Petitioner's
undersigned counsel's information appears on both orders. [See
Exhibit A and B].

4. If this Court finds that the Petitioner's counsel's
contention in his Petition for Belated Appeal is not sufficient
to refute petitioner's claim, an evidentiary hearing should be
held to determine the truthfulness of petitioner's allegations.
An evidentiary hearing is necessary for three reasons. First, an
evidentiary hearing is necessary to determine whether or not the
facts of this case necessitate a belated appeal. Secondly, it
is critical that trial counsel be given an opportunity to respond
to petitioner's allegations at an evidentiary hearing because
petitioner's allegations subject counsel to the possibility of
disciplinary proceedings before the Florida Bar. <u>See</u>, <u>State v.</u>

---

[1] In respondent's initial response to this Court's August 5, 2009, order, the respondent
made a mistakenly thought that the Order Denying Defendant's Motion To Request to Stay or
Enlarge The Two Year Time Period for Filing His Motion For Post-Conviction Relief was a final
order. The respondent was incorrect and abandons it's Response to Order to Show Cause Why
Belated Appeal Should Not Be Granted filed August 24, 2009.

Meyer, 430 So.2d 440, 443 (Fla. 1983("All attorneys . . . are under the professional duty not to neglect any legal matters entrusted to them . . . Lack of knowledge of or compliance with prescribed rules of practice and procedure is a dereliction of professional responsibility not easily excused, which may subject the negligent attorney to . . . disciplinary proceedings before the Florida Bar."). See also, Thames v. State, 549 So.2d 1198, 1200 (Fla. 1st DCA 1989)("[An attorney's] failure to timely file a notice of appeal when requested by his client is a breach of Rule 9.140(b)(3) and justifies the imposition of sanctions.); Florida Bar v. Dingle, 220 So. 2d 9 (Fla. 1969)(reprimanding attorney who failed to file notice of appeal after informing client of intention to do so). Third, should petitioner's claim of professional neglect by his counsel prove to be unfounded, an evidentiary hearing can produce evidence relevant to perjury by petitioner in swearing to the claim. Perjury in an official proceeding is a third degree felony. § 837.02, Fla. Stat. (1999).

WHEREFORE, the State respectfully requests this Honorable Court to deny petitioner's petition for a belated appeal. If this Court does not deny the petition for belated appeal, the State asks this Court to appoint a special master to hold an evidentiary hearing.

Respectfully submitted,

BILL McCOLLUM
ATTORNEY GENERAL

_Heather Flanagan Ross_

HEATHER FLANAGAN ROSS
Assistant Attorney General
Florida Bar. No. 036428

OFFICE OF THE ATTORNEY GENERAL
The Capitol
Tallahassee, Fl 32399-1050
(850) 414-3300
COUNSEL FOR APPELLEE
[AGO #L09-1-21604]


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the

foregoing Motion has been furnished by U.S. Mail to Bernard F.

Daley, Jr., Esq., The Daley Law Office, P.A., 901 North Gadsden

Street, Tallahassee, Florida 32303, this 6 day of November, 2009.

_Heather Flanagan Ross_

Heather Flanagan Ross
Attorney for the State of Florida